IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> RANIR, LLC and <br> CVS PHARMACY, INC. <br><br> Defendant. <br><br> MEDTECH PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> DENTEK ORAL CARE, INC., <br><br> Defendant. <br><br> MEDTECH PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER PRODUCTS, INC. <br> d/b/a SPLINTEK, <br><br> Defendant. | Civil Action No. 07 CV 03302-UA-LMS <br><br> PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS AMENDED COMPLAINT AGAINST DENTEK ORAL CARE, INC. <br><br> ECF FILED |

The Plaintiff, Medtech Products Inc. ("Medtech"), by counsel, pursuant to Rules 15(a) and 21 of the *Federal Rules of Civil Procedure*, hereby submits this Memorandum of Law in Support of its Motion for Leave to File its Amended Complaint against Defendant DenTek Oral

1

Care, Inc. ("DenTek") to add certain allegations relating to DenTek's current advertising, as well as add a new Defendant, Ms. Kelly Kaplan ("Ms. Kaplan"). A copy of the proposed Amended Complaint is attached as Exhibit 1 to Plaintiff's Motion for Leave to File its Amended Complaint ("Mot. to Amend").

## ARGUMENT

### A. STANDARD OF LAW.

The standards applicable to Medtech's Motion to Amend are liberal and permissive. Rule 15(a) of the *Federal Rules of Civil Procedure* provides, in pertinent part, that a party may amend his pleading "by leave of court or by written consent of the adverse party; and **leave shall be freely given when justice so requires**." FED. R. CIV. P. 15(a) (emphasis added). Rule 21 of the *Federal Rules of Civil Procedure* allows that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. 21. In this situation, "the same basic standard for adding or dropping a party will apply whether [Medtech, as the pleader,] moves under Rule 15(a) or Rule 21." Wright, Miller & Marcus, *Federal Practice and Procedure*, v. 6, § 1471 (West 1990, updated); *Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y. 1966) (affirming that the standards utilized by a Court for Rule 15(a) motions are to guide a Court in adjudicating Rule 21 motions.)

The United States Supreme Court has confirmed that the mandate of Rule 15(a)—that leave to amend "shall be freely given when justice so requires"—is to be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Foman*, the Supreme Court explained that in the absence of an explicit reason not to, leave to amend should be given. *Id.* These reasons include such factors as undue delay in filing the amendment, bad faith or dilatory motive, undue prejudice to the opposing party, and futility of amendment. *Id*.

Rule 15(a)'s liberal amendment standard is well-established, with the Advisory Committee Notes stating that "[p]rovision for amendment of pleading before trial, by leave of court, is in almost every code. If there is no statute the power of the court to grant leave is said to be inherent." Advisory Committee Notes, 1937 Adoption of Rule 15 (citing Clark, *Code Pleading* (1928), pp. 498, 509). *See also* Wright, Miller & Marcus, *Federal Practice and Procedure*, v. 6, § 1471 (West 1990, updated). *Federal Practice and Procedure* notes that "Rule 15 reflects two of the most important policies of the federal rules:"

> First, the rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. **This is demonstrated by the emphasis Rule 15 places on the permissive approach that the district courts are to take to amendment requests, no matter what their character may be . . .** Second, Rule 15 reflects the fact the federal rules assign the pleadings the limited role of providing the parties with notice of the nature of the pleader's claim or defense and the transaction, event, or occurrence that has been called into question . . . .

*Id.* (emphasis added). *See also Siegel v. Converters Trans., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983) (citing *Federal Practice and Procedure* and the liberal pleading standards of Rule 15(a)).

### B. THE AMENDMENT SHOULD BE PERMITTED

In the instant case, the *Foman* factors and fundamental fairness support a granting of this Motion for Leave.

The Proposed Amended Complaint makes two substantive changes to the Complaint. First, Ms. Kaplan is added as a defendant. (Mot. to Amend at Ex. 1, ¶¶ 7, 13, 15, 16, 23-27, 44-46, 59, 102-119, and Prayer for Relief, ¶¶ 6-8, 10, 12, 13, and 15.) Ms. Kaplan was a former Vice President of Marketing of Dental Concepts LLC, Medtech's predecessor-in-interest. (*Id.* ¶¶ 7, 23.) As an executive, Ms. Kaplan would have had substantial access to confidential and proprietary information and material relating to the product at issue in this case: THE

DOCTOR'S® NIGHTGUARD™ dental protector. (*Id*.) Any such confidential and proprietary information and material is subject to an agreement with Ms. Kaplan to maintain its confidentiality. (*Id*. ¶ 24-27.) Medtech asserts three causes of action claiming that Ms. Kaplan provided confidential and proprietary information to DenTek: Count VII, Breach of Contract Against Ms. Kaplan; Count VIII, Tortious Interference with Contractual Relations Against DenTek; and Count IX, Civil Conspiracy Against DenTek and Ms. Kaplan.

