UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RANIER, LLC, et al., <br><br> Defendants. | Consolidated Civil Action <br> No.: 07 CV 03302-UA-LMS <br><br> **ANSWER AND COUNTERCLAIM OF POWER PRODUCTS, INC.** <br><br> **DEMAND FOR JURY TRIAL** <br><br> ECF Filed |
| MEDTECH PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DENTEK ORAL CARE, INC., <br><br> Defendant. | |
| MEDTECH PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER PRODUCTS, INC., <br><br> Defendant. | |

Defendant Power Products, Inc. d/b/a Splintek ("Splintek"), by and through its undersigned attorneys, submits the following Answer to the Complaint for Injunctive Relief and Money Damages (the "Complaint") of Plaintiff Medtech Products, Inc., hereinafter ("Medtech"):

## INTRODUCTION

1. Paragraph 1 summarizes Plaintiff's asserted causes of action but makes no allegation of fact to which a response by Defendant is required.

2. Defendant denies that NIGHTGUARD$^{TM}$ has trademark significance. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and therefore denies them.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies them.

4. Defendant admits only that it is marketing and selling its night guard products in the over-the-counter ("OTC") market but denies all remaining allegations of Paragraph 4 of the Complaint.

5. Defendant admits only that it has not received formal authorization from the Food and Drug Administration ("FDA") to market and sell its night guard products in the over-the-counter market and that it received such formal authorization from the FDA to sell its night guard products by prescription in Exhibit A to the Complaint but denies all remaining allegations of Paragraph 5 of the Complaint.

6. Defendant admits only that it is now offering its night guard products for sale in the over-the-counter market and that Exhibit B to the Complaint is a copy of the letter Defendant received from the FDA (which letter speaks for itself) but Defendant denies all remaining allegations of Paragraph 6 of the Complaint.

7. Defendant admits only that it sells certain of its night guard products at retail prices between $39 and $99 but denies all remaining allegations of Paragraph 7 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of certain of the remaining allegations of Paragraph 7 and therefore denies them and Defendant otherwise expressly denies all remaining allegations of Paragraph 7 of the Complaint.

8. Defendant denies all the allegations of Paragraph 8 of the Complaint.

## PARTIES, JURISDICTION & VENUE

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies them.

10. Defendant admits that Power Products, Inc. is a corporation organized as alleged with its principal place of business at the address alleged.

11. Paragraph 11 summarizes the laws under which Plaintiff brings its asserted causes of action but makes no allegation of fact to which a response by Defendant is required.

12. Paragraph 12 states only legal conclusions to which no response by Defendant is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies them.

13. Paragraph 13 states only a legal conclusion to which no response by Defendant is required. To the extent a response is required, Defendant does not contest this Court's exercise of personal jurisdiction over it under extant law.

14. Paragraph 14 states only legal conclusions to which no response by Defendant is required. To the extent a response is required, Defendant does not contest this Court as the venue of this action under extant law but reserves its right to seek transfer to a more convenient federal venue by appropriate motion.

## FACTS COMMON TO ALL COUNTS

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies them.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies them. Defendant

expressly denies that the packaging attached as Exhibit C to the Complaint is sufficiently distinct or otherwise meets the criteria for trade dress protection.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies them.

21. Defendant denies the allegations in the first sentence of Paragraph 21 of the Complaint. Defendant also denies the allegation in Paragraph 21 that Plaintiff is entitled to any legal protection for its purported Trade Dress. With regard to all the remaining allegations of Paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to their truth and therefore denies them.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies them.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies them.

24. Defendant denies the allegations in Paragraph 24 of the Complaint that NIGHTGUARD$^{TM}$ has trademark significance and that Plaintiff is entitled to any legal protection for its purported Trade Dress. With regard to the remaining allegations of Paragraph 24, Defendant is without knowledge or information sufficient to form a belief as to their truth and therefore denies them.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies them.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies them.

