IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                        )
**MEDTECH PRODUCTS INC.,**              )
                                        )
       **Plaintiff,**     )
                                        )
  v.                                  )
                                        )
**RANIR, LLC and**                      )    Civil Action No. 07 CV 03302-UA-LMS
**CVS PHARMACY, INC.**                  )
                                        )
       **Defendant.**     )    **PLAINTIFF MEDTECH PRODUCTS**
_____)    **INC.'S ANSWER TO**
                                        )    **DENTEK ORAL CARE, INC.'S**
**MEDTECH PRODUCTS INC.,**              )    **COUNTERCLAIM**
                                        )
       **Plaintiff,**     )
                                        )
                                        )    **ECF FILED**
  v.                                  )
                                        )
**DENTEK ORAL CARE, INC.,**             )
                                        )
       **Defendant.**     )
_____)
                                        )
**MEDTECH PRODUCTS INC.,**              )
                                        )
       **Plaintiff,**     )
                                        )
  v.                                  )
                                        )
**POWER PRODUCTS, INC.**                )
    **d/b/a SPLINTEK,**                )
                                        )
       **Defendant.**     )
_____)

       Plaintiff/Counter-Defendant Medtech Products Inc. ("Medtech") hereby submits the following Answer to Defendant/Counter-Plaintiff DenTek Oral Care, Inc.'s ("DenTek") Counterclaim:

### FIRST AFFIRMATIVE DEFENSE

DenTek's Counterclaim fails to state a claim against Medtech upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

DenTek's claims are barred in whole or in part by the equitable doctrines of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

DenTek's claim for costs and attorney's fees is barred because it lacks basis in law or contract.

### FOURTH AFFIRMATIVE DEFENSE

Medtech reserves the right to amend its answer to assert additional defenses if discovery yields additional information warranting such amendment.

### FIFTH AFFIRMATIVE DEFENSE

DenTek's claims are barred to the extent they seek injunctive relief, as DenTek has not suffered and will not suffer irreparable harm; DenTek is not likely to succeed on the merits of its claims; and the public interest would not be served by granting DenTek's request.

### SIXTH AFFIRMATIVE DEFENSE

DenTek's claims are barred by the doctrine of unclean hands.

### ANSWER

In response to the numbered paragraphs of DenTek's Counterclaim, Medtech states as follows:

### PARTIES

1. Admitted.
2. Admitted.

**JURISDICTION AND VENUE**

3. In response to the allegations in Paragraph 3 of the Counterclaim, Medtech avers that this Court has subject matter jurisdiction and personal jurisdiction over this action.

4. In response to the allegations in Paragraph 3 of the Counterclaim, Medtech avers that venue is proper in this Court.

**COUNT I**

**(Non-infringement of U.S. Patent No. 6,830,051)**

5. Medtech incorporates by reference its responses to all previous allegations of the Counterclaim.

6. In response to the allegations of Paragraph 6 of the Counterclaim, Medtech states that the Medtech NIGHTGUARD™ dental protector is covered by U.S. Patent No. 6,830,051, issued by the U.S. Patent and Trademark Office on December 14, 2004 (the "'051 Patent"). A true and correct copy of the '051 Patent was attached to Medtech's Complaint as Exhibit D (Case No. 07-cv-03304, Docket No. 1). The '051 Patent is valid and is subsisting in full force and effect, and Medtech is the current assignee of all rights under the '051 Patent. Medtech has complied with all appropriate requirements to maintain the validity and effect of the '051 Patent. Further, Medtech states that DenTek manufactures, makes, has made, uses, assembles, sells and/or offers for sale a dental protector that infringes one or more claims in the '051 Patent, literally and/or under the doctrine of equivalents and/or induces or contributes to the infringement of one or more claims in the '051 Patent by others, including but not limited to retailers and consumers who buy DenTek's product. The remaining statements in Paragraph 6 of the Counterclaim are denied.

7. It is admitted that there is an actual, substantial and continuing justiciable controversy between DenTek and Medtech regarding DenTek's infringement of the '051 Patent. The remaining allegations of Paragraph 7 are denied.

8. Denied.

9. Denied.

## COUNT II

**(Invalidity and/or Unenforceability of U.S. Patent No. 6,830,051)**

10. Medtech incorporates by reference its responses to all previous allegations of the Counterclaim.

11. Denied.

12. Denied.

## COUNT III

**(Non-existence and Non-infringement of Medtech Trademark Rights)**

13. Medtech incorporates by reference its responses to all previous allegations of the Counterclaim.

14. In response to the allegations of Paragraph 14 of the Counterclaim, Medtech states that it presently owns a pending federal trademark application for its NIGHTGUARD™ mark (NIGHTGUARD, Ser. No. 77/056,556, United States Patent and Trademark Office ("USPTO")). Medtech states that the USPTO Office Action is a document that speaks for itself and Medtech denies any statement to the extent that it is contrary to or mischaracterizes the Office Action. Further, Medtech expressly denies that the NIGHTGUARD™ mark is "commonly descriptive". The remaining statements in Paragraph 14 of the Counterclaim are denied.

