UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS, INC., <br>　　　　　　　Plaintiff, <br>　v. <br><br>RANIR, LLC, et al., <br>　　　　　　　Defendants. | 07 CV 03302-WP4-LMS <br><br> ECF Case |
| MEDTECH PRODUCTS, INC., <br>　　　　　　　Plaintiff, <br>　v. <br><br>DENTEK ORAL CARE, INC., <br>　　　　　　　Defendant. | |
| MEDTECH PRODUCTS, INC., <br>　　　　　　　Plaintiff, <br>　v. <br><br>POWER PRODUCTS, INC., <br>　　　　　　　Defendant. | |

**DENTEK ORAL CARE INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendant DenTek Oral Care, Inc. ("DenTek"), hereby respectfully opposes Medtech Products, Inc.'s ("Medtech" or the "Plaintiff") Motion for Leave to File an Amended Complaint for the reasons set forth below.

FACTUAL BACKGROUND

The Complaint in this matter was filed with the Court on April 24, 2007, and alleges patent, trademark and copyright infringement, unfair competition, unjust enrichment, and violations of NY Gen. Bus. § 349(h). DenTek's Answer and Counterclaim was filed on May 30, 2007 shortly after Medtech's action against DenTek was consolidated with the other two actions that appear in the caption. A Scheduling Conference was held before Judge Brieant the following day during which Ranir's counsel informed the Court that settlement was imminent in its action. At the Court's suggestion and to avoid the need for the Court to decide Medtech's

request for a preliminary injunction in its action against Power Products, Inc., counsel for DenTek, Power Products, and Medtech retired to the jury room and negotiated an accelerated case schedule addressing the claims in issue at that time. A copy of that schedule, which was approved and entered by the Court, is attached as Exhibit A.

When the schedule was presented, Medtech did not inform the Court that it would be adding a new party, Ms. Kelly Kaplan, and new claims – not only against Ms. Kaplan but also DenTek. These additional causes of action against DenTek raise completely new legal theories and require investigation of additional facts. Specifically, Medtech's new counts are for breach of contract by Ms Kaplan, tortuous interference with contractual relations by DenTek, and civil conspiracy by both DenTek and Ms. Kaplan. The addition of these new counts essentially transforms this action from an action for patent infringement and allegedly improper use of the NIGHTGUARD mark into a case directed to misappropriation of Medtech's confidential business information. Each of the newly added counts, Counts VII, VIII, and IX allege as much. (See Count VII at ¶ 106 – "Ms. Kaplan has breached the agreement by providing DenTek with Medtech's confidential and proprietary information"; Count VIII at ¶ 113 – "Medtech has been damaged by Ms. Kaplan's breach as DenTek has brought its infringing product to the market with the assistance of unauthorized access to Medtech's confidential and proprietary information"; Count IX at ¶ 116 – "DenTek and Ms. Kaplan conspired, agreed, and planned to use Medtech's confidential and proprietary information...") The present schedule does not permit for proper discovery in an action alleging improper use of confidential or proprietary information.

During the meet and confer between the parties and counsel who were present, Medtech told DenTek that it was considering adding Ms. Kaplan and asserting that she had breached

contractual obligations to Medtech respecting confidential information, and reserved the right to add her.  However, Medtech refused to outline the precise nature of the claims it was considering and, contrary to what is suggested in Plaintiff's Memorandum of Law in Support of its Motion for Leave to File an Amended Complaint at page 5, these putative claims were not factored into the case schedule by DenTek.  Nor could they have been, when Ms. Kaplan had yet to be named as a defendant and yet to be represented by counsel, nor had the nature of the claims against her been explained.  Plainly, nothing was or could have been agreed concerning an accelerated discovery schedule or trial in the absence of the party whom Medtech, at that time, was only considering adding.

ARGUMENT

While motions to amend are liberally granted, the Supreme Court has held that, in the discretion of the district court, leave to amend need not be allowed if there is some "apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Credit Suisse First Boston LLC v. Coeur d'Alene Mines Corp.*, 03 Civ. 9547, 2004 U.S. Dist. LEXIS 25260, *7 (S.D.N.Y. Dec. 9, 2004) ("amendment is properly denied in certain circumstances, such as when the proposed amendment is made in bad faith or would unduly prejudice another party or unjustifiably interfere with the court's scheduling orders, or when the amendment would be futile.")

To provide Ms. Kaplan and her counsel time to oppose this attempt to draw her into this action which presently features claims unrelated to the allegations now made against her by Medtech, and to otherwise prepare for discovery and trial, and to further provide DenTek time to

prepare for trial in relation to the newly raised allegations, leave to file the amended complaint should not be granted unconditionally.

First, plaintiff should be required to demonstrate that it has some confidential information in which it has some claimed proprietary interest and can assert has been misappropriated by a defendant. On its face, the proposed Amended Complaint suggests that plaintiff cannot make such a claim by making vague allegations on "information and belief." Second, if plaintiff can state a claim that would survive a motion to dismiss, leave should not be granted without simultaneously vacating the deadlines for completing discovery and the trial date, with new dates to be set with the participation of Ms. Kaplan and her counsel. The Civil Case Discovery Plan and Scheduling Order (Docket No. 17) as entered by the Court cannot stand when an individual about to be named as a party did not participate, DenTek did not and could not factor new claims and a new party in the schedule, and the Court itself did not have an understanding of Plaintiff's intentions to add a new party and claims.

