IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> RANIR, LLC and <br> CVS PHARMACY, INC. <br><br> Defendant. | Civil Action No. 07 CV 03302-UA-LMS |
| MEDTECH PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> DENTEK ORAL CARE, INC., <br><br> Defendant. | MOTION TO PERMIT THE DEPOSITION OF NON-PARTY RAYMOND DUANE AND MEMORANDUM IN SUPPORT <br><br> ECF FILED |
| MEDTECH PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER PRODUCTS, INC. <br> d/b/a SPLINTEK, <br><br> Defendant. | |

Plaintiff MEDTECH PRODUCTS INC. ("Medtech") submits this Motion to Permit the Deposition of Non-Party Raymond Duane ("Mr. Duane"), which was noticed to all parties on Wednesday, June 27, 2007 and served on Mr. Duane on Friday, June 30, 2007. Defendant

1

DENTEK ORAL CARE, INC. ("DenTek") and Mr. Duane are both represented by the same counsel (the Proskauer firm) and have objected to the deposition. The primary basis for the objection is that the current Civil Case Discovery Plan and Scheduling Order ("Scheduling Order"), (Docket No. 19), requires agreement of the parties or leave of Court to proceed with depositions before July 23, 2007. In this motion, Medtech requests leave of Court so that this deposition can proceed as expeditiously as possible.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural backgrounds regarding the timing and purpose of the deposition of Mr. Duane are inextricably connected. As such, they will be discussed chronologically and together.

**A.     RAYMOND DUANE WAS THE HEAD OF SALES AT DENTAL CONCEPTS LLC.**

Prestige Brand Holdings, Inc. ("Prestige"), the parent company of Medtech, acquired Dental Concepts LLC ("Dental Concepts") in November 2005.[1] Dental Concepts owned THE DOCTOR'S® NIGHTGUARD™ brand dental protector, the market-leading dental protector.[2] Since the acquisition of Dental Concepts, Medtech has marketed and sold the NIGHTGUARD™ brand dental protectors.

At the time of the acquisition, Dental Concepts had five principle executives. The Dental Concepts principals included Kelly Kaplan,[3] the head of marketing, and Raymond Duane, the

---

[1]     Prestige paid approximately $30.5 million in the transaction for the assets of Dental Concepts. *See* Prestige Brand Holdings Completes Acquisition of Dental Concepts, LLC, found at http://ir.prestigebrands.com/phoenix.zhtml?c=182173&p=irol-newsArticle&ID=782737&highlight=dental%20concepts.

[2]     Dental protectors are designed to protect the teeth and jaw from the detrimental effects of teeth grinding (known as bruxism).

[3]     Ms. Kaplan's employment with DenTek is already a question of record as Medtech became aware that Ms. Kaplan was employed by DenTek after this case was filed. Currently, Medtech's Motion to Amend to add Ms. Kaplan is pending with the Court (Docket Nos. 23 and 24). There is no question that Ms. Kaplan has information

head of sales. At the time of the acquisition, both Ms. Kaplan and Mr. Duane executed a "General Release." In addition to paying Ms. Kaplan and Mr. Duane generous severance benefits, the General Release restricted these former-executives from using any confidential information and material that was learned and/or developed at Dental Concepts. A copy of Mr. Duane's General Release is attached as **Exhibit B**.

In early-January 2007, at least one individual at Medtech became aware that Mr. Duane was working in some capacity for DenTek. (At that time DenTek did not have a competing dental protector product on the market that was approved for over-the-counter sale by the U.S. Food and Drug Administration.) While Mr. Duane admitted he had worked for DenTek, Mr. Duane told Gerry Butler, then the Head of Sales for Prestige, that he "[d]id only a two month assignment." Mr. Duane's response implied that his association with DenTek was minimal. A copy of the exchange between Mr. Bulter and Mr. Duane is attached as **Exhibit C**.

