# EXHIBIT A

Case 7:07-cv-03302-KMK-LMS    Document 42-2    Filed 07/09/2007    Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS, INC., <br>                  Plaintiff, <br> v. <br> RANIR, LLC, et al., <br>                  Defendants. | 07 CV 03302-UA-LMS |
| MEDTECH PRODUCTS, INC., <br>                  Plaintiff, <br> v. <br> DENTEK ORAL CARE, INC., <br>                  Defendant. | |
| MEDTECH PRODUCTS, INC., <br>                  Plaintiff, <br> v. <br> POWER PRODUCTS, INC., <br>                  Defendant. | |

**DEFENDANT DENTEK'S INITIAL DISCLOSURE STATEMENT PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant DenTek Oral Care, Inc. ("DenTek") by and through its undersigned counsel, hereby provides to Medtech Products, Inc. ("Medtech" or the "Plaintiff") the following Initial Disclosure Statement pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

INITIAL DISCLOSURE QUALIFICATIONS

1.    This Initial Disclosure Statement is made based upon information presently known to Defendant's counsel and is given without prejudice to producing, during discovery or at trial, information or documents that are: (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been omitted from these disclosures.

2.    Defendant hereby expressly reserves the right to revise and/or supplement

this Initial Disclosure Statement and the information and documents provided pursuant to Defendant's initial disclosure obligations at any time. Defendant further reserves the right to rely on any facts, documents or other evidence, which may hereafter develop or come to its attention.

   3. Defendant hereby expressly reserves all objections to the use, for any purpose, of this Initial Disclosure Statement or the information and documents referenced herein in this case or any other case or proceeding.

   4. By referring to or producing documents as part of the initial disclosure process, Defendant makes no representations or concessions regarding the relevancy or appropriateness of any particular information or document, and expressly reserves the right to object, on grounds including overbreadth and burden, to any document request that is overbroad as to time frame or otherwise.

## INITIAL DISCLOSURES

**(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;**

Subject to and without waiver of the Initial Disclosure Qualifications, the following is a list of individuals whom Defendant has identified as individuals likely to have discoverable information with respect to Plaintiff's claims, that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

Mr. David Fox may have knowledge regarding background information on DenTek, the accused DenTek technology, non-infringement, invalidity, sales, marketing and all defense-

2

related issues. Mr. Fox may be contacted C/O DenTek through the undersigned counsel.

Mr. John Jansheski may have knowledge regarding background information on DenTek, DenTek technology, non-infringement, invalidity, sales, marketing, and all defense-related issues. Mr. Jansheski may be contacted C/O DenTek through the undersigned counsel.

Ms. Kelly Kaplan may have knowledge regarding the sales and marketing of DenTek's dental protector, non-infringement, invalidity, sales, marketing, and all defense-related issues. Ms. Kaplan address is 4 Woodmont Road, Upper Montclair, New Jersey 07043.

Mr. Lawrence D. Saffran may have knowledge regarding the design and manufacturing of DenTek's dental protector and related issues. Mr. Saffran's address is C/O Stelray Plastic Products, Inc., 50 Westfield Avenue, Ansonia, Connecticut 06401.

Mr. Lex Shankle may have knowledge regarding the sales and marketing of DenTek's dental protector and related issues. Mr. Shankle may be contacted C/O DenTek through the undersigned counsel.

Dr. Ronald Spencer may have knowledge regarding the design and testing of DenTek's dental protector and related issues. Dr. Spencer's address is 207 Southdowne Drive, Maryville, TN 37801-3747.

Mr. Marco Wo may have knowledge regarding the design of DenTek's dental protector and related issues. Mr. Wo's address is C/O ITEM, 55 Dupont Drive, Providence, RI 02907.

**(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

Subject to and without waiver of the Initial Disclosure Qualifications, identified herein are documents that Defendants may use to support its defenses:

    1.     U.S. Patent No. 6,830,051 ("the '051 Patent"), the prosecution history of the '051 Patent, and related documents.

    2.     Documents and electronically stored information relating to the research, development, design, manufacturing, marketing or sales of DenTek's dental protectors.

    3.     Prior art references that may invalidate the claims of the '051 Patent.

    4.     Documents related to prior use of the terms "NightGuard" or "Night Guard".

The documents and electronically stored information identified above are located at DenTek facilities or will be made available at the offices of Proskauer Rose LLP, 1585 Broadway, New York, New York 10036-8299. DenTek expects to discover additional documents and tangible things in the possession or control of Medtech or third parties that may be used in support of DenTek's claims or defenses. DenTek reserves its right to supplement this list as discovery progresses.

**(C)    a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

    Attorneys' fees and costs.

**(D)    for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

DenTek is presently investigating whether there are any insurance agreements under which any person carrying on an insurance business may be liable to DenTek to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made

to satisfy the judgment.

Dated: June 22, 2007

PROSKAUER ROSE LLP

By: _____
James H. Shalek
Alan Federbush
Gregory J. Sieczkiewicz
1585 Broadway
New York, New York 10036-8299
(212) 969-3000 (phone)
(212) 969-2900 (fax)

*Attorneys for Defendant*
*DenTek Oral Care, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007, I caused a true and correct copy of **DEFENDANT DENTEK'S INITIAL DISCLOSURE STATEMENT PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** to be served upon the following parties by mail:

*Attorneys for Plaintiff Medtech Products, Inc.:*

Karl Geercken
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016

AND

W. Edward Ramage
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, TN 37201

*Attorneys for Consolidated Defendant Power Products, Inc.:*

Kathy Dutton Helmer
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
One Newark Center, 10th Floor
Newark, NJ 07102

*Attorneys for Consolidated Defendant Ranir, LLC.:*

Rebecca Marie McCloskey
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Ave
New York, NY 10022

Gregory Sieczkiewicz