# EXHIBIT B

To:  **Raymond Duane**
    **187 Paterson Avenue, Apt. 305**
    **Midland Park, NJ  07432**

## GENERAL RELEASE

This General Release ("Release") is made and entered into by and between Dental Concepts, LLC, a Delaware limited liability company (the "Company"), and Raymond Duane the ("Employee"), as of the date written below ("the Effective Date").

In connection with the acquisition of the Company by Prestige Brands, Inc., Employee will receive the Consideration (as defined below) as severance and contractual payout. In exchange for the Consideration, Employee intends to fully and unconditionally release any and all claims that he, his heirs, administrators, executors, personal representatives, beneficiaries, and assigns may have against the Company and each of their affiliates, predecessors, successors, subsidiaries, divisions, assigns, officers, directors, members, shareholders, representatives, employees, former employees, attorneys, insurers and agents (collectively referred to as "Releasees"), on the terms contained in this Release as fully set forth below.

1.    <u>Consideration</u>.  Employee gives the releases, covenants, representations, and warranties stated herein in consideration of the payment of Seven hundred fifty thousand dollars ($750,000) in contractual payout, ("the Consideration") to Employee by the Company, to be made by check made payable to Employee and to be delivered to Employee, upon the Effective Date.  Additionally, Company will provide health and dental insurance for a period of three months from the Effective Date

2.    <u>General Release and Covenants by Employee</u>.

a.    Employee does hereby voluntarily and unconditionally remise, release, acquit, and forever discharge the Company and all subsidiary, parent, affiliated or related companies and their respective divisions and their respective past and present officers, directors, members, managers, agents, employees, successors and assigns, in their individual and representative capacities (the "Released Parties"), of and from any and all suits, actions, causes of action, obligations, damages, charges, costs, claims, demands, liabilities, expenses and attorneys' fees of whatever kind of nature, contingent or fixed, liquidated or unliquidated, matured or unmatured, known or unknown, which the Employee, his assigns, heirs and legal representatives may now have, or have ever had, against any or all of the Releases Parties, whether or not arising from the Employee's employment relationship with Employer, or which may be related in any way to the Employee's employment relationship with the Company, the termination of that relationship, and/or any other employment related dealings of any kind between on the one hand, and any or all of the Released Parties on the other, which have transpired on, or prior to, the Termination Date, including, but not limited to, any and all claims, rights, demands and causes of action for breach of the covenant of good faith and fair dealing; inducement of breach; wrongful or unlawful discharge; intentional or negligent infliction of emotional distress; intentional or negligent fraud or misrepresentation; conspiracy; failure to pay wages, benefits, severance, or other compensation of any sort; discrimination on the basis of race, color, sex, national origin, religion, age, disability, marital status, sexual orientation, or sexual harassment; retaliation for protesting discrimination on the basis of race, color, sex, national origin, religion, age, disability, marital status, sexual orientation, or

1

marital status, sexual orientation, or sexual harassment; retaliation for protesting discrimination on the basis of race, color, sex, national origin, religion, age, disability, marital status, sexual orientation, or sexual harassment; a violation of any laws, statutes, rules or regulations whether state, federal or local, including, but not limited to, the Americans with Disabilities Act, the National Labor Relations Act, the Fair Labor Standards Act and any other federal, state or local wage, wage hour or wage payment law, the Employee Retirement Income Security Act of 1974 ("ERISA") including but not limited to, breach of fiduciary duty and equitable claims arising under section 1132(a)(3) of ERISA, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1990, the Civil Rights Acts of 1866, 1871, 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act (all as amended).

b.    The claims, causes of action, security interests, liabilities, and judgments released in Paragraph 2(a) above shall be referred to collectively herein as "Employee's Released Claims."

c.    Nothing herein is intended, nor shall it be construed, as a waiver or release by the Employee of his rights, if any, under any statutory claims for state unemployment insurance, worker's compensation, disability insurance benefits (other than discrimination claims for such benefits), and any legal obligations of the Company to indemnify the Employee under applicable by-laws for so long as the Employee adheres to the terms of this Agreement.

d.    Employee hereby covenants and agrees that he will forever refrain and forebear from commencing, instituting, or prosecuting any lawsuit, action, or other proceeding against any of the Releasees, individually or collectively, based on, arising out of, or connected with any of Employee's Released Claims.

e.    Employee understands and agrees that this Release shall be binding upon him in his individual capacity as well as upon his heirs, administrators, executors, personal representatives, beneficiaries, and assigns.

