# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RANIR, LLC and )<br>CVS PHARMACY, INC. )<br>)<br>Defendant. )<br>_____ )<br>)<br>MEDTECH PRODUCTS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENTEK ORAL CARE, INC., )<br>)<br>Defendant. )<br>_____ )<br>)<br>MEDTECH PRODUCTS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POWER PRODUCTS, INC. )<br>d/b/a SPLINTEK, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 07 CV 03302-UA-LMS<br><br>NOTICE OF DEPOSITION OF<br>AND SUBPOENA TO NON-PARTY<br>RAYMOND DUANE |

TO:   Defendants' Counsel of Record (See Certificate of Service)

Please take notice that at 9:00 a.m. on the 10th day of July, 2007, at the offices of Olson, Cannon, Gormley & Desruisseaux, P.C., 9950 West Cheyenne, Las Vegas, Nevada 89129,

plaintiff, by and through its counsel, will take the deposition of Raymond Duane, 7741 Broadwing Drive, North Las Vegas, Nevada 89084-2432, pursuant to the *Federal Rules of Civil Procedure*. The deposition will continue from day to day until completed and will be recorded by stenographic means before a notary public, an official court reporter, or other person authorized by law to administer an oath. The deposition may also be recorded by audiovisual means.

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, plaintiff has subpoenaed non-party Raymond Duane to appear for his deposition on July 10, 2007 and to produce and permit inspection and copying of certain documents on July 6, 2007 at the offices of Olson, Cannon, Gormley & Desruisseaux, P.C., 9950 West Cheyenne, Las Vegas, Nevada 89129, in the subpoena attached hereto.

Respectfully submitted,

ALSTON & BIRD LLP

By: s/Karl Geercken
Karl Geercken (KG 5897)
Amy Manning (AM 0338)
90 Park Avenue
New York, New York 10016-1387
(212) 210-9471 (phone)
(212) 210-9444 (facsimile)
karl.geercken@alston.com
amy.manning@alston.com

W. Edward Ramage, TN BPR No. 16261
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.1800
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5600
eramage@bakerdonelson.com
Admitted Pro Hac Vice

Micheline Kelly Johnson, TN BPR No. 13847
Clinton P. Sanko, TN BPR No. 23354
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450-1800
(423) 756-2010
mjohnson@bakerdonelson.com
csanko@bakerdonelson.com
Admitted Pro Hac Vice

Of Counsel:

Todd R. David , GA BPR No. 206526
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com

Carl M. Davis II, GA Bar Number 207710
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.1800
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
(678) 406-8700
cdavis@bakerdonelson.com

Attorneys for Plaintiff
Medtech Products Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2007, a copy of the foregoing NOTICE OF DEPOSITION OF AND SUBPOENA TO NON-PARTY RAYMOND DUANE was served by regular U.S. mail and email on all counsel or parties of record.

James H. Shalek
Alan Federbush
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
*Attorneys for DenTek Oral Care, Inc.*

Gregory James Sieczkiewicz
Proskauer Rose LLP
One International Place
Boston, MA 02110
*Attorneys for Dentek Oral Care, Inc.*

Kathy Dutton Helmer
Anthony P. La Rocco
Kirkpatrick & Lockhart Preston Gates Ellis LLP
One Newark Center – 10th Floor
Newark, NJ 07102
*Attorneys for Power Products, Inc. (d/b/a Splintek)*

Barry L. Pickens
Spencer, Fane, Britt and Browne
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
*Attorneys for Power Products, Inc.*

ALSTON & BIRD LLP

By: s/Victoria Ford

Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## AT LAS VEGAS

| | |
|---|---|
| MEDTECH PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>RANIR, LLC and<br>CVS PHARMACY, INC.<br><br>Defendant.<br><br>MEDTECH PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>DENTEK ORAL CARE, INC.,<br><br>Defendant.<br><br>MEDTECH PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>POWER PRODUCTS, INC.<br>d/b/a SPLINTEK,<br><br>Defendant. | SUBPOENA IN A CIVIL CASE<br><br>CASE NUMBER:[1]  07 CV 03302-UA-LMS<br>Pending in the United States District Court<br>for the Southern District of New York |

TO:  Raymond Duane
     7741 Broadwing Drive
     North Las Vegas, NV  89084-2432

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Olson, Cannon, Gormley & Desruisseaux, P.C.<br>9950 West Cheyenne<br>Las Vegas, NV  89129 | DATE AND TIME<br><br>July 10, 2007<br>9:00 a.m. |
|---|---|

---

[1] If action is pending in district other than district of issuance, state district under case number.

