EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MEDTECH PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>RANIR, LLC and<br>CVS PHARMACY, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 07 CV 03302-UA-LMS

|  |  |
|---|---|
| MEDTECH PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>DENTEK ORAL CARE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOTICE OF DEPOSITIONS OF
AND SUBPOENAS TO NON-PARTIES
DENTAL IDEAS INC., NOSHIR R.
MEHTA, GERARD KUGEL AND
AYMAN ABOUSHALA

|  |  |
|---|---|
| MEDTECH PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>POWER PRODUCTS, INC.<br>d/b/a SPLINTEK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO:    Defendants' Counsel of Record (See Certificate of Service)

Please take notice that plaintiff, by and through its counsel pursuant to the *Federal Rules of Civil Procedure*, will take the following depositions at the offices of LeBoeuf Lamb, 260 Franklin Street, Boston, Massachusetts 02110:

| Deponent | Date | Time |
|---|---|---|
| Gerard Kugel, D.M.D., M.S. | July 23, 2007 | 1:00 p.m. |
| Noshir R. Mehta, D.M.D., M.S. | July 24, 2007 | 9:00 a.m. |
| Ayman Aboushala, D.M.D., M.S. | July 24, 2007 | 1:00 p.m. |

These depositions will continue from day to day until completed and will be recorded by stenographic means before a notary public, an official court reporter, or other person authorized by law to administer an oath. The depositions may also be recorded by audiovisual means.

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, plaintiff has subpoenaed, in the subpoenas attached hereto, the following non-parties to produce and permit inspection and copying of certain documents at 9:00 a.m. on July 23, 2007, at the offices of LeBoeuf Lamb, 260 Franklin Street, Boston, Massachusetts 02110:

Dental Ideas Inc.

Gerard Kugel, D.M.D., M.S.

Noshir R. Mehta, D.M.D., M.S.

Ayman Aboushala, D.M.D., M.S.

Respectfully submitted,

ALSTON & BIRD LLP

By:  ___ s/ Karl Geercken _____
Karl Geercken (KG 5897)
Amy Manning (AM 0338)
90 Park Avenue
New York, New York 10016-1387
(212) 210-9471 (phone)
(212) 210-9444 (facsimile)
karl.geercken@alston.com
amy.manning@alston.com

W. Edward Ramage, TN BPR No. 16261
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.1800
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee  37201
(615) 726-5600
eramage@bakerdonelson.com
Admitted Pro Hac Vice

Micheline Kelly Johnson, TN BPR No.
13847
Clinton P. Sanko, TN BPR No. 23354
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee  37450-1800
(423) 756-2010
mjohnson@bakerdonelson.com
csanko@bakerdonelson.com
Admitted Pro Hac Vice

- 3 -

Of Counsel:

Todd R. David , GA BPR No. 206526
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com

Carl M. Davis II, GA Bar Number 207710
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.1800
Six Concourse Parkway
Suite 3100
Atlanta, Georgia  30328
(678) 406-8700
cdavis@bakerdonelson.com

Attorneys for Plaintiff
Medtech Products Inc.

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 6th day of July, 2007, caused a copy of the foregoing Notice of Depositions of and Subpoenas to Non-Parties Dental Ideas Inc., Noshir R. Mehta, Gerard Kugel and Ayman Aboushala to be served upon the following counsel of record for the Defendants in the above-styled cause:

James Holman Shalek, Esq.
Alan Federbush, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
(212) 969-3000
Fax: (212) 969-2900
Email:  jshalek@proskauer.com
          afederbush@proskauer.com

Gregory James Sieczkiewicz
Proskauer Rose LLP
One International Place
Boston, MA 02110
(617) 526-9734
Fax: (617) 526-9899
Email: gsieczkiewicz@proskauer.com

*Attorneys for Consolidated Defendant and Counter Claimant
DenTek Oral Care, Inc.*

Kathy Dutton Helmer, Esq.
Anthony P. La Rocco, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis, LLP (NJ)
One Newark Center
10th Floor
Newark, NJ 07102
(973)-848-4049
Fax: (973)-848-4001
Email:  kathy.helmer@klgates.com
          anthony.larocco@klgates.com

Barry Pickens, Esq.
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
(816) 474-8100
Fax: (816) 474-3216
Email:  bpickens@spencerfane.com

*Attorneys for Consolidated Defendant and Counter Claimaint*
*Power Products, Inc. (d/b/a Splintek)*

via e-mail and by U.S. Mail postage-paid.

