# EXHIBIT H

**Sanko, Clinton**

**From:** Geercken, Karl [Karl.Geercken@alston.com]

**Sent:** Friday, July 06, 2007 10:24 AM

**To:** Federbush, Alan; Manning, Amy; Ramage, Edward

**Cc:** kathy.helmer@klgates.com; bpickens@spencerfane.com; Johnson, Micheline; Sanko, Clinton; David, Todd; Davis, II, Carl M.

**Subject:** RE: Duane Subpoena

Dear Alan:

This e-mail is in response to your letter of yesterday regarding the subpoena issued and served to Ray Duane.

First, we wanted to confirm that you indicated that your firm is going to represent Mr. Duane in connection with the subpoena. If this is incorrect, please let us know immediately and we will address future correspondence to Mr. Duane directly.

Second, we understand that you are planning on serving Mr. Duane's responses and any objections to the subpoena categories by today, in accordance with the deadline on the subpoena. You informed us that the number of documents and amount of electronically stored information ("ESI") is "small" because you understand Mr. Duane's involvement with the DenTek dental protector was and is minimal. You also indicated that any responsive documents would be produced by next Wednesday (July 11, 2007).

In the same regard, we would request that Mr. Duane (and DenTek) take reasonable measures to preserve any electronically stored information and documents that Mr. Duane may possess, whether or not you intend on producing the same, which relate to the subject matters of the subpoena. Please advise whether Mr. Duane would agree to have his computer imaged by a third party vendor (such as Kroll or Lexis Applied Discovery) at the time of his deposition to ensure that no discoverable ESI is destroyed.

Finally, Mr. Duane's involvement just became known to Medtech because of his participation--on behalf of DenTek--at a trade show. DenTek identified Mr. Duane as a "consultant" to DenTek. Mr. Duane, as a high-ranking officer of Dental Concepts, was paid $700,000 in a severance package and signed a Release similar in terms to Ms. Kaplan's Release, undertaking to keep Dental Concepts' information confidential. Mr. Duane's employment/involvement with DenTek is particularly concerning because in January 2007 he told a high-ranking employee at Prestige that he had already completed a limited "two month assignment" for DenTek. At that time there was no suggestion that Duane's "assignment" involved a dental bruxism device.

That DenTek has now employed in some capacity two of the five officers of Dental Concepts, coinciding with Dentek's release of its dental guard protector, gives rise to substantial concern on behalf of Medtech that requires immediate attention.

In short, Medtech believes that a quick deposition of Mr. Duane is both necessary, and, if your statements are true that he is uninvolved, minimally burdensome for you and Mr. Duane. As such, we propose that his deposition be taken next week, on July 12 or 13, 2007. This will provide you with the necessary time to produce the documents and make arrangements.

Please let us know if this is acceptable to you.

Thank you in advance,

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Direct - (212) 210-9471
Fax - (212) 210-9444
e-mail - karl.geercken@alston.com <mailto:karl.geercken@alston.com>
www.alston.com <http://www.alston.com/>

---

From: Federbush, Alan [mailto:AFederbush@proskauer.com]
Sent: Thursday, July 05, 2007 10:58 AM
To: Geercken, Karl; Manning, Amy; eramage@bakerdonelson.com
Cc: kathy.helmer@klgates.com; bpickens@spencerfane.com; mjohnson@bakerdonelson.com; csanko@bakerdonelson.com; David, Todd; cdavis@bakerdonelson.com

Subject: Duane Subpoena

Please see the attached letter.

<<NY SCAN.pdf>>

Regards,

Alan Federbush| PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
Voice: 212.969.3211 | Fax: 212.969.2900
afederbush@proskauer.com | www.proskauer.com <http://www.proskauer.com/index.html>

**************************************************************

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**************************************************************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==============================================================================

*****************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it

may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

**Sanko, Clinton**

**From:** Federbush, Alan [AFederbush@proskauer.com]
**Sent:** Friday, July 06, 2007 1:20 PM
**To:** Geercken, Karl
**Cc:** kathy.helmer@klgates.com; bpickens@spencerfane.com; Johnson, Micheline; Sanko, Clinton; David, Todd; Davis, II, Carl M.; Ramage, Edward; Manning, Amy
**Subject:** RE: Duane Subpoena

Dear Karl:

This e-mail is in response to your e-mail of earlier today.

As I indicated to Mr. Sanko and Mr. Ramage on the phone yesterday, Proskauer Rose will be representing Mr. Duane in connection with the subpoena.

As stated in my previous letter, pursuant to the Court's Scheduling Order presently in effect, depositions may not take place prior to July 23rd. At that time, we can reassess whether the other two court-ordered scheduling conditions regarding depositions cited in my letter have been met. We had hoped to avoid the needless expense and burden on the Court imposed by your untimely subpoena by offering you the opportunity to withdraw it, but if you are refusing to do so, we will formally serve Mr. Duane's objections by the end of the day.

