# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS, INC., <br>                    Plaintiff, <br> v. <br> DENTEK ORAL CARE, INC., <br>                    Defendant. | 07 CV 03302-WP4-LMS |
| MEDTECH PRODUCTS, INC., <br>                    Plaintiff, <br> v. <br> POWER PRODUCTS, INC., <br>                    Defendant. | **OBJECTIONS OF NON-PARTY RAYMOND DUANE TO MEDTECH PRODUCTS INC.'S SUBPOENA** |

      Pursuant to Rule 45(c), Fed. R. Civ. P., Raymond Duane objects to the subpoena served by plaintiff Medtech Products, Inc. in the above-captioned litigation. In particular, Mr. Duane objects to the timing of the deposition. The presently noticed date of July 10, 2007 is in direct violation of the Civil Case Discovery Plan and Scheduling Order entered on May 31, 2007 ("the Order") in this action permitting depositions to begin no earlier than July 23, 2007. Mr. Duane further objects to the timing of the noticed deposition in that the Order also states that non-party depositions should be conducted after party depositions and also not until the parties have completed their first round of document production.

      In addition, Mr. Duane objects as follows to producing the documents requested in the Schedule of Documents To Be Produced appended to that subpoena.

**GENERAL OBJECTIONS**

  A. Mr. Duane objects to Medtech's requests to the extent that they call for documents that are not in his possession, custody or control.

  B. Mr. Duane objects to Medtech's requests to the extent that they require the production of documents protected by the attorney-client privilege or work product privilege.

  C. Mr. Duane objects to Medtech's requests to the extent they seek information which is obtainable from some other source that is more convenient, less burdensome, less expensive, and/or from a party to the litigation.

  D. Mr. Duane objects to Medtech's requests to the extent they request confidential or proprietary information. Any documents produced will be produced on an outside attorneys' eyes' only basis.

  Subject to the foregoing general objections, Mr. Duane further responds as follows:

**Request No. 1**

  All documents and things concerning DenTek Oral Care, Inc. ("DenTek").

Response

  Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

  Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 2**

All documents concerning your communications with DenTek that preceded you having any relationship with DenTek.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 3**

All documents and things concerning your relationship with DenTek, whether as a consultant, contractor, agent, employee, or otherwise.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 4**

All documents evidencing any descriptions concerning your position with DenTek.

Response

Subject to the general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

3

**Request No. 5**

All documents concerning DenTek's description of your affiliation, including such descriptions in communications, advertising, and tradeshow applications.

Response

Subject to the general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 6**

All employee handbooks, policy manuals, memoranda, or other documents containing any corporate policies which you received from DenTek.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 7**

Any resume or curriculum vitae that you have in your possession that references Dental Concepts LLC ("Dental Concepts"), Medtech Products Inc. ("Medtech") or DenTek.

Response

Subject to the general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 8**

All documents concerning any contracts or agreements that you have with DenTek.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

4

Subject to the general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 9**

All documents concerning any assignment or duties that you have performed at any time for DenTek.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 10**

All documents concerning any compensation you have received or are receiving from DenTek.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 11**

All documents concerning Kelly Kaplan.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 12**

All documents concerning Richard Riordan.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 13**

All documents concerning Michael Lesser.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 14**

All documents concerning Frank Lesniak.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 15**

All documents concerning Dental Concepts, Medtech and/or Prestige Brands Inc. ("Prestige Brands").

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 16**

All documents concerning the General Release that you entered into with Dental Concepts.

Response

Subject to the general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 17**

All documents concerning any contract that you had with Dental Concepts and/or Medtech.

Response

Subject to the general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 18**

All documents concerning communications regarding dental protectors that are manufactured by DenTek.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 19**

All documents concerning communications which describe your role at either DenTek or Medtech.

Response

Subject to the general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 20**

All documents concerning communications in which you make any statements concerning dental protectors.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 21**

Any electronically stored information (ESI) that includes any of the proposed initial search terms included in this paragraph and relates to any of the topics in this Schedule, including the following sources: (a) any e-mail that was exchanged with any e-mail address that you have had at any time, including but not limited to CDSFIX@aol.com, whether currently existing locally or externally; or (b) any documents or files existing on any computer to which you have had access at any time; or (c) any Treo, Blackberry, cellphone, or other portable

8

electronic device that would contain ESI; or (d) any removable electronic medium that you have in your possession, custody or control; or (e) any DenTek computer that you have access to.

## PROPOSED INITIAL SEARCH TERMS:

Nightguard, nightguard,[1] brux, bruxism, bruxing, grind, grinding, Dentek, Prestige, Prestige Brands, prestigebrandsinc, dental concepts, dentalconcepts, dental, Kelly,[2] Kaplan, medtech, K053580, 510(k), 510k, Lesniak, Riordan, Lesser, 051, interocclusal, nighttime, K063483, Gerry, Butler, NACDS, Hayloft, Tufts, Bruxguard, mouth guard, mouthguard, FDA, adhesion, rigidity, resin, clenching, vicat, molding, patent, vinyl, acetate, ethylene, boiling, mouth piece, mouthpiece, dental protector, dental ideas, Stelray, De Haan, Dental Idea, Noshir Mehta, Ayman Aboushala, Gerard Kugel, Apple Marketing, William (Bill) Birndorff.

