# EXHIBIT M

Go to MPEP - Table of Contents

browse before

## 2111.03 Transitional Phrases [R-3] - 2100 Patentability

### 2111.03 Transitional Phrases [R-3]

The transitional phrases "comprising", "consisting essentially of" and "consisting of" define the scope of a claim with respect to what unrecited additional components or steps, if any, are excluded from the scope of the claim.

The transitional term "comprising", which is synonymous with "including," "containing," or "characterized by," is inclusive or open-ended and does not exclude additional, unrecited elements or method steps. See, e.g., >*Mars Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1376, 71 USPQ2d 1837, 1843 (Fed. Cir. 2004) ("like the term 'comprising,' the terms 'containing' and 'mixture' are open-ended.").< *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1368, 66 USPQ2d 1631, 1634 (Fed. Cir. 2003) ("The transition 'comprising' in a method claim indicates that the claim is open-ended and allows for additional steps."); *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501, 42 USPQ2d 1608, 1613 (Fed. Cir. 1997) ("Comprising" is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim.); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 229 USPQ 805 (Fed. Cir. 1986); *In re Baxter*, 656 F.2d 679, 686, 210 USPQ 795, 803 (CCPA 1981); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("comprising" leaves "the claim open for the inclusion of unspecified ingredients even in major amounts"). >In *Gillette Co. v. Energizer Holdings Inc.*, 405 F.3d 1367, 1371-73, 74 USPQ2d 1586, 1589-91 (Fed. Cir. 2005), the court held that a claim to "a safety razor blade unit comprising a guard, a cap, and a group of first, second, and third blades" encompasses razors with more than three blades because the transitional phrase "comprising" in the preamble and the phrase "group of" are presumptively open-ended. "The word 'comprising' transitioning from the preamble to the body signals that the entire claim is presumptively open-ended." *Id.* In contrast, the court noted the phrase "group consisting of" is a closed term, which is often used in claim drafting to signal a "Markush group" that is by its nature closed. *Id.* The court also emphasized that reference to "first," "second," and "third" blades in the claim was not used to show a serial or numerical limitation but instead was used to distinguish or identify the various members of the group. *Id.*<

The transitional phrase "consisting of" excludes any element, step, or ingredient not specified in the claim. *In re Gray*, 53 F.2d 520, 11 USPQ 255 (CCPA 1931); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("consisting of" defined as "closing

the claim to the inclusion of materials other than those recited except for impurities ordinarily associated therewith."). But see *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1331-32, 70 USPQ2d 1508, 1516 (Fed. Cir. 2004) (holding that a bone repair kit "consisting of" claimed chemicals was infringed by a bone repair kit including a spatula in addition to the claimed chemicals because the presence of the spatula was unrelated to the claimed invention). A claim which depends from a claim which "consists of" the recited elements or steps cannot add an element or step. When the phrase "consists of" appears in a clause of the body of a claim, rather than immediately following the preamble, it limits only the element set forth in that clause; other elements are not excluded from the claim as a whole. *Mannesmann Demag Corp. v. Engineered Metal Products Co.,* 793 F.2d 1279, 230 USPQ 45 (Fed. Cir. 1986). >See also *In re Crish*, 393 F.3d 1253, 73 USPQ2d 1364 (Fed. Cir. 2004) (The claims at issue "related to purified DNA molecules having promoter activity for the human involucrin gene (hINV)." *Id.*, 73 USPQ2d at 1365. In determining the scope of applicant's claims directed to "a purified oligonucleotide <u>comprising at least</u> a portion of the nucleotide sequence of SEQ ID NO:1 wherein said portion <u>consists of</u> the nucleotide sequence from ... to 2473 of SEQ ID NO:1, and wherein said portion of the nucleotide sequence of SEQ ID NO:1 has promoter activity," the court stated that the use of "consists" in the body of the claims did not limit the open-ended "comprising" language in the claims (emphases added). *Id.* at 1257, 73 USPQ2d at 1367. The court held that the claimed promoter sequence designated as SEQ ID NO:1 was obtained by sequencing the same prior art plasmid and was therefore anticipated by the prior art plasmid which necessarily possessed the same DNA sequence as the claimed oligonucleotides. *Id.* at 1256 and 1259, 73 USPQ2d at 1366 and 1369. The court affirmed the Board's interpretation that the transition phrase "consists" did not limit the claims to only the recited numbered nucleotide sequences of SEQ ID NO:1 and that "the transition language 'comprising' allowed the claims to cover the entire involucrin gene plus other portions of the plasmid, as long as the gene contained the specific portions of SEQ ID NO:1 recited by the claim[s]" *Id.* at 1256, 73 USPQ2d at 1366.<

