# EXHIBIT 3

Case 7:07-cv-03302-KMK-LMS     Document 53-24     Filed 08/24/2007     Page 1 of 3

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

**Alan Federbush**
Attorney at Law

Direct Dial 212.969.3211
afederbush@proskauer.com

August 16, 2007

<u>**Via E-Mail**</u>

W. Edward Ramage
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, TN 37201

   Re: *Medtech Products, Inc. v. DenTek Oral Care, Inc.*
      Case No. 07-cv-3302 (KMK) (LMS)

Dear Edward:

In response to your August 15, 2007 letter, we have the following comments:

1. As set forth in our letter to Mr. Miller, we are not agreeable to Medtech's newly raised schedule calling for pre-Markman discovery directed to claim construction issues and believe that Judge Karas' assignment to the case makes it appropriate to solicit his views on a Markman hearing. Consequently, we suggest raising the entire question of the procedure and schedule for a Markman hearing with the Court.

2. After filing a motion to amend the complaint to state a baseless claim against Dentek and Ms. Kaplan, the Court provided Medtech the opportunity to conduct certain noticed depositions and thereafter identify any purportedly misappropriated confidential business information. Notwithstanding the passage of over a month, Medtech has failed to identify any support for its first amended complaint. Now, without any colorable basis, Medtech has expressed its intent to move to file a second amended complaint in the same vein, and name Ray Duane and CDS Associates as defendants. We have no idea what claims Medtech purports to have and advise you that we intend to seek Rule 11 sanctions in the absence of some colorable basis or showing of a claim in the nature of what you have suggested. Consequently, we suggest that you provide us a copy of any amended complaint you intend to seek leave to file so that we can provide a copy to Mr. Duane and to Dentek. After receiving same, we will advise you as to Dentek's position. Relative to Mr. Duane, we will need to advise him of your expressed intentions and determine how he wishes to proceed. In this regard, you seem to be under the misimpression

that Mr. Duane is subject to the jurisdiction of the court in White Plains when he responded to a subpoena issued out of the district of Nevada. Consequently, your reference to the White Plains rules is entirely misplaced for that reason alone.

3. We have repeatedly asked for the documents we requested in the document requests we served on June 5, 2007, document requests served prior to the time that Medtech served any. While we have discussed ESI and continue to take appropriate actions in that regard, the fact remains that Medtech has been wholly deficient in producing the documents we requested.

4. Given the status of the case, the pending motion to amend and your stated intent to file another, we believe that those motions should be resolved on Sept 5th as you suggest so that the parties know what claims and parties are in the case and an appropriate schedule can be set for resolving all claims. We do not agree to short extensions of existing deadlines when Medtech has failed to produce any documents and the parties and claims that will be present in this action are not yet defined.

5. Regarding the attorney's eyes only designations of Mr. Duane's documents, our only comment is that you agreed to proceed on that basis at the time those documents were produced so that Mr. Duane's deposition did not have to be delayed pending resolution and entry of a Protective Order. We cannot possibly redesignate documents without knowing ultimately what the designations will mean. In the last exchange of drafts of the Protective Order, the very definition of Confidential Material, as well as the specific designations "Confidential" and "Confidential – Attorney's Eyes Only" were still in dispute. As such, we must insist that you adhere to the agreement we made at the time. We are willing at this time, however, to remove the attorneys' eyes only designation from CDS' marketing brochures, DUANE 001- DUANE 006. We will address the remaining documents upon entry of a Protective Order.

Very truly yours,

Alan Federbush

cc: Karl Geercken