# EXHIBIT 5

Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDTECH PRODUCTS INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>RANIR, LLC and<br>CVS PHARMACY, INC.<br><br>        Defendant.<br><br>MEDTECH PRODUCTS INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>DENTEK ORAL CARE, INC.,<br><br>        Defendant.<br><br>MEDTECH PRODUCTS INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>POWER PRODUCTS, INC.<br>  d/b/a SPLINTEK,<br><br>        Defendant. | SUBPOENA IN A CIVIL CASE<br><br>CASE NUMBER:[1]  07 CV 03302-UA-LMS<br>Pending in the United States District Court<br>for the Southern District of New York |

TO:    Kelly M. Kaplan
           4 Woodmont Road
           Upper Montclair, NJ  07043

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**Alston & Bird LLP**<br>**90 Park Avenue**<br>**New York, NY  10016-1387** | DATE AND TIME<br><br>**10:00 a.m.**<br>**August 8, 2007** |
|---|---|

[1] If action is pending in district other than district of issuance, state district under case number.

C ASM 406340 v1
2016563-000048 7/23/2007

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016-1387 | 10:00 a.m.<br>August 1, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>**ALSTON & BIRD LLP**<br><br>By: *Karl Geercken /joy*    **Attorneys for Plaintiff** | DATE<br><br>July 23, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karl Geercken, Esq. (KG 5897)
Alston & Bird LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9471

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

Pursuant to Rule 45 of the *Federal Rules of Civil Procedure*, you (Kelly M. Kaplan) are commanded to produce the following books, documents, electronically stored information or tangible things in your possession, custody or control at the following time and place:

Date:   August 1, 2007

Time:   10:00 a.m.

Place:  Alston & Bird LLP
        90 Park Avenue
        New York, NY 10016

In lieu of production at the time and place designated above, you may mail the designated books, documents, electronically stored information or tangible things, or copies or reproductions thereof, to the following counsel of record for Medtech Products Inc.:

Karl Geercken, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9471

Your deposition will be taken and recorded by stenographic means before a notary public, an official court reporter, or other person authorized by law to administer an oath, and may also be recorded by audiovisual means, at the following time and place:

Date:   August 8, 2007

Time:   10:00 a.m.

Place:  Alston & Bird LLP
        90 Park Avenue
        New York, NY 10016

## DEFINITIONS

A.    **You or Your.**  As used herein, the term "you" or "your" means you, Kelly M. Kaplan.

B.    **Document.** As used herein, the term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the *Federal Rules of Civil Procedure*, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

C.    **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

D.    **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E.    **All/Each.** The terms "all" and "each" shall be construed as all and each.

F.    **And/Or.** The connectives "and' and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

A.    Electronically stored information is generally to be produced, at your option, in either (a) its native file format or (b) in Tagged Image File Format ("TIFF") with optical character recognition ("OCR"). However, Microsoft Excel Spreadsheets and Power Point files are to be produced in their native format with all metadata intact.

B.    If any document called for by any request herein is to be withheld pursuant to any purported privilege or immunity:

    1.    State the basis for such claim of privilege or immunity (e.g., attorney-client privilege);

    2.    Identify the document being withheld by stating the name or title of the document, the type of document, its date, author, addressee, copyee(s), a general description of its subject matter, its present location(s) and custodian(s), each person who, to your knowledge, has seen it and the exact grounds on which the objection to production is based; and

    3.    State the number and/or portion of the request to which each such document would be responsive.

C.    If any document or portion of any document called for by any request herein has been destroyed or lost, state the subject of each such document; identify the persons who originated, received copies of and/or read each such document; describe the contents of each such document; identify the location where a copy of each such document is or may be located; and, in cases where the document was destroyed, state the date of destruction, the name of the person who ordered or authorized such destruction and why the destruction was ordered or authorized.

-4-

D.    Pursuant to Rule 34 of the *Federal Rules of Civil Procedure* this request for production of documents and tangible things applies to all documents and tangible things which are in your possession, custody or control.

E.    Medtech specifically requests that you preserve any computer that has electronically stored information that relates to the documents to be produced.

## DOCUMENTS TO BE PRODUCED

1.    Produce all documents and things concerning DenTek Oral Care, Inc. ("DenTek").

2.    Produce all documents concerning or evidencing your communications with DenTek that preceded you having any employment relationship or other formal association with DenTek. This request includes, but is not limited to, all correspondence, presentations (including PowerPoints, notes, handouts), notes of meetings, telephone records, negotiation documents, and draft contracts.

3.    Produce documents sufficient to determine the date of the first contact you had with DenTek after July 1, 2005.

4.    Produce documents sufficient to determine your first date of employment or association with DenTek (for instance, your first pay stub evidencing the pay period).

5.    Produce all documents referencing DenTek that precede your employment relationship or other association with DenTek.

6.    Produce all documents and things concerning your relationship with DenTek, whether as a consultant, contractor, agent, employee, or otherwise.

7.    Produce all documents evidencing any descriptions concerning your position with DenTek.

8.    Produce all documents concerning DenTek's description of your affiliation, including such descriptions in communications, advertising, and tradeshow applications.

9.    Produce all documents constituting, relating or referring to any interest that you own or have in DenTek. This request includes, but is not limited to, any profitability incentives, stock ownership, stock options, royalties, or other ownership or compensation incentives that inure to you in any way from DenTek.

10.    Produce all employee handbooks, policy manuals, memoranda, or other documents containing any corporate policies which you received from DenTek.

11.    Produce any resume or curriculum vitae that you have in your possession that references Dental Concepts LLC ("Dental Concepts") or DenTek.