Second, the Proposed Amended Complaint adds certain recently discovered information relating to DenTek's advertising campaign. (Mot. to Amend at Ex. 1, ¶¶ 49-52.) This new campaign information shows the manner in which Medtech's NIGHTGUARD™ mark is being used by DenTek to promote its competing dental protector product.

Medtech is acting in good faith in making this Motion to Amend and putting the issue of Ms. Kaplan's agreement and actions squarely before this Court. The Motion to Amend will not prejudice Ms. Kaplan because this case has just started. Moreover, it will not prejudice DenTek because DenTek's conduct in bringing its infringing dental protector to the market, and attempts to trade on Medtech's goodwill, are already at issue in this case—both through Medtech's Complaint, as well as DenTek's various Counterclaims. *See* Answer and Counterclaim of DenTek Oral Care, Inc. (Docket No. 15) at pp. 14-18.

There is no undue delay as Medtech has filed its Motion to Amend within a week of the filing of the Answer, before any discovery has been served by Medtech, and within the time period provided in the parties' Discovery Plan. In particular, the request is made within the time period allowed for joinder and amendment in the Civil Case Discovery Plan and Scheduling Order (Docket No. 17), which provides that joinder of additional parties must be accomplished by June 15, 2007, and amended pleadings may be filed until June 15, 2007.

Moreover, Medtech has given timely notice of its intentions to put this issue before the Court, both to Ms. Kaplan, the party to be added, and DenTek. On May 25, 2007, shortly after learning that Ms. Kaplan was associated with DenTek, Medtech sent a letter to DenTek's counsel, and hand delivered a copy of that letter to Ms. Kaplan. (A copy of the letter to DenTek and Ms. Kaplan is attached hereto as **Exhibit A**.) This letter advised both DenTek and Ms. Kaplan of the claim that "any use of Dental Concepts confidential information and material would constitute a material violation by Ms. Kaplan of the [agreement], and would constitute unfair competition by DenTek." (*Id*. at p. 3.)

At the conference of the parties on May 31, 2007, Medtech informed DenTek of the three claims that would be asserted against Ms. Kaplan. On June 1, 2007, Medtech specifically requested via e-mail to counsel that DenTek consent to an amendment of the Complaint (a copy of the request is attached as **Exhibit B**.) DenTek refused to consent, citing jurisdiction and the current schedule. *See id.* DenTek's reasons are insufficient to deny the amendment under *Foman* and the liberal standards of Rules 15(a) and 21.

## CONCLUSION

Under the liberal standards of Rules 15(a) and 21 of the *Federal Rules of Civil Procedure*, Medtech respectfully requests that this Court grant it leave to file its Proposed Amended Complaint and add Ms. Kaplan as a defendant in this action.

Dated: June 6, 2007

    Respectfully submitted,

    ALSTON & BIRD LLP

    By:   s/ Karl Geercken
    Karl Geercken (KG 5897)
    Amy Manning (AM 0338)
    90 Park Avenue
    New York, New York 10016-1387

5

(212) 210-9471 (phone)
(212) 210-9444 (facsimile)
karl.geercken@alston.com
amy.manning@alston.com

W. Edward Ramage, TN BPR No. 16261
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.1800
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee  37201
(615) 726-5600
eramage@bakerdonelson.com
Admitted *Pro Hac Vice*

Of Counsel:

Todd R. David , GA BPR No. 206526
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com

Carl M. Davis II, GA Bar Number 207710
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.1800
Six Concourse Parkway
Suite 3100
Atlanta, Georgia  30328
(678) 406-8700
cdavis@bakerdonelson.com

Micheline Kelly Johnson, TN BPR No. 13847
Clinton P. Sanko, TN BPR No. 23354
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee  37450-1800
(423) 756-2010
mjohnson@bakerdonelson.com
csanko@bakerdonelson.com

Attorneys for Plaintiff
Medtech Products Inc.