27. Defendant admits only that Plaintiff filed a federal trademark application (Ser. No. 77/056,556) for its purported NIGHTGUARD™ mark but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and therefore denies them.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies them.

29. Defendant admits only that it markets, distributes, and sells its own night guard products throughout the country and in the New York area, including through retailers listed on its web site, but denies all remaining allegations of Paragraph 29 of the Complaint.

30. Defendant admits only that Exhibit E to the Complaint is a copy of a specimen of Defendant's packaging for its night guard products (which packaging speaks for itself) but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Complaint and therefore denies them.

31. Defendant admits only that it markets, distributes, and sells its own night guard products throughout the country and in the New York area and that its night guard products are available for purchase on its web site but Defendant is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations of Paragraph 31 of the Complaint and therefore denies them.

32. Defendant admits only that its night guard product is an adjustable, pre-formed oral appliance that includes two bite pads and is not a full occlusion mouthpiece but Defendant denies all remaining allegations of Paragraph 32 of the Complaint.

33. Defendant denies all the allegations of Paragraph 33 of the Complaint.

34. Defendant admits only that it received a Section 510(k) premarket authorization from the FDA for prescription sale of its night guard products but states that this authorization, the FDA marketing clearance (K022809) and 21 C.F.R. 801.109 all speak for themselves and to the extent Defendant is required to respond to Plaintiff's characterizations of them, Defendant denies the remaining allegations of Paragraph 34 of the Complaint to the extent those allegations are inconsistent with the actual text of the referenced documents.

35. Defendant admits only that the "Care and Fitting Instructions" attached as Exhibit F to the Complaint have been used by Defendant but states that this document speaks for itself and to the extent Defendant is required to respond to Plaintiff's characterizations of it, Defendant denies the remaining allegations of Paragraph 35 of the Complaint to the extent those allegations are inconsistent with the actual text of the referenced document, including without limitation by use of emphasis not present in the referenced document.

36. Defendant denies all the allegations of Paragraph 36 of the Complaint.

37. Defendant admits only that its night guard product is being marketed over-the-counter without formal FDA approval (just as Plaintiff admits it marketed its product OTC for a number of years at Paragraphs 21 and 22 of the Complaint) but denies all the remaining allegations of Paragraph 37 of the Complaint.

38. The allegations of Paragraph 38 state only Plaintiff's legal conclusions regarding the import of certain findings and recommendations of the U.S.F.D.A. Dental Advisory Panel and

Plaintiff's characterizations of those findings and recommendations (which speak for themselves) to which no response by Defendant is required. To the extent a response is required, Defendant denies all the allegations of Paragraph 38 of the Complaint.

39.    Defendant admits only that it received a letter dated January 16, 2007 from the FDA and a copy of that letter is attached as Exhibit B to the Complaint but states that this letter speaks for itself and to the extent Defendant is required to respond to Plaintiff's characterizations of that letter, Defendant denies those allegations of Paragraph 39 of the Complaint that characterize that letter to the extent those allegations are inconsistent with the actual text of the referenced documents and Defendant further denies all other allegations of Paragraph 39 including without limitation the allegation that Defendant engaged in any "illegal conduct."

40.    Defendant admits only that it offers for sale, through retailers and over the Internet, its night guard products for OTC use but denies all remaining allegations of Paragraph 40 of the Complaint. Further answering, Defendant states that it has changed its "Cautions" language and is otherwise working in good faith to comply with FDA requirements.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore denies them.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies them.

43.    The first sentence and the last clause of the second sentence (which begins with the words "that is actual notice") of Paragraph 43 of the Complaint assert only Plaintiff's legal conclusions but make no allegation of fact to which a response by Defendant is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 43 of the Complaint and therefore denies them.

44. Defendant admits only that its night guard products are currently advertised on the Internet and admits that Exhibit I to the Complaint appears to be a printout of warnings that were posted on Defendant's web site for a brief period of time but denies all the remaining allegations of Paragraph 44 of the Complaint.