15. Denied.

16. Denied.

## COUNT IV

### (Non-infringement of U.S. Copyright TX 6-536-309)

17. Medtech incorporates by reference its responses to all previous allegations of the Counterclaim.

18. In response to the allegations of Paragraph 18 of the Counterclaim, Medtech states that it owns a federal copyright registration for its packaging and "At-Home Fitting Instructions" insert, as reflected in U.S. Reg. No. TX 6-536-309, issued by the U.S. Register of Copyrights on April 23, 2007 (the "Copyright Registration"). A true and correct copy of the Copyright Registration was attached to the Amended Complaint as Exhibit E (Case No. 07-cv-03304, Docket No. 1). The Copyright Registration is valid and is subsisting in full force and effect. Further, Medtech states that DenTek has copied substantial portions of Medtech's copyrighted material, as identified in the Copyright Registration, and that DenTek's conduct infringes upon and violates the exclusive rights belonging to Medtech as owner of the work identified in the Copyright Registration, including, without limitation, Medtech's rights under 17 U.S.C. § 106. The remaining statements in Paragraph 18 of the Counterclaim are denied.

19. Admitted that there is an actual, substantial and continuing justiciable controversy between DenTek and Medtech regarding the DenTek's infringement of TX 6-536-309 registration. The remaining allegations of Paragraph 19 are denied.

20. Denied.

21. Denied.

## COUNT V

### (Invalidity and/or Unenforceability of U.S. Copyright TX 6-536-309)

22.     Medtech incorporates by reference its responses to all previous allegations of the Counterclaim.

23.     Denied.

24.     Denied.

25.     Medtech denies DenTek is entitled to any of the relief sought in the Counterclaim.

26.     Medtech denies each and every factual allegation and factual and legal conclusion contained in the Counterclaim, not heretofore admitted, denied or explained.

## PRAYER FOR RELIEF

AND NOW HAVING FULLY ANSWERED, Medtech prays:

1.     That DenTek's Counterclaim be dismissed with prejudice;

2.     That Medtech recover its lawful costs and attorneys' fees in this cause; and

3.     For such other and further relief as the Court may deem just.

Dated: June 19, 2007

>
> Respectfully submitted,
>
> ALSTON & BIRD LLP
>
> By:  s/ Amy Manning
> Karl Geercken (KG 5897)
> Amy Manning (AM 0338)
> 90 Park Avenue
> New York, New York 10016-1387
> (212) 210-9471 (phone)
> (212) 210-9444 (facsimile)
> karl.geercken@alston.com
> amy.manning@alston.com

Case 7:07-cv-03302-KMK-LMS    Document 32    Filed 06/19/2007    Page 7 of 7

W. Edward Ramage, TN BPR No. 16261  
BAKER, DONELSON, BEARMAN,  
 CALDWELL & BERKOWITZ, P.C.1800  
Commerce Center, Suite 1000  
211 Commerce Street  
Nashville, Tennessee 37201  
(615) 726-5600  
eramage@bakerdonelson.com  
Admitted Pro Hac Vice  

Micheline Kelly Johnson, TN BPR No. 13847  
Clinton P. Sanko, TN BPR No. 23354  
BAKER, DONELSON, BEARMAN,  
 CALDWELL & BERKOWITZ, P.C.  
1800 Republic Centre  
633 Chestnut Street  
Chattanooga, Tennessee 37450-1800  
(423) 756-2010  
mjohnson@bakerdonelson.com  
csanko@bakerdonelson.com  
Admitted Pro Hac Vice  

Of Counsel:  

Todd R. David , GA BPR No. 206526  
ALSTON & BIRD LLP  
One Atlantic Center  
1201 West Peachtree Street  
Atlanta, Georgia 30309-3424  
todd.david@alston.com  

Carl M. Davis II, GA Bar Number 207710  
BAKER, DONELSON, BEARMAN,  
 CALDWELL & BERKOWITZ, P.C.1800  
Six Concourse Parkway  
Suite 3100  
Atlanta, Georgia 30328  
(678) 406-8700  
cdavis@bakerdonelson.com  

Attorneys for Plaintiff  
Medtech Products Inc.

- 7 -