The Scheduling Order provides a very aggressive series of deadlines (*e.g.*, claim construction briefing in about one month, discovery closes in about three months) in order to be trial-ready by October 19, 2007. To hold Ms. Kaplan to this deadline and the other approaching deadlines, when she and her counsel had no opportunity to participate in the negotiation of the Scheduling Order, denies Ms. Kaplan the right to mount an effective defense against Medtech's actions.

Further, Plaintiff's proposed amended complaint seeks to add two new counts against DenTek; Count VIII, tortious interference with contractual relations, and Count IX, civil conspiracy. Underlying each of these claims are Medtech's factual assertions that "DenTek has brought [an allegedly] infringing product to the market with the assistance of unauthorized

4

access to Medtech's confidential and proprietary information" (Proposed Amended Complaint, at ¶ 113) and "DenTek and Ms. Kaplan conspired, agreed, and planned to use Medtech's confidential and proprietary information." Id. at ¶ 116. Allowing Medtech to add these claims of vastly different scope than those presently pending in the action in view of the present abbreviated schedule unduly prejudices DenTek from adequately discovering the nature of Medtech's new claims and preparing its defense.

These counts are entirely based upon Plaintiff's alleged "information and belief," and Plaintiff has made no showing that any such information was unavailable prior to the filing of the motion to amend the complaint. There is no suggestion that Medtech can specifically identify the purported trade secret or "confidential and proprietary information" underlying the accusations in its proposed Amended Complaint. Such failure is fatal to Medtech's claims. *Utah Med. Prods., Inc. v. Clinical Innovations Assocs., Inc.* 2000 U.S. App. LEXIS 31756, *15 (Fed. Cir. Dec. 13, 2000) ("The threshold issue in every case is whether, in fact, there is a trade secret to be misappropriated.") If Medtech cannot do so when challenged to do so by a motion to dismiss, amendment of its Complaint would be futile. If leave is granted, at a minimum, Medtech should be required to identify what "confidential and proprietary information" it believes was improperly taken by Ms. Kaplan and/or used by DenTek before being permitted to discover any of defendants' confidential information. In this regard, the law is well-settled.[1] We

---

[1] *See*, *e.g.*, *Engelhard Corp. v. Savin Corp.,* 505 A.2d 30, 33 (Del. Ch. 1986) ("plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret before it will be allowed … to compel discovery of its adversary's trade secrets."); *Porous Media Corp. v. Midland Brake, Inc.,* 187 F.R.D. 598, 599-600 (D. Minn. 1999) (ordering plaintiff to list the trade secrets allegedly misappropriated with sufficient specificity to obtain an injunction, as adequate discovery could not be conducted in the absence of specific disclosure); *Staffbridge, Inc. v. Gary D. Nelson Assocs., Inc.*, 2004 Mass. Super. LEXIS 215 (Mass. Super. Ct. June 11, 2004) (requiring plaintiff to clearly designate what it considers its trade secret before allowing discovery of the allegedly infringing material).

5

propose that Medtech provide a detailed description of the confidential information purportedly proprietary to it which "upon information and belief" has supposedly been misappropriated, on an attorneys' eyes only basis to DenTek's counsel and the Court, before leave is granted.

For these reasons, Plaintiff's Motion for Leave to File an Amended Complaint should be denied.  Alternatively, all deadlines in the Scheduling Order should be held in abeyance, and a second scheduling conference involving all parties in the action should be held after a reasonable period of time to allow counsel for Ms. Kaplan to become familiar with the case.   In any revised scheduling order, Plaintiff should be required to identify with particularity the "confidential and proprietary information" that is the subject of its new claims before proceeding with any discovery from defendants.

                                                  Respectfully submitted,

Dated: June 20, 2007                      PROSKAUER ROSE LLP

                                By:     s/ Alan Federbush
                                            James H. Shalek
                                            Alan Federbush
                                            Gregory J. Sieczkiewicz
                                            1585 Broadway
                                            New York, New York 10036-8299
                                            (212) 969-3000 (phone)
                                            (212) 969-2900 (fax)

                                            *Attorneys for Defendant*
                                            *DenTek Oral Care, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2007, the foregoing **DENTEK ORAL CARE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** was served upon the following recipients by use of the Court's ECF system:

*Attorneys for Plaintiff Medtech Products, Inc.:*

Karl Geercken
Amy Manning
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016

*Attorneys for Consolidated Defendant Power Products, Inc.:*

Anthony P. La Rocco
Kathy Dutton Helmer
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
One Newark Center, 10th Floor
Newark, NJ 07102

*Attorneys for Consolidated Defendant Ranir, LLC.:*

Rebecca Marie McCloskey
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Ave
New York, NY 10022

and on the following recipients by overnight mail:

W. Edward Ramage
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, TN 37201

Michael S. Connor
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, NC 28280

Carl M. Davis, II
BAKER, DONELSON, BEARMAN
    CALDWELL & BERKOWITZ, P.C.
Six Concourse Parkway, Suite 3100
Atlanta, GA 30328

Micheline Kelly Johnson
Clinton P. Sanko
BAKER, DONELSON, BEARMAN
    CALDWELL & BERKOWITZ, P.C.
633 Chestnut Street
Chattanooga, TN 37450

                                                     s/ Alan Federbush
                                                     Alan Federbush