**B.    COMPLAINT IN THIS CASE AND THE ABBREVIATED DISCOVERY SCHEDULE.**

The Complaint in this case was filed on April 24, 2007. Stated simply, DenTek knocked-off the Medtech NIGHTGUARD™ dental protector. DenTek's actions are a bouillabaisse of patent, trademark and copyright infringement. *See* Compl. against DenTek (07 CV 3304, Docket No. 1).

On May 31, 2007, a scheduling conference was held before Judge Brieant. As DenTek stated, the abbreviated trial schedule in this case was agreed upon "to avoid the need for the Court to decide Medtech's request for a preliminary injunction in its action against Power

---

relating to this case as DenTek listed Ms. Kaplan in its 26(a) Disclosures as someone who "may have knowledge regarding the sales and marketing of DenTek's dental protector, non-infringement, invalidity, sales, marketing, and all defense-related issues." A true and correct copy of DenTek's Rule 26(a) Disclosures is attached hereto as **Exhibit A**.

3

Products." (Docket No. 33 at pp. 1-2.) The abbreviated schedule was a *quid pro quo* to ensure that Medtech's claims were addressed quickly, without the need for expensive and potentially duplicative injunctive motion practice.

On June 22, 2007, DenTek filed its disclosures in accordance with Rule 26(a) of the *Federal Rules of Civil Procedure*. DenTek did not make mention of Mr. Duane among its list of witnesses—although it did identify Kelly Kaplan. *See* **Ex. A**.

C.    **MEDTECH DISCOVERS MR. DUANE'S ASSOCIATION WITH DENTEK.**

One day after DenTek's Initial Disclosures, on June 23, 2007, the National Association of Chain Drug Stores ("NACDS") marketing conference started. At the NACDS Conference, Mr. Duane attended and presented himself as a "Consultant" on behalf of DenTek. A copy of the registration page from the NACDS conference is attached as **Exhibit D**. This was the first notice that Medtech had of Mr. Duane's on-going association with DenTek.

D.    **MEDTECH SUBPOENAS MR. DUANE AND DENTEK OBJECTS.**

On June 27, 2007, Medtech subpoenaed Mr. Duane and asked him to appear and produce documents and give testimony. (The Notice was served on all parties immediately, and official service on Mr. Duane was accomplished on June 30, 2007). A copy of the Notice and Attachment are attached hereto as **Exhibit E**. The document requests essentially asked Mr. Duane to produce what he had that related to dental guards, DenTek and Medtech.

Medtech has also issued (and is in the process of serving) several document and deposition subpoenas to three dentists employed by Tufts University School of Dental Medicine (and related entities) that were consultants for Dental Concepts who appear to have been subsequently retained by DenTek. Copies of the Notice and subpoenas to Dental Ideas Inc., 50 Maugus Hill Road, Wellesley, Massachusetts 02481, Noshir R. Mehta, D.M.D., M.S., Professor and Chair of General Dentistry, Ayman Aboushala, D.D.S., M.S., Assistant Professor, Head of

4

the Division of Advanced Clinical Restorative Dentistry, and Gerard Kugel, D.M.D., M.S., Professor, Associate Dean for Research (collectively the "Tufts' Subpoenas") are attached hereto as **Exhibit F**.

A week after the Duane subpoena was served, DenTek's counsel, Proskauer Rose LLP ("Proskauer firm"), sent a letter that simply stated that the subpoena was untimely under the Scheduling Order. A copy of the Proskauer objection letter is attached as **Exhibit G**. Despite several efforts by Medtech to propose solutions to the deposition timing, and to explain the purposes of the deposition, all attempts at reaching agreement with DenTek have been unsuccessful. See collective **Exhibit H**. The Proskauer firm confirmed in a subsequent correspondence that it represented Mr. Duane and served formal objections to the timing of the deposition. *See id*. A true and correct copy of the Objections of Non-Party Raymond Duane to Medtech Products Inc.'s Subpoena is attached as **Exhibit I**.

## ARGUMENT IN SUPPORT OF THE REQUEST

As a former high-ranking executive of Dental Concepts who was recently hired by DenTek, Mr. Duane may be a critical witness in this infringement case. Medtech believes that taking Mr. Duane's deposition will facilitate discovery by streamlining the issues in this case.