3.    No Assignment or Transfer by Employee of Released Claims.  Employee represents and warrants that as of the Effective Date, he has not assigned or transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any of Employee's Released Claims. Employee hereby agrees to indemnify and hold harmless Releasees against, without limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, expenses (including attorney's fees), causes of action, and judgments based on, arising out of, or connected with any such transfer or assignment, or purported transfer or assignment by Employee.  Employee represents and warrants that as of the Effective Date, he has not assigned or transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any of Employee's Released Claims.

4.    Releases Include Unknown Claims.

a.    Employee understands and agrees that Employee's Released Claims are intended to and do include any and all claims of every nature and kind whatsoever (whether known, unknown, suspected, or unsuspected) that Employee may have against the Company.

2

b.      Employee acknowledges that he may hereafter discover facts different from or in addition those which he now knows or believes to be true with respect to Employee's Released Claims and rees that, in such event, this Release shall nevertheless be and remain effective in all respects, twithstanding such different or additional facts, or the discovery thereof.

c.      Employee represents and acknowledges that: (i) he and his attorneys have conducted hatever investigation was deemed necessary by him and his attorneys to ascertain all facts and matters lated to this Release; (ii) he has consulted with and received advice from legal counsel concerning this elease; and (iii) he is not relying in any way on any statement or representation by the Company or eir attorneys, except as expressly stated herein, in reaching his decision to enter into this Release.

No Admission of Liability.   The parties understand and agree that this Release does not nstitute an admission of liability on the part of the Company as to any matters, whatsoever.

Future Legal Actions.  In the event either party to this Release commences an action, at law or in uity, to enforce any right under any provision of this Release or to compel compliance with any ovision of this Release, Employee, and the Company agree that the prevailing party in any such action all be entitled to recover from the opposite party all reasonable attorney's fees and costs incurred in nnection with such action.

Confidential Information.  Employee agrees that it will not use, divulge, sell or deliver to or for y other person, firm or corporation other than the Company and its respective subsidiaries, affiliates, ccessors and assigns any confidential information and material (statistical or otherwise) relating to the ompany's business, including, but not limited to, confidential information and material concerning anufacturing, distribution, marketing, sales, advertising, customers, employees, suppliers, licensors, nancial information, methods and processes incident to the business, and any other secret or nfidential information.  On or before the Effective Date, Employee will surrender to the Company all sts, books and records of or in connection with the Company's business and all other property elonging to the Company.  Should there be a violation or attempted or threatened violation of this rovision, the Company may apply for and obtain an injunction to restrain such violation or attempted or reatened violation, Employee conceding that the loss of such secret or confidential information cannot asonably or adequately be compensated in damages in an action at law, and that the right to said junction is necessary for the protection and preservation of the rights of the Company and of any ansferee or assignee hereof to prevent irreparable damage to the Company.  Such injunctive relief shall e in addition to such other rights and remedies as the Company, and any other permitted transferee or ssignee hereof, may have against Employee arising from any breach hereof on his part.

.      Modification.  No provision of this Release may be changed, altered, modified or waived except n writing signed by Employee and a duly authorized representative of the Company, which writing shall pecifically reference this Release and the provision that the parties intend to waive or modify.

.      Severability.  In the event any provision of this Release should be held to be unenforceable, each nd all of the other provisions of this Release shall remain in full force and effect.

0.      Entire Agreement.  The parties hereto acknowledge that this Release constitutes a full, final, and omplete settlement of their differences and supersedes and replaces any and all other written or oral xchanges, agreements, understandings, arrangements, or negotiations between or among them relating o the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous

3

agreements, exchanges, representations, arrangements, or understandings, written or oral, between or among them relating to the subject matter hereof other than that as set forth herein, and that this Release contains the sole and entire Release between them with respect to the subject matter hereof.

11.    Understanding.  The parties acknowledge and represent that they have read this Release in full and, with advice of counsel, understand and voluntarily consent and agree to each and every provision contained herein.

12.    Headings and Captions.  The headings and captions used in this Release are for convenience of reference only, and shall in no way define, limit, expand or otherwise affect the meaning or construction of any provision of this Release.

13.    Counterparts Acceptable.  This Release may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

4

Y SIGNING BELOW, EMPLOYEE AGREES THAT HE HAS BEEN GIVEN A SUFFICIENT
ME TO READ AND REVIEW THIS RELEASE, THAT HE UNDERSTANDS THIS
ELEASE, THAT HE SIGNS IT VOLUNTARILY OF HIS OWN FREE WILL, AND THAT HE
NOT SUFFERING FROM ANY DISABILITY OR CONDITION THAT WOULD RENDER
IM UNABLE TO ENTER INTO THIS RELEASE.

        IN WITNESS WHEREOF, the undersigned have executed this Release on the date shown
:low.

_____        Date: _11/10/05_
mployee

ENTAL CONCEPTS, LLC

ly: _____        Date: _11/14/05_

'itle: _____

5