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Olson, Cannon, Gormley & Desruisseaux, P.C.<br>9950 West Cheyenne<br>Las Vegas, NV  89129 | July 6, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ALSTON & BIRD LLP<br>By: _____    Attorneys for Plaintiff | June 27, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karl Geercken, Esq.  (KG 5897)
Alston & Bird LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9471

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, you (Raymond Duane) are commanded to produce the following books, documents, electronically stored information or tangible things in your possession, custody or control at the following time and place:

Date:   July 6, 2007

Time:   9:00 a.m.

Place:  Olson, Cannon, Gormley & Desruisseaux, P.C.
        9950 West Cheyenne
        North Las Vegas, NV 89129

In lieu of production at the time and place designated above, you may mail the designated books, documents, electronically stored information or tangible things, or copies or reproductions thereof, to the following counsel of record for Medtech Products Inc.:

Karl Geercken, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9471

Your deposition will be taken and recorded by stenographic means before a notary public, an official court reporter, or other person authorized by law to administer an oath, and may also be recorded by audiovisual means, at the following time and place:

Date:   July 10, 2007

Time:   9:00 a.m.

Place:  Olson, Cannon, Gormley & Desruisseaux, P.C.
        9950 West Cheyenne
        North Las Vegas, NV 89129

## DEFINITIONS

A.   **You or Your.** As used herein, the term "you" or "your" means you, Raymond Duane.

B.   **Document.** As used herein, the term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the *Federal Rules of Civil Procedure*, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

C. **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

D. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E. **All/Each.** The terms "all" and "each" shall be construed as all and each.

F. **And/Or.** The connectives "and' and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

A. Electronically stored information is generally to be produced, at your option, in either (a) its native file format or (b) in Tagged Image File Format ("TIFF") with optical character recognition ("OCR"). However, Microsoft Excel Spreadsheets and Power Point files are to be produced in their native format with all metadata intact.

B. If any document called for by any request herein is to be withheld pursuant to any purported privilege or immunity:

    1. State the basis for such claim of privilege or immunity (e.g., attorney-client privilege);

    2. Identify the document being withheld by stating the name or title of the document, the type of document, its date, author, addressee, copyee(s), a general description of its subject matter, its present location(s) and custodian(s), each person who, to your knowledge, has seen it and the exact grounds on which the objection to production is based; and

    3. State the number and/or portion of the request to which each such document would be responsive.

C. If any document or portion of any document called for by any request herein has been destroyed or lost, state the subject of each such document; identify the persons who originated, received copies of and/or read each such document; describe the contents of each such document; identify the location where a copy of each such document is or may be located; and, in cases where the document was destroyed, state the date of destruction, the name of the person who ordered or authorized such destruction and why the destruction was ordered or authorized.

D. Pursuant to Rule 34 of the *Federal Rules of Civil Procedure* this request for production of documents and tangible things applies to all documents and tangible things which are in your possession, custody or control.

E. Medtech specifically requests that you preserve any computer that has electronically stored information that relates to the documents to be produced.

## DOCUMENTS TO BE PRODUCED.

Please produce the following:

1. All documents and things concerning DenTek Oral Care, Inc. ("DenTek").

2. All documents concerning your communications with DenTek that preceded you having any relationship with DenTek.

3. All documents and things concerning your relationship with DenTek, whether as a consultant, contractor, agent, employee, or otherwise.

4. All documents evidencing any descriptions concerning your position with DenTek.

5. All documents concerning DenTek's description of your affiliation, including such descriptions in communications, advertising, and tradeshow applications.

6. All employee handbooks, policy manuals, memoranda, or other documents containing any corporate policies which you received from DenTek.

7. Any resume or curriculum vitae that you have in your possession that references Dental Concepts LLC ("Dental Concepts"), Medtech Products Inc. ("Medtech") or DenTek.