ALSTON & BIRD LLP

By:  <u>s/ Victoria Ford</u>
     Victoria Ford

Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MEDTECH PRODUCTS INC.,

    Plaintiff,

    v.

RANIR, LLC and
CVS PHARMACY, INC.

    Defendant.

MEDTECH PRODUCTS INC.,

    Plaintiff,

    v.

DENTEK ORAL CARE, INC.,

    Defendant.

MEDTECH PRODUCTS INC.,

    Plaintiff,

    v.

POWER PRODUCTS, INC.
d/b/a SPLINTEK,

    Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]  07 CV 03302-UA-LMS
Pending in the United States District Court
for the Southern District of New York

TO:    **Dental Ideas Inc.**
       **50 Maugus Hill Road**
       **Wellesley, Massachusetts  02481**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[1] If action is pending in district other than district of issuance, state district under case number.

☑    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **SEE ATTACHED SCHEDULE A**

| PLACE<br>LeBoeuf Lamb<br>260 Franklin Street<br>Boston, MA 02110 | DATE AND TIME<br>**9:00 a.m.**<br>**July 23, 2007** |
| --- | --- |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>ALSTON & BIRD LLP<br>By: _[signature]_                                    **Attorneys for Plaintiff** | DATE<br>**July 5, 2007** |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karl Geercken, Esq.  (KG 5897)
Alston & Bird LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9471

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, you (Dental Ideas Inc.) are commanded to produce the following books, documents, electronically stored information or tangible things in your possession, custody or control at the following time and place:

Date:   July 23, 2007

Time:   9:00 a.m.

Place:  LeBoeuf Lamb
        260 Franklin Street
        Boston, MA  02110

In lieu of production at the time and place designated above, you may mail the designated books, documents, electronically stored information or tangible things, or copies or reproductions thereof, to the following counsel of record for Medtech Products Inc.:

Karl Geercken, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9471

## DEFINITIONS

A.    **You or Your.**  As used herein, the term "you" or "your" means you, Ayman Aboushala.

B.    **Document.**  As used herein, the term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the *Federal Rules of Civil Procedure*, including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

C.    **Communication.**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

D.    **Concerning.**  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E.    **All/Each.**  The terms "all" and "each" shall be construed as all and each.

F.     **And/Or.**  The connectives "and' and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

A.     Electronically stored information is generally to be produced, at your option, in either (a) its native file format or (b) in Tagged Image File Format ("TIFF") with optical character recognition ("OCR").  However, Microsoft Excel Spreadsheets and Power Point files are to be produced in their native format with all metadata intact.

B.     If any document called for by any request herein is to be withheld pursuant to any purported privilege or immunity:

  1.     State the basis for such claim of privilege or immunity (e.g., attorney-client privilege);

  2.     Identify the document being withheld by stating the name or title of the document, the type of document, its date, author, addressee, copyee(s), a general description of its subject matter, its present location(s) and custodian(s), each person who, to your knowledge, has seen it and the exact grounds on which the objection to production is based; and

  3.     State the number and/or portion of the request to which each such document would be responsive.

C.     If any document or portion of any document called for by any request herein has been destroyed or lost, state the subject of each such document; identify the persons who originated, received copies of and/or read each such document; describe the contents of each such document; identify the location where a copy of each such document is or may be located; and, in cases where the document was destroyed, state the date of destruction, the name of the person who ordered or authorized such destruction and why the destruction was ordered or authorized.

D.     Pursuant to Rule 34 of the *Federal Rules of Civil Procedure* this request for production of documents and tangible things applies to all documents and tangible things which are in your possession, custody or control.

E.     Medtech specifically requests that you preserve any computer that has electronically stored information that relates to the documents to be produced.

## DOCUMENTS TO BE PRODUCED.

Please produce the following:

1.     Any documents relating or referring to Dental Concepts.

## DOCUMENTS TO BE PRODUCED.

Please produce the following:

1.       Any documents relating or referring to Dental Concepts.

2.       Any documents constituting, relating, or referring to the Product Design Agreement between Dental Concepts and Dental Ideas.

3.       Any documents constituting, relating, or referring to communications by, between or among Noshir R. Mehta, D.M.D., M.S. ("Dr. Mehta"), Ayman Aboushala, D.D.S., M.S. ("Dr. Aboushala"), and/or Gerard Kugel, D.M.D., M.S. ("Dr. Kugel") and any person at Dental Concepts, including, but not limited to, Ray Duane ("Duane"), Kelly Kaplan ("Kaplan"), Michael Lesser ("Lesser"), Richard Riordan ("Riordan"), and Allan Smallheer ("Smallheer"). This request includes, but is not limited to, any e-mail communications exchanged relating to Dental Concepts.