You are correct that the volume of Mr. Duane's documents is "small," but I did not state they would be produced by July 11, 2007.

Please advise immediately whether you will withdraw the subpoena or if we need to go through the exercise of formally serving objections.

Regards,
Alan

Alan Federbush| PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
Voice: 212.969.3211 | Fax: 212.969.2900
afederbush@proskauer.com | www.proskauer.com

---

**From:** Geercken, Karl [mailto:Karl.Geercken@alston.com]
**Sent:** Friday, July 06, 2007 10:24 AM
**To:** Federbush, Alan; Manning, Amy; eramage@bakerdonelson.com
**Cc:** kathy.helmer@klgates.com; bpickens@spencerfane.com; mjohnson@bakerdonelson.com; csanko@bakerdonelson.com; David, Todd; cdavis@bakerdonelson.com
**Subject:** RE: Duane Subpoena

Dear Alan:

This e-mail is in response to your letter of yesterday regarding the subpoena issued and served to Ray Duane.

First, we wanted to confirm that you indicated that your firm is going to represent Mr. Duane in connection with the subpoena. If this is incorrect, please let us know immediately and we will address future correspondence to Mr. Duane directly.

Second, we understand that you are planning on serving Mr. Duane's responses and any objections to the subpoena categories by today, in accordance with the deadline on the subpoena. You informed us that the number of documents and amount of electronically stored information ("ESI") is "small" because you understand Mr. Duane's involvement with the DenTek dental protector was and is minimal. You also indicated that any responsive documents would be produced by next Wednesday (July 11, 2007).

In the same regard, we would request that Mr. Duane (and DenTek) take reasonable measures to preserve any electronically stored information and documents that Mr. Duane may possess, whether or not you intend on producing the same, which relate to the subject matters of the subpoena. Please advise whether Mr. Duane would agree to have his computer imaged by a third party vendor (such as Kroll or Lexis Applied Discovery) at the time of his deposition to ensure that no discoverable ESI is destroyed.

Finally, Mr. Duane's involvement just became known to Medtech because of his participation--on behalf of DenTek--at a trade show. DenTek identified Mr. Duane as a "consultant" to DenTek. Mr. Duane, as a high-ranking officer of Dental Concepts, was paid $700,000 in a severance package and signed a Release similar in terms to Ms. Kaplan's Release, undertaking to keep Dental Concepts' information confidential. Mr. Duane's employment/involvement with DenTek is particularly concerning because in January 2007 he told a high-ranking employee at Prestige that he had already completed a limited "two month assignment" for DenTek. At that time there was no suggestion that Duane's "assignment" involved a dental bruxism device.

That DenTek has now employed in some capacity two of the five officers of Dental Concepts, coinciding with Dentek's release of its dental guard protector, gives rise to substantial concern on behalf of Medtech that requires immediate attention.

In short, Medtech believes that a quick deposition of Mr. Duane is both necessary, and, if your statements are true that he is uninvolved, minimally burdensome for you and Mr. Duane. As such, we propose that his deposition be taken next week, on July 12 or 13, 2007. This will provide you with the necessary time to produce the documents and make arrangements.

Please let us know if this is acceptable to you.

Thank you in advance,

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Direct - (212) 210-9471
Fax - (212) 210-9444
e-mail - karl.geercken@alston.com <mailto:karl.geercken@alston.com>
www.alston.com <http://www.alston.com/>

**********************************************************
To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==============================================================================

**Sanko, Clinton**

**From:** Geercken, Karl [Karl.Geercken@alston.com]
**Sent:** Friday, July 06, 2007 5:06 PM
**To:** Federbush, Alan
**Cc:** kathy.helmer@klgates.com; bpickens@spencerfane.com; Johnson, Micheline; Sanko, Clinton; David, Todd; Davis, II, Carl M.; Ramage, Edward; Manning, Amy
**Subject:** RE: Duane Subpoena

Dear Alan:

Thank you for your e-mail and we have given some thought to your suggestions.

Our client declines to withdraw the subpoena.

The Court's Scheduling Order contemplates taking non-party depositions earlier in the process if the parties consent or the Court permits it (*see* scheduling order para. 3.c). We are happy to consider a short adjournment of the deposition if the noticed date--or July 12 or 13 as suggested below--is not a workable date for you or your client. Please simply let us know what date would work for the depositions.

These depositions are necessary given the new information which we have learned about Mr. Duane's employment with DenTek, as discussed below. Given the limited documents that Mr. Duane is represented to possess, his deposition preparation should be minimally burdensome. Moreover, my client believes that Mr. Duane's deposition now, versus later, will streamline the discovery process and move things forward more quickly for the party depositions.

As to the document request portion of the subpoena, you have not indicated any reason why that part of the subpoena is objectionable. As such, we expect documents will be produced as requested. If you are not able to produce documents on July 11, 2007, please let us know how long of an extension you need so that we can address any extensions with our client.