In connection with this request, Medtech would be willing to pay for an e-discovery vendor to image any of the above sources and run the searches in the ESI (at its own expense) if you so request. The results of the searches could be provided to your counsel for review for privilege prior to being produced to Medtech.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome. The ESI on Mr. Duane's computer is organized under the client name "DenTek" and to the extent any documents responsive to the requests in this subpoena exist, they can be more easily retrieved directly from that folder rather than performing Medtech's suggested extensive and burdensome searches. Mr. Duane further objects in that he has no Treo or Blackberry, no cellphone or other portable electronic device capable of storing ESI, and no

---

[1] Or any other abbreviation that you use for 'NIGHTGUARD."

[2] Or any other name or abbreviation that you use for Kelly Kaplan or the other individual and company names on this proposed list.

9

access to any DenTek computer. Mr. Duane further objects to the extent responsive documents are no longer in his possession, custody or control. Mr. Duane utilizes AOL.com for his email service which, to Mr. Duane's understanding, irretrievably autodeletes messages after three months.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 22**

All documents and things, including but not limited to all sketches, drawings and specifications, concerning the conception, design, construction and manufacture of DenTek's dental protector.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 23**

All documents and things concerning DenTek's use the mark "NIGHTGUARD," "NIGHT GUARD," or any variant thereof.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 24**

All documents and things, including but not limited to all communications, received from or sent to the United States Food and Drug Administration related to any dental protector.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 25**

All documents and things that you have that were prepared or created by you in your employment or affiliation with Dental Concepts and/or DenTek.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 26**

All documents and things prepared by any person affiliated in any way with Dental Concepts and/or DenTek.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 27**

All documents and things concerning Medtech's NIGHTGUARD™ brand dental protector.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 28**

All documents and things concerning DenTek's advertising, intended advertising, promotion, and/or intended promotion of DenTek's dental protector.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 29**

All documents and things concerning any contracts, agreements, with any third party concerning any advertising, promotion, or marketing of the DenTek's dental protector.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 30**

All documents concerning any communications between you and any other person regarding the subject matter of the above-captioned litigation.

Response

Mr. Duane objects to this request to the extent it seeks information that is protected from disclosure under either attorney-client or work product privileges.

Without waiver of the foregoing objections, Mr. Duane has no responsive documents.

**Request No. 31**

All documents and things concerning Medtech's patent (U.S. Patent No. 6,830,051).

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 32**

All documents and things you have received from, sent to, or that concern any person who was an employee or officer at any time of Dental Concepts, DenTek and/or Prestige Brands, including, but not limited to, Kelly Kaplan, Richard Riordan, Mike Lesser and Ray Duane.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 33**

All documents and things you have received from, sent to, or that concern any faculty advisors or consultants at any academic institution or university, including, but not limited to, the Tufts University School of Dental Medicine and Tufts (Dental Ideas) dentists, such as Noshir Mehta, Ayman Aboushala, and Gerard Kugel.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

**Request No. 34**

All documents and things regarding the 2007 NACDS Marketplace Conference that you attended, including but not limited to, your role as a "consultant" to DenTek.

Response

Mr. Duane objects to this request on the grounds that the request is overbroad and unduly burdensome to the extent it seeks information not relating to a nightguard.

Subject to the foregoing and general objections, responsive documents in Mr. Duane's possession, custody or control will be produced.

**Request No. 35**

All documents and information concerning or relating to Dental Concepts that you provided to DenTek at any time.

Response

As presently advised, Mr. Duane is not in possession of any documents responsive to this request.

Dated: July 6, 2007    PROSKAUER ROSE LLP

By: _____/s/ Alan Federbush_____
James H. Shalek
Alan Federbush
1585 Broadway
New York, New York 10036-8299
(212) 969-3000 (phone)
(212) 969-2900 (fax)

Gregory J. Sieczkiewicz
One International Place
Boston, Massachusetts 02110-2600
(617) 526-9600 (phone)
(617) 526-9899 (fax)

*Attorneys for Defendant*
DenTek Oral Care, Inc.

15

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2007, I caused a true and correct copy of the **OBJECTIONS OF NON-PARTY RAYMOND DUANE TO MEDTECH PRODUCTS INC.'S SUBPOENA** to be served upon the following parties by electronic mail and Federal Express:

*Attorneys for Plaintiff Medtech Products, Inc.:*

Karl Geercken
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016

      AND

W. Edward Ramage
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, TN 37201


*Attorneys for Consolidated Defendant Power Products, Inc.:*

Kathy Dutton Helmer                       (BY EMAIL only)
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
One Newark Center, 10th Floor
Newark, NJ 07102




                                                              _____
                                                              Alan Federbush