The transitional phrase "consisting essentially of" limits the scope of a claim to the specified materials or steps "and those that do not <u>materially</u> affect the <u>basic</u> and <u>novel</u> characteristic(s)" of the claimed invention. *In re Herz*, 537 F.2d 549, 551-52, 190 USPQ 461, 463 (CCPA 1976) (emphasis in original) (Prior art hydraulic fluid required a dispersant which appellants argued was excluded from claims limited to a functional fluid "consisting essentially of" certain components. In finding the claims did not exclude the prior art dispersant, the court noted that appellants' specification indicated the claimed composition can contain any well-known additive such as a dispersant, and there was no evidence that the presence of a dispersant would materially affect the basic and novel characteristic of the claimed invention. The prior art composition had the same basic and novel characteristic (increased oxidation resistance) as well as additional enhanced detergent and dispersant characteristics.). "A 'consisting essentially of' claim occupies a middle ground between closed claims that are written in a 'consisting of' format and fully open claims that are drafted in a 'comprising' format." *PPG Industries v. Guardian Industries*, 156 F.3d 1351, 1354, 48 USPQ2d 1351, 1353-54 (Fed. Cir. 1998). See also *Atlas Powder v. E.I. duPont de Nemours & Co.*, 750 F.2d 1569, 224 USPQ 409 (Fed. Cir. 1984); *In re Janakirama-Rao*, 317 F.2d 951, 137 USPQ 893 (CCPA 1963); *Water Technologies Corp. vs. Calco, Ltd.*, 850 F.2d 660, 7 USPQ2d 1097

(Fed. Cir. 1988). For the purposes of searching for and applying prior art under **35 U.S.C. 102** and **103**, absent a clear indication in the specification or claims of what the basic and novel characteristics actually are, "consisting essentially of" will be construed as equivalent to "comprising." See, e.g., *PPG*, 156 F.3d at 1355, 48 USPQ2d at 1355 ("PPG could have defined the scope of the phrase 'consisting essentially of' for purposes of its patent by making clear in its specification what it regarded as constituting a material change in the basic and novel characteristics of the invention."). See also *AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1240-41, 68 USPQ2d 1280, 1283-84 (Fed. Cir. 2003) (Applicant's statement in the specification that "silicon contents in the coating metal should not exceed about 0.5% by weight" along with a discussion of the deleterious effects of silicon provided basis to conclude that silicon in excess of 0.5% by weight would materially alter the basic and novel properties of the invention. Thus, "consisting essentially of" as recited in the preamble was interpreted to permit no more than 0.5% by weight of silicon in the aluminum coating.); *In re Janakirama-Rao*, 317 F.2d 951, 954, 137 USPQ 893, 895-96 (CCPA 1963). If an applicant contends that additional steps or materials in the prior art are excluded by the recitation of "consisting essentially of," applicant has the burden of showing that the introduction of additional steps or components would materially change the characteristics of applicant's invention. *In re De Lajarte*, 337 F.2d 870, 143 USPQ 256 (CCPA 1964). See also *Ex parte Hoffman*, 12 USPQ2d 1061, 1063-64 (Bd. Pat. App. & Inter. 1989) ("Although 'consisting essentially of' is typically used and defined in the context of compositions of matter, we find nothing intrinsically wrong with the use of such language as a modifier of method steps. . . [rendering] the claim open only for the inclusion of steps which do not materially affect the basic and novel characteristics of the claimed method. To determine the steps included versus excluded the claim must be read in light of the specification. . . . [I]t is an applicant's burden to establish that a step practiced in a prior art method is excluded from his claims by 'consisting essentially of' language.").

**OTHER TRANSITIONAL PHRASES**

Transitional phrases such as "having" must be interpreted in light of the specification to determine whether open or closed claim language is intended. See, e.g., *Lampi Corp. v. American Power Products Inc.*, 228 F.3d 1365, 1376, 56 USPQ2d 1445, 1453 (Fed. Cir. 2000) (The term "having" was interpreted as open terminology, allowing the inclusion of other components in addition to those recited); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l Inc.*, 246 F.3d 1336, 1348, 57 USPQ2d 1953, 1959 (Fed. Cir. 2001) (term "having" in transitional phrase "does not create a presumption that the body of the claim is open"); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1573, 43 USPQ2d 1398, 1410 (Fed. Cir. 1997) (In the context of a cDNA having a sequence coding for human PI, the term "having" still permitted inclusion of other moieties.). The transitional phrase "composed of" has been interpreted in the same manner as either "consisting of" or "consisting essentially of," depending on the facts of the particular case. See *AFG Industries, Inc. v. Cardinal IG Company*, 239 F.3d 1239, 1245, 57 USPQ2d 1776, 1780-81 (Fed. Cir. 2001) (based on specification and other evidence, "composed of" interpreted in same manner as "consisting essentially of"); *In re Bertsch*, 132 F.2d 1014, 1019-20, 56 USPQ 379, 384 (CCPA 1942) ("Composed of" interpreted in same manner as "consisting of"; however,

court further remarked that "the words 'composed of' may under certain circumstances be given, in patent law, a broader meaning than 'consisting of.'").

>

**browse after**

KEY: =online business system  $ =fees  =forms  =help  =laws/regulations  =definition (glossary)

*The **Inventors Assistance Center** is available to help you on patent matters. Send questions about USPTO programs and services to the **USPTO Contact Center (UCC)**. You can suggest USPTO webpages or material you would like featured on this section by E-mail to the* webmaster@uspto.gov. *While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.*

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

Last Modified: 11/29/2006 08:01:36

Go to **MPEP - Table of Contents**