-5-

12. Produce all documents concerning any contracts or agreements that you have with DenTek.

13. Produce all documents concerning any assignment or duties that you have performed at any time for DenTek.

14. Produce all documents concerning communications in which you make any statements concerning dental protectors.

15. Produce all documents concerning any compensation you have received or are receiving from DenTek.

16. Produce all documents concerning communications regarding dental protectors that are manufactured by DenTek.

17. Produce documents sufficient to determine the status of the research and development of the DenTek dental protector as of your first date of employment.

18. Produce all documents and things concerning DenTek's advertising, intended advertising, promotion, and/or intended promotion of DenTek's dental protector.

19. Produce all documents and things concerning any contracts or agreements with any third party concerning any advertising, promotion, or marketing of the DenTek's dental protector.

20. Produce all documents concerning any communications between you and any other person regarding the subject matter of the above-captioned litigation.

21. Produce all documents relating to the drafting of the DenTek At-Home Fitting Instructions, including all drafts thereof.

22. Produce all documents relating to the retaining of any third party hired by DenTek to provide any service relating to the drafting of the At-Home Fitting Instructions.

23. Produce all documents and things, including, but not limited to all sketches, drawings and specifications, concerning the conception, design, construction and manufacture of DenTek's dental protector.

24. Produce all documents concerning Dental Concepts, Medtech Products Inc. ("Medtech") and/or Prestige Brands Inc. ("Prestige Brands").

25. Produce all documents concerning the General Release that you entered into with Dental Concepts.

26. Produce all documents concerning any contract that you had with Dental Concepts and/or Medtech. This request includes, but is not limited, the contract that provided you would be paid a transaction bonus in the event of sale of Dental Concepts.

27. Produce all documents concerning communications which describe your role at Dental Concepts.

28. Produce all documents concerning Raymond Duane. This request includes, but is not limited to, any communications concerning DenTek, Dental Concepts, Prestige, Medtech or dental protectors.

29. Produce all documents concerning Richard Riordan.

30. Produce all documents concerning Michael Lesser.

31. Produce all documents concerning Frank Lesniak.

32. Produce all documents and things concerning DenTek's use of the mark "NIGHTGUARD," "NIGHT GUARD," or any variant thereof.

33. Produce all documents and things concerning communications received from or sent to the United States Food and Drug Administration related to any dental protector.

34. Produce all documents and things prepared by any person affiliated in any way with Dental Concepts and/or DenTek.

35. Produce all documents and things concerning Medtech's NIGHTGUARD™ brand dental protector.

36. Produce all documents and things concerning Medtech's patent (U.S. Patent No. 6,830,051).

37. Produce all documents and things you have received from, sent to, or that concern any person who was an employee or officer at any time of Dental Concepts, DenTek and/or Prestige Brands, including, but not limited to Raymond Duane, Richard Riordan and Mike Lesser.

38. Produce documents sufficient to identify any vendor, manufacturer, packager, advertising agency, or other third party contractor that (a) you knew of from your employment at Dental Concepts and (b) you contacted in your capacity at DenTek.

39. Produce all documents relating to Seth Natter and Natter & Natter.

40. Produce all documents relating to Lawrence Saffran and Stelray Plastics Products, Inc.

41. Produce all documents concerning Tufts University School of Dental Medicine, Dental Ideas, Noshir Mehta, Ayman Aboushala, and Gerard Kugel.

42. Produce all documents and things you have received from, set to, or that concern any faculty advisors or consultants at any academic institution or university relating to dental guards.

C ASM 406340 v1
2016563-000048 7/23/2007

43. Produce all documents and things regarding the 2007 NACDS Marketplace Conference that you attended, including, but not limited to, your association with DenTek.

44. Produce all documents and information concerning or relating to Dental Concepts that you provided to DenTek at any time.

45. Produce documents sufficient to identify any e-mail address that you have used or owned since July 1, 2005.

46. Produce documents sufficient to identify the telephone numbers that since September 2005 were your (a) primary home telephone number and (b) primary cell telephone number.

47. Produce any electronically stored information (ESI) that includes any of the proposed initial search terms included in this paragraph and relates to any of the topics in this Schedule, including the following sources: (a) any e-mail that was exchanged with any e-mail address that you have had at any time, whether currently existing locally or externally; or (b) any documents or files existing on any computer to which you have had access at any time; or (c) any Treo, Blackberry, cellphone, or other portable electronic device that would contain ESI; or (d) any removable electronic medium that you have in your possession, custody or control; or (e) any DenTek computer that you have access to.

---

PROPOSED INITIAL SEARCH TERMS:

Nightguard, night guard, TDNG, NG, DNG, brux, bruxism, bruxing, grind, grinding, Dentek, Prestige, Prestige Brands, prestigebrandsinc, dental concepts, dentalconcepts, dental, medtech, K053580, 510(k), 510k, Lesniak, Riordan, Lesser, 051, interocclusal, nighttime, K063483, Gerry, Butler, NACDS, Hayloft, Tufts, Bruxguard, mouth guard, mouthguard, FDA, adhesion, rigidity, resin, clenching, vicat, molding, patent, vinyl, acetate, ethylene, boiling, mouth piece, mouthpiece, dental protector, dental ideas, Stelray, Saffran, De Haan, Dental Idea, Noshir, Mehta, Ayman, Aboushala, Gerard, Kugel, Apple Marketing, William (Bill) Birndorff, Natter, AGI Klearfold

---

In connection with this request, Medtech would be willing to pay for an e-discovery vendor to image any of the above sources and run the searches in the ESI (at its own expense) if you so request. The results of the searches could be provided to your counsel for review for privilege prior to being produced to Medtech.

-8-