45. Defendant denies all the allegations of Paragraph 45 of the Complaint.

46. Defendant denies all the allegations of Paragraph 46 of the Complaint.

47. Defendant denies all the allegations of Paragraph 47 of the Complaint.

48. Defendant denies all the allegations of Paragraph 48 of the Complaint.

49. Defendant denies all the allegations in the last sentence of Paragraph 49 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 49 of the Complaint and therefore denies them.

50. Defendant denies all the allegations of Paragraph 50 of the Complaint.

## COUNT I
## LANHAM ACT – UNFAIR COMPETITION/USE OF FALSE DESIGNATION IN INTERSTATE COMMERCE

51. Defendant incorporates its previous responses to Paragraphs 1-50 of Plaintiff's Complaint as if expressly stated herein.

52. Defendant admits only that it has sold its night guard products using the generic designation "night guard" but denies all the remaining allegations of Paragraph 52 of the Complaint.

53. Defendant denies all the allegations of Paragraph 53 of the Complaint.

54. Defendant denies all the allegations of Paragraph 54 of the Complaint.

55. Defendant denies all the allegations of Paragraph 55 of the Complaint.

56. Defendant denies all the allegations of Paragraph 56 of the Complaint.

57. Defendant denies all the allegations of Paragraph 57 of the Complaint.

58. Defendant denies all the allegations of Paragraph 58 of the Complaint.

## COUNT II
## COPYRIGHT INFRINGEMENT

59. Defendant incorporates its previous responses to Paragraphs 1-58 of Plaintiff's Complaint as if expressly stated herein.

60. Defendant denies all the allegations of Paragraph 60 of the Complaint.

61. Defendant denies all the allegations of Paragraph 61 of the Complaint.

62. Defendant denies all the allegations of Paragraph 62 of the Complaint.

63. Defendant denies all the allegations of Paragraph 63 of the Complaint.

64. Defendant denies all the allegations of Paragraph 64 of the Complaint.

## COUNT III
## COMMON LAW – UNFAIR COMPETITION

65. Defendant incorporates its previous responses to Paragraphs 1-64 of Plaintiff's Complaint as if expressly stated herein.

66. Defendant denies all the allegations of Paragraph 66 of the Complaint.

67. Defendant denies all the allegations of Paragraph 67 of the Complaint.

68. Defendant denies all the allegations of Paragraph 68 of the Complaint.

69. Defendant denies all the allegations of Paragraph 69 of the Complaint.

70. Defendant denies all the allegations of Paragraph 70 of the Complaint.

71. Defendant denies all the allegations of Paragraph 71 of the Complaint.

## COUNT IV
## COMMON LAW – UNJUST ENRICHMENT

72. Defendant incorporates its previous responses to Paragraphs 1-71 of Plaintiff's Complaint as if expressly stated herein.

73. Defendant denies all the allegations of Paragraph 73 of the Complaint.

74. Defendant denies all the allegations of Paragraph 74 of the Complaint.

75. Defendant denies all the allegations of Paragraph 75 of the Complaint.

Case 7:07-cv-03302-KMK-LMS   Document 27   Filed 06/08/2007   Page 10 of 17

## COUNT V
## VIOLATION OF SECTION 349(h) NEW YORK ACT
## FOR CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES

76. Defendant incorporates its previous responses to Paragraphs 1-75 of Plaintiff's Complaint as if expressly stated herein.

77. Defendant denies all the allegations of Paragraph 77 of the Complaint.

78. Defendant denies all the allegations of Paragraph 78 of the Complaint.

79. Defendant denies all the allegations of Paragraph 79 of the Complaint.

80. Defendant denies all the allegations of Paragraph 80 of the Complaint.

81. Defendant denies all the allegations of Paragraph 81 of the Complaint.

82. Defendant denies all the allegations of Paragraph 82 of the Complaint.

83. Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, including Paragraphs 1 through 12 thereof.

84. Defendant denies each and every allegation set forth in the Complaint that it has not expressly and specifically admitted in its Answer above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has no trademark right, common law or otherwise, in the term "night guard."