While DenTek cites liberally from the Scheduling Order entered in May 2007 in its various letters and objections, it ignores that the terms of the order expressly allow for depositions to be held outside the automatically permissible dates when the parties agree and/or the Court orders it. (Docket No. 19 at ¶¶3.a and 3.b.) Failing to obtain agreement, Medtech now seeks court permission in this Motion.

Medtech will be prepared to discuss this issue in more detail at the Status Conference on Monday, July 9, 2007. However, in brief, the following are reasons that support the early deposition of Mr. Duane:

5

- ***Burden on Mr. Duane is the Same***. Whether Mr. Duane is deposed now, or deposed after July 23, 2007, the burden on him is the same.

- ***Burden on DenTek is Minimal***. DenTek claims that the document production will be "small." Therefore, it should be a minimal burden to DenTek to prepare for the deposition.

- ***Streamlining the Issues in this Case***. Deposing Mr. Duane early will potentially help streamline and narrow the discovery issues in this case as it proceeds forward, and may help prevent the re-convening of depositions.

- ***Discovery Timeline***. Medtech is cognizant of the fact that the parties only have until September 28, 2007 to complete all discovery in this case. This is an extraordinarily fast timetable and Medtech is working diligently to gather documents and conduct discovery. Given this tight schedule, it makes sense to conduct depositions such as Mr. Duane's early in the process in order to determine the nature of his contacts with DenTek, whether he has disclosed confidential information to DenTek, and whether these matters are worth pursuing in this litigation. Medtech is committed to pushing this case as quickly as possible through discovery to get to a trial on the merits.[4]

DenTek's formulistic objections appear to be nothing more than an attempt to delay discovery in this case. Despite several efforts to reach a compromise solution that would avoid the need for more motion practice, DenTek is choosing to obstruct. It is further telling that neither DenTek nor Mr. Duane was forthcoming about their association. Both now wish to avoid, for as long as possible, any inquiries that would test DenTek's relationship with this

---

[4]   The same rationale applies to support the Tufts Subpoenas attached as **Exhibit F**.

6

critical Dental Concepts employee. While this may be convenient for DenTek, it was never the purpose of the Scheduling Order.

For the reasons stated in this motion, permission to take Mr. Duane's deposition should be granted.

Dated: July 9, 2007

                                                Respectfully submitted,

                                                ALSTON & BIRD LLP

                                                By:    s/ Amy Manning
                                                Karl Geercken (KG 5897)
                                                Amy Manning (AM 0338)
                                                90 Park Avenue
                                                New York, New York 10016-1387
                                                (212) 210-9471 (phone)
                                                (212) 210-9444 (facsimile)
                                                karl.geercken@alston.com
                                                amy.manning@alston.com

                                                W. Edward Ramage, TN BPR No. 16261
                                                BAKER, DONELSON, BEARMAN,
                                                   CALDWELL & BERKOWITZ, P.C.
                                                Commerce Center, Suite 1000
                                                211 Commerce Street
                                                Nashville, Tennessee 37201
                                                (615) 726-5600
                                                eramage@bakerdonelson.com
                                                Admitted Pro Hac Vice

                                                Micheline Kelly Johnson, TN BPR No. 13847
                                                Clinton P. Sanko, TN BPR No. 23354
                                                BAKER, DONELSON, BEARMAN,
                                                   CALDWELL & BERKOWITZ, P.C.
                                                1800 Republic Centre
                                                633 Chestnut Street
                                                Chattanooga, Tennessee 37450-1800
                                                (423) 756-2010
                                                mjohnson@bakerdonelson.com
                                                csanko@bakerdonelson.com
                                                Admitted Pro Hac Vice

Carl M. Davis II, GA Bar Number 207710
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.1800
Six Concourse Parkway
Suite 3100
Atlanta, Georgia  30328
(678) 406-8700
cdavis@bakerdonelson.com
Admitted Pro Hac Vice

Of Counsel:

Todd R. David , GA BPR No. 206526
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com

Attorneys for Plaintiff
Medtech Products Inc.