8. All documents concerning any contracts or agreements that you have with DenTek.

9. All documents concerning any assignment or duties that you have performed at any time for DenTek.

10. All documents concerning any compensation you have received or are receiving from DenTek.

11. All documents concerning Kelly Kaplan.

12. All documents concerning Richard Riordan.

13. All documents concerning Michael Lesser.

14. All documents concerning Frank Lesniak.

15. All documents concerning Dental Concepts, Medtech and/or Prestige Brands Inc. ("Prestige Brands").

16. All documents concerning the General Release that you entered into with Dental Concepts.

17. All documents concerning any contract that you had with Dental Concepts and/or Medtech.

18. All documents concerning communications regarding dental protectors that are manufactured by DenTek.

19. All documents concerning communications which describe your role at either DenTek or Medtech.

20. All documents concerning communications in which you make any statements concerning dental protectors.

21. Any electronically stored information (ESI) that includes any of the proposed initial search terms included in this paragraph and relates to any of the topics in this Schedule, including the following sources: (a) any e-mail that was exchanged with any e-mail address that you have had at any time, including but not limited to CDSFIX@aol.com, whether currently existing locally or externally; or (b) any documents or files existing on any computer to which you have had access at any time; or (c) any Treo, Blackberry, cellphone, or other portable electronic device that would contain ESI; or (d) any removable electronic medium that you have in your possession, custody or control; or (e) any DenTek computer that you have access to.

> **PROPOSED INITIAL SEARCH TERMS:**
>
> Nightguard, night guard,[1] brux, bruxism, bruxing, grind, grinding, Dentek, Prestige, Prestige Brands, prestigebrandsinc, dental concepts, dentalconcepts, dental, Kelly,[2] Kaplan, medtech, K053580, 510(k), 510k, Lesniak, Riordan, Lesser, 051, interocclusal, nighttime, K063483, Gerry, Butler, NACDS, Hayloft, Tufts, Bruxguard, mouth guard, mouthguard, FDA, adhesion, rigidity, resin, clenching, vicat, molding, patent, vinyl, acetate, ethylene, boiling, mouth piece, mouthpiece, dental protector, dental ideas, Stelray, De Haan, Dental Idea, Noshir Mehta, Ayman Aboushala, Gerard Kugel, Apple Marketing, William (Bill) Birndorff.

In connection with this request, Medtech would be willing to pay for an e-discovery vendor to image any of the above sources and run the searches in the ESI (at its own expense) if you so request. The results of the searches could be provided to your counsel for review for privilege prior to being produced to Medtech.

---

[1] Or any other abbreviation that you use for "NIGHTGUARD."

[2] Or any other name or abbreviation that you use for Kelly Kaplan or the other individual and company names on this proposed list.

22. All documents and things, including but not limited to all sketches, drawings and specifications, concerning the conception, design, construction and manufacture of DenTek's dental protector.

23. All documents and things concerning DenTek's use the mark "NIGHTGUARD," "NIGHT GUARD," or any variant thereof.

24. All documents and things, including but not limited to all communications, received from or sent to the United States Food and Drug Administration related to any dental protector.

25. All documents and things that you have that were prepared or created by you in your employment or affiliation with Dental Concepts and/or DenTek.

26. All documents and things prepared by any person affiliated in any way with Dental Concepts and/or DenTek.

27. All documents and things concerning Medtech's NIGHTGUARD™ brand dental protector.

28. All documents and things concerning DenTek's advertising, intended advertising, promotion, and/or intended promotion of DenTek's dental protector.

29. All documents and things concerning any contracts, agreements, with any third party concerning any advertising, promotion, or marketing of the DenTek's dental protector.

30. All documents concerning any communications between you and any other person regarding the subject matter of the above-captioned litigation.

31. All documents and things concerning Medtech's patent (U.S. Patent No. 6,830,051).

32. All documents and things you have received from, sent to, or that concern any person who was an employee or officer at any time of Dental Concepts, DenTek and/or Prestige Brands, including, but not limited to, Kelly Kaplan, Richard Riordan, Mike Lesser and Ray Duane.

33. All documents and things you have received from, sent to, or that concern any faculty advisors or consultants at any academic institution or university, including, but not limited to, the Tufts University School of Dental Medicine and Tufts (Dental Ideas) dentists, such as Noshir Mehta, Ayman Aboushala, and Gerard Kugel.

34. All documents and things regarding the 2007 NACDS Marketplace Conference that you attended, including but not limited to, your role as a "consultant" to DenTek.

35. All documents and information concerning or relating to Dental Concepts that you provided to DenTek at any time.