4.       Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to Dental Concepts.  This request includes, but is not limited to, any testimony provided by Dr. Aboushala, Dr. Mehta and/or Dr. Kugel to the Dental Advisory Panel of the Federal Food and Drug Administration ("FDA").

5.       Any documents relating or referring to any dental guard designed to prevent nighttime bruxism.

6.       Any documents constituting, relating or referring to any communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person associated with Medtech Products Inc. (Prestige Brand Holdings, Inc.) ("Medtech"), including, but not limited to, Robert Storcks. This request includes, but is not limited to, any e-mail communications exchanged relating to Medtech.

7.       Any documents constituting, relating, or referring to any proposals, proposed agreements, or other negotiations with Medtech for the provision of any services regarding consulting, knowledge or expertise of Dr. Mehta, Dr. Aboushala, and/or Dr. Kugel relating to dental guards.

8.       Any documents relating or referring to any proceedings before the FDA relating to dental guards. This request includes, but is not limited to, any documents relating to or referring to any 510(k) notifications, testimony before any advisory panels, or communications with any person.

9.       Any documents relating or referring to the relationship of Dental Ideas to Tufts University School of Dental Medicine.

10.       Any documents relating or referring to the ownership or ownership structure of Dental Ideas.

11.       Any documents relating or referring to DenTek Oral Care, Inc. ("DenTek").

12.    Any documents relating or referring to Dr. Mehta's interview and/or statement for the April 11, 2007 "Are You Bruxing" statement. (Statement: "With no food to absorb the impact and no consciousness to exert control, nocturnal teeth grinding is powerful enough to crack a walnut," said Dr. Noshir Mehta, professor and chairman of the Department of General Dentistry at Tufts University School of Dental Medicine. "Grinding can exert up to ten times the pressure on teeth and can range as high as 3,000 psi.").

13.    Any documents constituting, relating, or referring to any agreement or contract between DenTek and Dental Ideas.

14.    Any documents constituting, relating, or referring to any agreement or contract with any party whereby Dental Ideas, Dr. Mehta, Dr. Aboushala and/or Dr. Kugel agreed to to not provide consulting services relating to dental guards for other persons other than the contracting party (as was communicated to Robert Storcks).

15.    Any documents constituting, relating, or referring to communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person at DenTek, including, but not limited to, Ray Duane ("Duane") and Kelly Kaplan ("Kaplan. This request includes, but is not limited to, any e-mail communications exchanged relating to DenTek.

16.    Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to DenTek.

17.    Documents sufficient to identify any contacts made by Kelly Kaplan to Dr. Mehta, Dr. Aboushala and/or Dr. Kugel after September 19, 2005.

18.    Any documents relating or referring to DenTek's "NightGuard" dental protector.

19.    Any documents relating or referring to THE DOCTOR'S NIGHTGUARD.

Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEDTECH PRODUCTS INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>RANIR, LLC and<br>CVS PHARMACY, INC.<br><br>      Defendant.<br><br>MEDTECH PRODUCTS INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>DENTEK ORAL CARE, INC.,<br><br>      Defendant.<br><br>MEDTECH PRODUCTS INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>POWER PRODUCTS, INC.<br>d/b/a SPLINTEK,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **SUBPOENA IN A CIVIL CASE**<br>)<br>)<br>)   **CASE NUMBER:** [1]  **07 CV 03302-UA-LMS**<br>)   Pending in the United States District Court<br>)   for the Southern District of New York<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TO:**    **Gerard Kugel, D.M.D., M.S.**
           **Tufts University School of Dental Medicine**
           **One Kneeland Street**
           **Boston , MA  02111**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>LeBoeuf Lamb<br>260 Franklin Street<br>Boston, MA  02110 | DATE AND TIME<br><br>1:00 p.m.<br>July 23, 2007 |
|---|---|

[1] If action is pending in district other than district of issuance, state district under case number.

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED SCHEDULE A**

| PLACE<br>**LeBoeuf Lamb**<br>**260 Franklin Street**<br>**Boston, MA  02110** | DATE AND TIME<br><br>**9:00 a.m.**<br>**July 23, 2007** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>**ALSTON & BIRD LLP**<br><br>By: _____                    **Attorneys for Plaintiff** | DATE<br><br>**July 5, 2007** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Karl Geercken, Esq. (KG 5897)**
**Alston & Bird LLP**
**90 Park Avenue**
**New York, NY  10016-1387**
**(212) 210-9471**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, you (Gerard Kugel) are commanded to produce the following books, documents, electronically stored information or tangible things in your possession, custody or control at the following time and place:

Date:  July 23, 2007

Time:  9:00 a.m.