We look forward to moving forward as expeditiously as possible with discovery in this case.

Best regards,
Karl

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Direct - (212) 210-9471
Fax - (212) 210-9444
e-mail - karl.geercken@alston.com
www.alston.com

---

**From:** Federbush, Alan [mailto:AFederbush@proskauer.com]
**Sent:** Friday, July 06, 2007 1:20 PM
**To:** Geercken, Karl
**Cc:** kathy.helmer@klgates.com; bpickens@spencerfane.com; mjohnson@bakerdonelson.com; csanko@bakerdonelson.com; David, Todd; cdavis@bakerdonelson.com; eramage@bakerdonelson.com; Manning, Amy
**Subject:** RE: Duane Subpoena

Dear Karl:

This e-mail is in response to your e-mail of earlier today.

As I indicated to Mr. Sanko and Mr. Ramage on the phone yesterday, Proskauer Rose will be representing Mr. Duane in connection with the subpoena.

As stated in my previous letter, pursuant to the Court's Scheduling Order presently in effect, depositions may not take place prior to July 23rd. At that time, we can reassess whether the other two court-ordered scheduling conditions regarding depositions cited in my letter have been met. We had hoped to avoid the needless expense and burden on the Court imposed by your untimely subpoena by offering you the opportunity to withdraw it, but if you are refusing to do so, we will formally serve Mr. Duane's objections by the end of the day.

You are correct that the volume of Mr. Duane's documents is "small," but I did not state they would be produced by July 11, 2007.

Please advise immediately whether you will withdraw the subpoena or if we need to go through the exercise of formally serving objections.

Regards,
Alan

Alan Federbush| PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
Voice: 212.969.3211 | Fax: 212.969.2900
afederbush@proskauer.com | www.proskauer.com

---

**From:** Geercken, Karl [mailto:Karl.Geercken@alston.com]
**Sent:** Friday, July 06, 2007 10:24 AM
**To:** Federbush, Alan; Manning, Amy; eramage@bakerdonelson.com
**Cc:** kathy.helmer@klgates.com; bpickens@spencerfane.com; mjohnson@bakerdonelson.com; csanko@bakerdonelson.com; David, Todd; cdavis@bakerdonelson.com
**Subject:** RE: Duane Subpoena

Dear Alan:

This e-mail is in response to your letter of yesterday regarding the subpoena issued and served to Ray Duane.

First, we wanted to confirm that you indicated that your firm is going to represent Mr. Duane in connection with the subpoena. If this is incorrect, please let us know immediately and we will address future correspondence to Mr. Duane directly.

Second, we understand that you are planning on serving Mr. Duane's responses and any objections to the subpoena categories by today, in accordance with the deadline on the subpoena. You informed us that the number of documents and amount of electronically stored information ("ESI") is "small" because you understand Mr. Duane's involvement with the DenTek dental protector was and is minimal. You also indicated that any responsive documents would be produced by next Wednesday (July 11, 2007).

In the same regard, we would request that Mr. Duane (and DenTek) take reasonable measures to preserve any electronically stored information and documents that Mr. Duane may possess, whether or not you intend on producing the same, which relate to the subject matters of the subpoena. Please advise whether Mr. Duane would agree to have his computer imaged by a third party vendor (such as Kroll or Lexis Applied Discovery) at the time of his deposition to ensure that no discoverable ESI is destroyed.

Finally, Mr. Duane's involvement just became known to Medtech because of his participation--on behalf of DenTek--at a trade show. DenTek identified Mr. Duane as a "consultant" to DenTek. Mr. Duane, as a high-ranking officer of Dental Concepts, was paid $700,000 in a severance package and signed a Release similar in terms to Ms. Kaplan's Release, undertaking to keep Dental Concepts' information confidential. Mr. Duane's employment/involvement with DenTek is particularly concerning because in January 2007 he told a high-ranking employee at Prestige that he had already completed a limited "two month assignment" for DenTek. At that time there was no suggestion that Duane's "assignment" involved a dental bruxism device.

That DenTek has now employed in some capacity two of the five officers of Dental Concepts, coinciding with Dentek's release of

its dental guard protector, gives rise to substantial concern on behalf of Medtech that requires immediate attention.

In short, Medtech believes that a quick deposition of Mr. Duane is both necessary, and, if your statements are true that he is uninvolved, minimally burdensome for you and Mr. Duane. As such, we propose that his deposition be taken next week, on July 12 or 13, 2007. This will provide you with the necessary time to produce the documents and make arrangements.

Please let us know if this is acceptable to you.

Thank you in advance,

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Direct - (212) 210-9471
Fax - (212) 210-9444
e-mail - karl.geercken@alston.com <mailto:karl.geercken@alston.com>
www.alston.com <http://www.alston.com/>

*********************************************************
To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==============================================================================

******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone

(404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---