### Third Affirmative Defense

NIGHTGUARD is a generic term that is incapable of possessing or acquiring through use any trademark significance.

WA 903903.2

**Fourth Affirmative Defense**

To the extent the term "night guard" may have common law trademark significance in a particular geographic region, Defendant has a common law trademark right in the term "night guard" in many geographic regions.

**Fifth Affirmative Defense**

Plaintiff's claim to a national common law trade mark is preempted by Federal trademark law.

**Sixth Affirmative Defense**

U.S. Reg. No. TX 6-536-309 registration is invalid.

**Seventh Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the application of the doctrine of laches.

**Eighth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by application of the doctrines of equitable estoppel, waiver, and/or implied license.

**Ninth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by its failure to mitigate its damages.

**Tenth Affirmative Defense**

Plaintiff's damages in its trademark and unfair competition claims are limited by its failure to give notice of its claim to trademark rights.

**Eleventh Affirmative Defense**

Plaintiff's damages in its trademark and unfair competition claims are limited by the doctrine of unclean hands arising from Plaintiff's willful false statement in its application for federal trademark registration.

### Twelfth Affirmative Defense

Plaintiff has no copyright in the text at issue, and therefore no right to exclude Defendant from using Plaintiff's text.

### Thirteenth Affirmative Defense

Plaintiff's copyright in the text at issue does not encompass Defendant's text.

### Fourteenth Affirmative Defense

Plaintiff's damages in its copyright infringement claim are limited by 17 U.S.C. § 412.

### Fifteenth Affirmative Defense

Plaintiff is not entitled to statutory damages or attorney's fees under 17 U.S.C. §§ 504 and 505.

### Sixteenth Affirmative Defense

Defendant has not infringed Plaintiff's rights, including its trademark rights and copyright rights, and has not engaged in unfair competition or otherwise harmed Plaintiff in any manner expressly or implicitly alleged by Plaintiff in this action.

### DEFENDANT'S PRAYER

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff; dismiss the Complaint in its entirety with prejudice; award Defendant its taxable costs, including reasonable attorney's fees incurred herein; and grant it such other and further relief as the Court deems just and proper in the circumstances.

### DEFENDANT'S COUNTERCLAIM

Defendant/Counterclaim Plaintiff Power Products, Inc. d/b/a Splintek ("Splintek") brings this counterclaim against Plaintiff/Counterclaim Defendant Medtech Products Inc. ("Medtech") seeking a declaration that Medtech does not have any valid statutory or common law trademark rights in the

generic term "NIGHTGUARD" and that Splintek has not infringed any trademark rights that Medtech may possess. In the alternative, Splintek seeks damages for Medtech's infringement of Splintek's common law trademark rights and for Medtech's violation of the Lanham Act by use of false designation of origin in interstate commerce.

## PARTIES

1.  Defendant/Counterclaim Plaintiff Power Products, Inc. d/b/a Splintek ("Splintek") is a corporation organized and existing under the laws of Missouri with its principal place of business at 3325 Wyoming Street, Kansas City, Missouri 64068.

2.  On information and belief, Plaintiff/Counterclaim Defendant Medtech Products Inc. ("Medtech") is a corporation organized and existing under the laws of Delaware with its principal place of business at 90 North Broadway, Irvington, New York 10533.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202. Moreover, Medtech has consented to the Court's exercise of personal jurisdiction over it by filing its action in this Court.

4.  Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

## COUNT I

**(Non-existence and Non-Infringement of Medtech's Alleged
Federal and Common Law Trademark Rights)**

5.  Splintek hereby incorporates the allegations in paragraphs 1 through 4 of its Counterclaim as if expressly stated herein.

6.  A real and actual controvery exists between these parties in that Medtech claims to be the owner of certain trademark rights in the term "NIGHTGUARD" and has applied to register same with the United States Patent & Trademark Office ("USPTO") through the filing of US Trademark

Application Serial Number 77/056,556. The USPTO responded to Medtech's application with a rejection premised, *inter alia*, on the ground that the term is commonly descriptive of the device to which applied (a dental protector used at night) and provided examples of widespread use of nightguard in this common descriptive fashion.