Place:  LeBoeuf Lamb
260 Franklin Street
Boston, MA 02110

In lieu of production at the time and place designated above, you may mail the designated books, documents, electronically stored information or tangible things, or copies or reproductions thereof, to the following counsel of record for Medtech Products Inc.:

Karl Geercken, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9471

Your deposition will be taken and recorded by stenographic means before a notary public, an official court reporter, or other person authorized by law to administer an oath, and may also be recorded by audiovisual means, at the following time and place:

Date:  July 23, 2007

Time:  1:00 p.m.

Place:  LeBoeuf Lamb
260 Franklin Street
Boston, MA 02110

## DEFINITIONS

A.    **You or Your.**  As used herein, the term "you" or "your" means you, Gerard Kugel.

B.    **Document.**  As used herein, the term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the *Federal Rules of Civil Procedure*, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

C. **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

D. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E. **All/Each.** The terms "all" and "each" shall be construed as all and each.

F. **And/Or.** The connectives "and' and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

A. Electronically stored information is generally to be produced, at your option, in either (a) its native file format or (b) in Tagged Image File Format ("TIFF") with optical character recognition ("OCR"). However, Microsoft Excel Spreadsheets and Power Point files are to be produced in their native format with all metadata intact.

B. If any document called for by any request herein is to be withheld pursuant to any purported privilege or immunity:

> 1. State the basis for such claim of privilege or immunity (e.g., attorney-client privilege);
>
> 2. Identify the document being withheld by stating the name or title of the document, the type of document, its date, author, addressee, copyee(s), a general description of its subject matter, its present location(s) and custodian(s), each person who, to your knowledge, has seen it and the exact grounds on which the objection to production is based; and
>
> 3. State the number and/or portion of the request to which each such document would be responsive.

C. If any document or portion of any document called for by any request herein has been destroyed or lost, state the subject of each such document; identify the persons who originated, received copies of and/or read each such document; describe the contents of each such document; identify the location where a copy of each such document is or may be located; and, in cases where the document was destroyed, state the date of destruction, the name of the person who ordered or authorized such destruction and why the destruction was ordered or authorized.

D. Pursuant to Rule 34 of the *Federal Rules of Civil Procedure* this request for production of documents and tangible things applies to all documents and tangible things which are in your possession, custody or control.

E. Medtech specifically requests that you preserve any computer that has electronically stored information that relates to the documents to be produced.

## DOCUMENTS TO BE PRODUCED.

Please produce the following:

1.    Any documents relating or referring to Dental Concepts.

2.    Any documents constituting, relating, or referring to the Product Design Agreement between Dental Concepts and Dental Ideas.

3.    Any documents constituting, relating, or referring to communications by, between or among Noshir R. Mehta, D.M.D., M.S. ("Dr. Mehta"), Ayman Aboushala, D.D.S., M.S. ("Dr. Aboushala"), and/or Gerard Kugel, D.M.D., M.S. ("Dr. Kugel") and any person at Dental Concepts, including, but not limited to, Ray Duane ("Duane"), Kelly Kaplan ("Kaplan"), Michael Lesser ("Lesser"), Richard Riordan ("Riordan"), and Allan Smallheer ("Smallheer"). This request includes, but is not limited to, any e-mail communications exchanged relating to Dental Concepts.

4.    Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to Dental Concepts. This request includes, but is not limited to, any testimony provided by Dr. Aboushala, Dr. Mehta and/or Dr. Kugel to the Dental Advisory Panel of the Federal Food and Drug Administration ("FDA").

5.    Any documents relating or referring to any dental guard designed to prevent nighttime bruxism.

6.    Any documents constituting, relating or referring to any communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person associated with Medtech Products Inc. (Prestige Brand Holdings, Inc.) ("Medtech"), including, but not limited to, Robert Storcks. This request includes, but is not limited to, any e-mail communications exchanged relating to Medtech.

7.    Any documents constituting, relating, or referring to any proposals, proposed agreements, or other negotiations with Medtech for the provision of any services regarding consulting, knowledge or expertise of Dr. Mehta, Dr. Aboushala, and/or Dr. Kugel relating to dental guards.

8.    Any documents relating or referring to any proceedings before the FDA relating to dental guards. This request includes, but is not limited to, any documents relating to or referring to any 510(k) notifications, testimony before any advisory panels, or communications with any person.