7. Medtech possesses no rights in the term "nightguard" because this term is generic, commonly descriptive, incapable of acquiring trademark significance, and/or in the public domain.

8. Splintek is entitled to a declaration that Medtech does not possess any of the trademark rights to which it claims rights of ownership, that "nightguard" is generic, commonly descriptive, incapable of acquiring trademark significance, and/or in the public domain, and that Splintek has not infringed any Medtech trademark rights or trade dress rights asserted by Medtech in the Complaint.

## COUNT II

**(Medtech's Infringement of Splintek's Common Law Trademark Rights)**

9. Since at least 1998, Defendant has used the mark NIGHTGUARD in connection with its night guard products.

10. Defendant has priority of use, and the right to exclude Plaintiff and all others from using the trademark NIGHTGUARD™, in any and all areas in which Defendant was the first to use this mark in connection with sales of a night guard product.

11. On information and belief, Medtech has used the trademark NIGHTGUARD™ in connection with its sales of its night guard product "throughout the United States," including in the areas where Splintek has priority of use and the right to exclude Medtech from such use.

12. On information and belief, Medtech used the trademark NIGHTGUARD™ in a manner likely to cause confusion among relevant consumers in areas in which Defendant has priority

of use and violated 15 U.S.C. § 1125(a) in that Medtech has used in connection with goods and services a false designation of origin, a false or misleading description in order to cause mistake and to deceive as to the affiliation, connection or association of Medtech's products with Splintek, and as to the origin, sponsorship, and approval of Medtech's goods, services and commercial activities by Splintek.

13. Through such use, Medtech has thereby infringed Splintek's trademark rights and engaged in unfair competition under the Lanham Act and in violation of 15 U.S.C. § 1125(a).

14. As a result of such conduct, Splintek has been injured. Medtech's conduct has damaged Splintek in an amount to be determined at trial, including, on information and belief, lost sales, revenues and profits.

## COUNTERCLAIMANT'S PRAYER FOR RELIEF

WHEREFORE, Splintek respectfully requests that the Court enter:

A. A declaratory judgment in Splintek's favor and against Medtech declaring that the term "nightguard" is generic, commonly descriptive and otherwise incapable of acquiring or possessing any trademark significance, whether under Federal or common law; and

B. A declaratory judgment in Splintek's favor and against Medtech declaring that Splintek has not infringed any Medtech trademark rights or trade dress rights asserted by Medtech in its Complaint in this action and that the acts taken by Splintek do not constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); or, in the alternative

C. A judgment awarding Splintek its actual damages from Medtech's infringement of its trademark rights in areas where Splintek has priority of use in the mark "NIGHTGUARD" in an amount to be determined at trial and to the full extent authorized by 15 U.S.C. §§ 1117 or the

common law, or awarding Splintek statutory damages in the maximum amount permitted by law, and awarding Splintek its taxable costs and reasonable attorney's fees.

        Respectfully submitted,

        KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

        /s/_____
        Kathy Dutton Helmer (9571)
        Anthony P. La Rocco (APL 5986)
        One Newark Center
        Newark, New Jersey 07102
        Telephone:(973) 848-4000
        Facsimile: (973) 848-4001
        E-Mail: anthony.larocco@klgates.com
                kathy.helmer@klgates.com

        ATTORNEYS FOR DEFENDANT POWER PRODUCTS, INC.

OF COUNSEL:

SPENCER FANE BRITT & BROWNE LLP
Barry L. Pickens
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-Mail: bpickens@spencerfane.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this ___ of ___, 2007, I caused a copy of the foregoing document to be served by electronic filing upon the following:

        Karl Geercken (KG 5897)
        ALSTON & BIRD LLP
        90 Park Avenue
        New York, NY 10016-1387

        ATTORNEY FOR PLAINTIFF