9.    Any documents relating or referring to the relationship of Dental Ideas to Tufts University School of Dental Medicine.

10.    Any documents relating or referring to the ownership or ownership structure of Dental Ideas.

11.    Any documents relating or referring to DenTek Oral Care, Inc. ("DenTek").

12.     Any documents relating or referring to Dr. Mehta's interview and/or statement for the April 11, 2007 "Are You Bruxing" statement. (Statement: "With no food to absorb the impact and no consciousness to exert control, nocturnal teeth grinding is powerful enough to crack a walnut," said Dr. Noshir Mehta, professor and chairman of the Department of General Dentistry at Tufts University School of Dental Medicine. "Grinding can exert up to ten times the pressure on teeth and can range as high as 3,000 psi.").

13.     Any documents constituting, relating, or referring to any agreement or contract between DenTek and Dental Ideas.

14.     Any documents constituting, relating, or referring to any agreement or contract with any party whereby Dental Ideas, Dr. Mehta, Dr. Aboushala and/or Dr. Kugel agreed to to not provide consulting services relating to dental guards for other persons other than the contracting party (as was communicated to Robert Storcks).

15.     Any documents constituting, relating, or referring to communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person at DenTek, including, but not limited to, Ray Duane ("Duane") and Kelly Kaplan ("Kaplan. This request includes, but is not limited to, any e-mail communications exchanged relating to DenTek.

16.     Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to DenTek.

17.     Documents sufficient to identify any contacts made by Kelly Kaplan to Dr. Mehta, Dr. Aboushala and/or Dr. Kugel after September 19, 2005.

18.     Any documents relating or referring to DenTek's "NightGuard" dental protector.

19.     Any documents relating or referring to THE DOCTOR'S NIGHTGUARD.

Issued by the
## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MEDTECH PRODUCTS INC.,                )
                                      )
    Plaintiff,    )
                                      )
    v.            )
                                      )
RANIR, LLC and                        )    SUBPOENA IN A CIVIL CASE
CVS PHARMACY, INC.                    )
                                      )
    Defendant.    )    CASE NUMBER: [1]  07 CV 03302-UA-LMS
_____ )    Pending in the United States District Court
                                      )    for the Southern District of New York
MEDTECH PRODUCTS INC.,                )
                                      )
    Plaintiff,    )
                                      )
    v.            )
                                      )
DENTEK ORAL CARE, INC.,               )
                                      )
    Defendant.    )
_____ )
                                      )
MEDTECH PRODUCTS INC.,                )
                                      )
    Plaintiff,    )
                                      )
    v.            )
                                      )
POWER PRODUCTS, INC.                  )
  d/b/a SPLINTEK,                 )
                                      )
    Defendant.    )
_____ )


TO:    **Noshir R. Mehta, D.M.D., M.S.**
       **Tufts University School of Dental Medicine**
       **One Kneeland Street**
       **Boston , MA  02111**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| **LeBoeuf Lamb** | |
| **260 Franklin Street** | **9:00 a.m.** |
| **Boston, MA  02110** | **July 24, 2007** |

[1] If action is pending in district other than district of issuance, state district under case number.

☑     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

## SEE ATTACHED SCHEDULE A

| PLACE<br>**LeBoeuf Lamb**<br>**260 Franklin Street**<br>**Boston, MA 02110** | DATE AND TIME<br><br>**9:00 a.m.**<br>**July 23, 2007** |
|---|---|

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>**ALSTON & BIRD LLP**<br>By:                                              **Attorneys for Plaintiff** | DATE<br><br>**July 5, 2007** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Karl Geercken, Esq.  (KG 5897)**
**Alston & Bird LLP**
**90 Park Avenue**
**New York, NY  10016-1387**
**(212) 210-9471**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, you (Noshir R. Mehta) are commanded to produce the following books, documents, electronically stored information or tangible things in your possession, custody or control at the following time and place:

Date:  July 23, 2007

Time:  9:00 a.m.

Place:  LeBoeuf Lamb
260 Franklin Street
Boston, MA  02110

In lieu of production at the time and place designated above, you may mail the designated books, documents, electronically stored information or tangible things, or copies or reproductions thereof, to the following counsel of record for Medtech Products Inc.:

Karl Geercken, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9471

Your deposition will be taken and recorded by stenographic means before a notary public, an official court reporter, or other person authorized by law to administer an oath, and may also be recorded by audiovisual means, at the following time and place:

Date:  July 24, 2007

Time:  9:00 a.m.

Place:  LeBoeuf Lamb
260 Franklin Street
Boston, MA  02110

## DEFINITIONS

A.    **You or Your.**  As used herein, the term "you" or "your" means you, Noshir R. Mehtat.

B.    **Document.**  As used herein, the term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the *Federal Rules of Civil Procedure*, including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

C.    **Communication.**    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

D.    **Concerning.**  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E.    **All/Each.**  The terms "all" and "each" shall be construed as all and each.

F.    **And/Or.**  The connectives "and' and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

A.    Electronically stored information is generally to be produced, at your option, in either (a) its native file format or (b) in Tagged Image File Format ("TIFF") with optical character recognition ("OCR").  However, Microsoft Excel Spreadsheets and Power Point files are to be produced in their native format with all metadata intact.

B.    If any document called for by any request herein is to be withheld pursuant to any purported privilege or immunity:

> 1.    State the basis for such claim of privilege or immunity (e.g., attorney-client privilege);
>
> 2.    Identify the document being withheld by stating the name or title of the document, the type of document, its date, author, addressee, copyee(s), a general description of its subject matter, its present location(s) and custodian(s), each person who, to your knowledge, has seen it and the exact grounds on which the objection to production is based; and
>
> 3.    State the number and/or portion of the request to which each such document would be responsive.

C.    If any document or portion of any document called for by any request herein has been destroyed or lost, state the subject of each such document; identify the persons who originated, received copies of and/or read each such document; describe the contents of each such document; identify the location where a copy of each such document is or may be located; and, in cases where the document was destroyed, state the date of destruction, the name of the person who ordered or authorized such destruction and why the destruction was ordered or authorized.

D.    Pursuant to Rule 34 of the *Federal Rules of Civil Procedure* this request for production of documents and tangible things applies to all documents and tangible things which are in your possession, custody or control.

E.    Medtech specifically requests that you preserve any computer that has electronically stored information that relates to the documents to be produced.

## DOCUMENTS TO BE PRODUCED.

Please produce the following:

1.      Any documents relating or referring to Dental Concepts.

2.      Any documents constituting, relating, or referring to the Product Design Agreement between Dental Concepts and Dental Ideas.

3.      Any documents constituting, relating, or referring to communications by, between or among Noshir R. Mehta, D.M.D., M.S. ("Dr. Mehta"), Ayman Aboushala, D.D.S., M.S. ("Dr. Aboushala"), and/or Gerard Kugel, D.M.D., M.S. ("Dr. Kugel") and any person at Dental Concepts, including, but not limited to, Ray Duane ("Duane"), Kelly Kaplan ("Kaplan"), Michael Lesser ("Lesser"), Richard Riordan ("Riordan"), and Allan Smallheer ("Smallheer"). This request includes, but is not limited to, any e-mail communications exchanged relating to Dental Concepts.

4.      Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to Dental Concepts. This request includes, but is not limited to, any testimony provided by Dr. Aboushala, Dr. Mehta and/or Dr. Kugel to the Dental Advisory Panel of the Federal Food and Drug Administration ("FDA").

5.      Any documents relating or referring to any dental guard designed to prevent nighttime bruxism.

6.      Any documents constituting, relating or referring to any communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person associated with Medtech Products Inc. (Prestige Brand Holdings, Inc.) ("Medtech"), including, but not limited to, Robert Storcks. This request includes, but is not limited to, any e-mail communications exchanged relating to Medtech.

7.      Any documents constituting, relating, or referring to any proposals, proposed agreements, or other negotiations with Medtech for the provision of any services regarding consulting, knowledge or expertise of Dr. Mehta, Dr. Aboushala, and/or Dr. Kugel relating to dental guards.

8.      Any documents relating or referring to any proceedings before the FDA relating to dental guards. This request includes, but is not limited to, any documents relating to or referring to any 510(k) notifications, testimony before any advisory panels, or communications with any person.

9.      Any documents relating or referring to the relationship of Dental Ideas to Tufts University School of Dental Medicine.

10.     Any documents relating or referring to the ownership or ownership structure of Dental Ideas.

11.     Any documents relating or referring to DenTek Oral Care, Inc. ("DenTek").

12.    Any documents relating or referring to Dr. Mehta's interview and/or statement for the April 11, 2007 "Are You Bruxing" statement. (Statement: "With no food to absorb the impact and no consciousness to exert control, nocturnal teeth grinding is powerful enough to crack a walnut," said Dr. Noshir Mehta, professor and chairman of the Department of General Dentistry at Tufts University School of Dental Medicine. "Grinding can exert up to ten times the pressure on teeth and can range as high as 3,000 psi.").

13.    Any documents constituting, relating, or referring to any agreement or contract between DenTek and Dental Ideas.

14.    Any documents constituting, relating, or referring to any agreement or contract with any party whereby Dental Ideas, Dr. Mehta, Dr. Aboushala and/or Dr. Kugel agreed to to not provide consulting services relating to dental guards for other persons other than the contracting party (as was communicated to Robert Storcks).

15.    Any documents constituting, relating, or referring to communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person at DenTek, including, but not limited to, Ray Duane ("Duane") and Kelly Kaplan ("Kaplan. This request includes, but is not limited to, any e-mail communications exchanged relating to DenTek.

16.    Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to DenTek.

17.    Documents sufficient to identify any contacts made by Kelly Kaplan to Dr. Mehta, Dr. Aboushala and/or Dr. Kugel after September 19, 2005.

18.    Any documents relating or referring to DenTek's "NightGuard" dental protector.

19.    Any documents relating or referring to THE DOCTOR'S NIGHTGUARD.

Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

MEDTECH PRODUCTS INC.,

    Plaintiff,

    v.

RANIR, LLC and
CVS PHARMACY, INC.

    Defendant.

MEDTECH PRODUCTS INC.,

    Plaintiff,

    v.

DENTEK ORAL CARE, INC.,

    Defendant.

MEDTECH PRODUCTS INC.,

    Plaintiff,

    v.

POWER PRODUCTS, INC.
d/b/a SPLINTEK,

    Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]   07 CV 03302-UA-LMS
Pending in the United States District Court
for the Southern District of New York

TO:    **Ayman Aboushala, D.M.D., M.S.**
            **Tufts University School of Dental Medicine**
            **One Kneeland Street**
            **Boston , MA  02111**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>LeBoeuf Lamb<br>260 Franklin Street<br>Boston, MA  02110 | DATE AND TIME<br><br>1:00 p.m.<br>July 24, 2007 |
|---|---|

[1] If action is pending in district other than district of issuance, state district under case number.

☑     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

## SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| LeBoeuf Lamb<br>260 Franklin Street<br>Boston, MA  02110 | 9:00 a.m.<br>July 23, 2007 |

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ALSTON & BIRD LLP<br><br>By: _____      **Attorneys for Plaintiff** | July 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karl Geercken, Esq.  (KG 5897)
Alston & Bird LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9471

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply with production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, you (Ayman Aboushala) are commanded to produce the following books, documents, electronically stored information or tangible things in your possession, custody or control at the following time and place:

Date:  July 23, 2007

Time:  9:00 a.m.

Place:  LeBoeuf Lamb
260 Franklin Street
Boston, MA  02110

In lieu of production at the time and place designated above, you may mail the designated books, documents, electronically stored information or tangible things, or copies or reproductions thereof, to the following counsel of record for Medtech Products Inc.:

Karl Geercken, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9471

Your deposition will be taken and recorded by stenographic means before a notary public, an official court reporter, or other person authorized by law to administer an oath, and may also be recorded by audiovisual means, at the following time and place:

Date:  July 24, 2007

Time:  1:00 p.m.

Place:  LeBoeuf Lamb
260 Franklin Street
Boston, MA  02110

## DEFINITIONS

A.    **You or Your.**  As used herein, the term "you" or "your" means you, Ayman Aboushala.

B.    **Document.**  As used herein, the term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the *Federal Rules of Civil Procedure*, including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

C.      **Communication.**    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

D.      **Concerning.**  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E.      **All/Each.**  The terms "all" and "each" shall be construed as all and each.

F.      **And/Or.**  The connectives "and' and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

A.      Electronically stored information is generally to be produced, at your option, in either (a) its native file format or (b) in Tagged Image File Format ("TIFF") with optical character recognition ("OCR"). However, Microsoft Excel Spreadsheets and Power Point files are to be produced in their native format with all metadata intact.

B.      If any document called for by any request herein is to be withheld pursuant to any purported privilege or immunity:

> 1.      State the basis for such claim of privilege or immunity (e.g., attorney-client privilege);
>
> 2.      Identify the document being withheld by stating the name or title of the document, the type of document, its date, author, addressee, copyee(s), a general description of its subject matter, its present location(s) and custodian(s), each person who, to your knowledge, has seen it and the exact grounds on which the objection to production is based; and
>
> 3.      State the number and/or portion of the request to which each such document would be responsive.

C.      If any document or portion of any document called for by any request herein has been destroyed or lost, state the subject of each such document; identify the persons who originated, received copies of and/or read each such document; describe the contents of each such document; identify the location where a copy of each such document is or may be located; and, in cases where the document was destroyed, state the date of destruction, the name of the person who ordered or authorized such destruction and why the destruction was ordered or authorized.

D.      Pursuant to Rule 34 of the *Federal Rules of Civil Procedure* this request for production of documents and tangible things applies to all documents and tangible things which are in your possession, custody or control.

E.      Medtech specifically requests that you preserve any computer that has electronically stored information that relates to the documents to be produced.

## DOCUMENTS TO BE PRODUCED.

Please produce the following:

1.    Any documents relating or referring to Dental Concepts.

2.    Any documents constituting, relating, or referring to the Product Design Agreement between Dental Concepts and Dental Ideas.

3.    Any documents constituting, relating, or referring to communications by, between or among Noshir R. Mehta, D.M.D., M.S. ("Dr. Mehta"), Ayman Aboushala, D.D.S., M.S. ("Dr. Aboushala"), and/or Gerard Kugel, D.M.D., M.S. ("Dr. Kugel") and any person at Dental Concepts, including, but not limited to, Ray Duane ("Duane"), Kelly Kaplan ("Kaplan"), Michael Lesser ("Lesser"), Richard Riordan ("Riordan"), and Allan Smallheer ("Smallheer"). This request includes, but is not limited to, any e-mail communications exchanged relating to Dental Concepts.

4.    Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to Dental Concepts. This request includes, but is not limited to, any testimony provided by Dr. Aboushala, Dr. Mehta and/or Dr. Kugel to the Dental Advisory Panel of the Federal Food and Drug Administration ("FDA").

5.    Any documents relating or referring to any dental guard designed to prevent nighttime bruxism.

6.    Any documents constituting, relating or referring to any communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person associated with Medtech Products Inc. (Prestige Brand Holdings, Inc.) ("Medtech"), including, but not limited to, Robert Storcks. This request includes, but is not limited to, any e-mail communications exchanged relating to Medtech.

7.    Any documents constituting, relating, or referring to any proposals, proposed agreements, or other negotiations with Medtech for the provision of any services regarding consulting, knowledge or expertise of Dr. Mehta, Dr. Aboushala, and/or Dr. Kugel relating to dental guards.

8.    Any documents relating or referring to any proceedings before the FDA relating to dental guards. This request includes, but is not limited to, any documents relating to or referring to any 510(k) notifications, testimony before any advisory panels, or communications with any person.

9.    Any documents relating or referring to the relationship of Dental Ideas to Tufts University School of Dental Medicine.

10.    Any documents relating or referring to the ownership or ownership structure of Dental Ideas.

11.    Any documents relating or referring to DenTek Oral Care, Inc. ("DenTek").

12.    Any documents relating or referring to Dr. Mehta's interview and/or statement for the April 11, 2007 "Are You Bruxing" statement. (Statement: "With no food to absorb the impact and no consciousness to exert control, nocturnal teeth grinding is powerful enough to crack a walnut," said Dr. Noshir Mehta, professor and chairman of the Department of General Dentistry at Tufts University School of Dental Medicine. "Grinding can exert up to ten times the pressure on teeth and can range as high as 3,000 psi.").

13.    Any documents constituting, relating, or referring to any agreement or contract between DenTek and Dental Ideas.

14.    Any documents constituting, relating, or referring to any agreement or contract with any party whereby Dental Ideas, Dr. Mehta, Dr. Aboushala and/or Dr. Kugel agreed to to not provide consulting services relating to dental guards for other persons other than the contracting party (as was communicated to Robert Storcks).

15.    Any documents constituting, relating, or referring to communications by, between or among Dr. Mehta, Dr. Aboushala and/or Dr. Kugel and any person at DenTek, including, but not limited to, Ray Duane ("Duane") and Kelly Kaplan ("Kaplan. This request includes, but is not limited to, any e-mail communications exchanged relating to DenTek.

16.    Any documents constituting, relating, or referring to any consultation, insights, clinical help, or other assistance provided to DenTek.

17.    Documents sufficient to identify any contacts made by Kelly Kaplan to Dr. Mehta, Dr. Aboushala and/or Dr. Kugel after September 19, 2005.

18.    Any documents relating or referring to DenTek's "NightGuard" dental protector.

19.    Any documents relating or referring to THE DOCTOR'S NIGHTGUARD.