# EXHIBIT 6

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

ATTORNEYS AT LAW

JOHN PAUL FULCO, PC
Partner

jfulco@salonmarrow.com

direct dial (646) 843-1917
direct fax (646) 843-1918

292 MADISON AVENUE, 6TH FLOOR

NEW YORK, NY 10017

Telephone  (212) 661-7100

Facsimile  (212) 661-3339

2 University Plaza, Suite 210
Hackensack, NJ 07601
Telephone (201) 662-0656
Facsimile (201)487-9054

257 Lyons Plains Road
Weston, CT 06883
Telephone (203) 227-0023
Facsimile (646) 843-1910

800 Corporate Drive, Suite 208
Ft. Lauderdale, FL 33334
Telephone (954) 491-0099
Facsimile (954)491-1544

August 7, 2007

**VIA FACSIMILE**
**(212) 210-9444**

Karl Geercken, Esq.
Alston & Bird LLP
90 Park Avenue
New York, New York 10016-1387

Re:  Medtech Products Inc. v. Ranir, LLC et al.
Case No.: 07 CV 03302-UA-LMS
Our File No.: 12965.002

Dear Mr. Geercken:

We are counsel for third-party Kelly Kaplan ("Ms. Kaplan") and are in receipt of your client, Medtech Products Inc.'s ("Medtech") Subpoena Duces Tecum ("Subponea") dated July 23, 2007 and served on Ms. Kaplan at approximately 5:00 p.m. on July 27, 2007. We are aware of Medtech's motion for leave to file an amended complaint against DenTek Oral Care, Inc. ("DenTek") to add Ms. Kaplan as a party defendant to Medtech Products v. DenTek Oral Care, Inc., (07 CV 0334), currently pending in the Southern District of New York.

Seeking document discovery and testimony from Ms. Kaplan by way of Subpoena during the pendency of Medtech's motion for leave to add Ms. Kaplan as a party defendant is an attempt to obtain pre-action discovery to the prejudice of Ms. Kaplan. Moreover, the vast scope of the Subpoena, coupled with the vague allegations of the proposed amended complaint which does not even attempt to identify the alleged "confidential and/or proprietary information" allegedly provided by Ms. Kaplan to DenTek makes it clear that the Subpoena is nothing more than a pre-action fishing expedition by which Medtech hopes to be able to determine whether it indeed has

127590

AUG. 7. 2007 3:47PM SALON MARROW DYCKMAN NO. 163 P. 3/10

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 2

a claim. Accordingly, demand is hereby made that Medtech withdraw its Subpoena forthwith, in default of which we will seek appropriate relief.

In the interim, third-party Ms. Kaplan, through her attorneys Salon Marrow Dyckman Newman & Broudy LLP, in addition to the aforesaid statements and objections, responds to the Subpoena as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1. By responding to any request contained in the Subpoena, Ms. Kaplan does not concede the materiality of the subject to which it refers. Ms. Kaplan's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or subsequent proceeding.

2. Ms. Kaplan objects to these requests for documents contained in the Subpoena to the extent that they demand documents and/or information which are protected by the attorney-client and/or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objection to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Ms. Kaplan's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are overly broad, oppressive, and unduly burdensome.

5. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are vague and ambiguous.

6. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are improper.

7. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are not limited in time.

127590

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 3

8. Ms. Kaplan further objects to these requests within the Subpoena to the extent that they call for information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. Ms. Kaplan also objects to the Definitions and Instructions to the extent that they invoke obligations beyond what is required under the Federal Rules of Civil Procedure.

10. Ms. Kaplan reserves the right to supplement her responses to each request, if and when additional information becomes available to Ms. Kaplan's counsel. Ms. Kaplan also reserves the right to object to the future disclosure of any such information.

## DOCUMENTS TO BE PRODUCED

1. Produce all documents and things concerning DenTek Oral Care, Inc.

   **Response:** See the General Statements and Objections.

2. Produce all documents concerning or evidencing your communications with DenTek that preceded you having any employment relationship or other formal association with DenTek; This request includes, but is not limited to, all correspondence, presentations (including Powerpoints, notes, handouts), notes of meetings, telephone records, negotiation documents, and draft contracts.

   **Response:** See the General Statements and Objections.

3. Produce documents sufficient to determine the date of the first contact you had with DenTek after July 1, 2005.

   **Response:** See the General Statements and Objections.

4. Produce documents sufficient to determine your first date of employment or association with DenTek (for instance, your first pay stub evidencing the pay period).

   **Response:** See the General Statements and Objections.

5. Produce all documents referencing DenTek that precede your employment relationship or other association with DenTek.

   **Response:** See the General Statements and Objections.

6. Produce all documents and things concerning your relationship with DenTek, whether as a consultant, contractor, agent, employee, or otherwise.

127590

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 4

    **Response:**    See the General Statements and Objections.

7.    Produce all documents evidencing any descriptions concerning your position with DenTek.

    **Response:**    See the General Statements and Objections.

8.    Produce all documents concerning DehTek's description of your affiliation, including such descriptions in communications, advertising, and tradeshow applications.

    **Response:**    See the General Statements and Objections.

9.    Produce all documents constituting, relating or referring to any interest that you own or have in DenTek. This request includes, but is not limited to, any profitability incentives, stock ownership, stock options, royalties, or other ownership or compensation incentives that inure to you in anyway from DenTek.

    **Response:**    See the General Statements and Objections.

10.    Produce all employee handbooks, policy manuals, memoranda, or other documents containing any corporate policies which you received from DenTek.

    **Response:**    See the General Statements and Objections.

11.    Produce any resume or curriculum vitae that you have in your possession that references Dental Concepts LLC ("Dental Concepts") or DenTek.

    **Response:**    See the General Statements and Objections.

12.    Produce all documents concerning any contracts or agreements that you have with DenTek.

    **Response:**    See the General Statements and Objections.

13.    Produce all documents concerning any assignment or duties that you have performed at any time for DenTek.

    **Response:**    See the General Statements and Objections.

14.    Produce all documents concerning communications in which you make any statements concerning dental protectors.

    **Response:**    See the General Statements and Objections.

127590

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 5

15. Produce rill documents concerning any compensation you have received or are receiving from DenTek.

**Response:** See the General Statements and Objections.

16. Produce all documents concerning communications regarding dental protectors that are manufactured by DenTek.

**Response:** See the General Statements and Objections.

17. Produce documents sufficient to determine the status of the research and development of the DenTek dental protector as of your first date of employment.

**Response:** See the General Statements and Objections.

18. Produce all documents and things concerning DenTek's advertising, intended advertising, promotion, and/or intended promotion of DenTek's dental protector.

**Response:** See the General Statements and Objections.

19. Produce all documents and things concerning any contracts or agreements with any third party concerning any advertising, promotion, or marketing of the DenTek's dental protector.

**Response:** See the General Statements and Objections.

20. Produce all documents concerning any communications between you and any other person regarding the subjeat matter of the above-captioned litigation.

**Response:** See the General Statements and Objections.

21. Produce all documents relating to the drafting of the DenTek At-Home Fitting Instructions, including all drafts thereof.

**Response:** See the General Statements and Objections.

22. Produce all documents relating to the retaining of any third party hired by DenTek to provide any service relating to the drafting of the At-Home Fitting Instructions.

**Response:** See the General Statements and Objections.

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 6

23. Produce all documents and things, including, but not limited to all sketches, drawings and specifications, concerning the conception, design, construction and manufacture of DenTek's dental protector.

**Response:** See the General Statements and Objections.

24. Produce all documents concerning Dental Concepts, Medtech and/or Prestige Brands Inc. ("Prestige Brands").

**Response:** See the General Statements and Objections.

25. Produce all documents concerning the General Release that you entered into with Dental Concepts.

**Response:** See the General Statements and Objections.

26. Produce all documents concerning any contract that you had with Dental Concepts and/or Medtech. This request includes, but is not limited, the contract that provided you would be paid a transaction bonus in the event of sale of Dental Concepts.

**Response:** See the General Statements and Objections.

27. Produce all documents concerning communications which describe your role at Dental Concepts.

**Response:** See the General Statements and Objections.

28. Produce all documents concerning Raymond Duane. This request includes, but is not limited to, any communications concerning DenTek, Dental Concepts, Prestige, Medtech or dental protectors.

**Response:** See the General Statements and Objections.

29. Produce all documents concerning Richard Riordan.

**Response:** See the General Statements and Objections.

30. Produce all documents concerning Michael Lesser.

**Response:** See the General Statements and Objections.

31. Produce all documents concerning Frank Lesniak.

127590

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 7

    **Response:** See the General Statements and Objections.

    32. Produce all documents concerning and things concerning DenTek's use of the mark "NIGHTGUARD," "NIGHTGUARD," or any variant thereof.

    **Response:** See the General Statements and Objections.

    33. Produce all documents and things concerning communications received from or sent to the United States Food and Drug Administration related to any dental protector.

    **Response:** See the General Statements and Objections.

    34. Produce all documents and things prepared by any person affiliated in any way with Dental Concepts and/or DenTek.

    **Response:** See the General Statements and Objections.

    35. Produce all documents and things concerning Medtech's NIGHTGUARD™ brand dental protector.

    **Response:** See the General Statements and Objections.

    36. Produce all documents and things concerning Medtech's patent (U.S. Patent No. 6,830,051).

    **Response:** See the General Statements and Objections.

    37. Produce all documents and things you have received from, sent to, or that concern any person who was an employee or officer at any time of Dental Concepts, DenTek and/or Prestige Brands, including, but not limited to Raymond Duane, Richard Riordan and Mike Lesser.

    **Response:** See the General Statements and Objections.

    38. Produce documents sufficient to identify any vendor, manufacturer, packager, advertising agency, or other third party contractor that (a) you knew of from your employment at Dental Concepts and (b) you contacted in your capacity at DenTek.

    **Response:** See the General Statements and Objections.

    39. Produce all documents relating to Seth Natter and Natter & Natter.

    **Response:** See the General Statements and Objections.

127590

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 8

    40.    Produce all documents relating to Lawrence Saffran and Stelray Plastics Products, Inc.

    **Response:**    See the General Statements and Objections.

    41.    Produce all documents concerning Tufts University School of Dental Medicine, Dental Ideas, Noshir Mehta, Ayman Abousliala, and Gerard Kugel.

    **Response:**    See the General Statements and Objections.

    42.    Produce all documents and things you have received from, set to, or that concern any faculty advisors or consultants at any academic institution or university relating to dental guards.

    **Response:**    See the General Statements and Objections.

    43.    Produce all documents and things regarding the 2007 NACDS Marketplace Conference that you attended, including, but not limited to, your association with DenTek.

    **Response:**    See the General Statements and Objections.

    44.    Produce all documents and information concerning or relating to Dental Concepts that you provided to DenTek at any time.

    **Response:**    See the General Statements and Objections.

    45.    Produce documents sufficient to identify any e-mail address that you have used or owned since July 1, 2005.

    **Response:**    See the General Statements and Objections.

    46.    Produce documents sufficient to identify the telephone numbers that since September 2005 were your (a) primary home telephone number and (b) primary cell telephone number.

    **Response:**    See the General Statements and Objections.

    47.    Produce any electronically stored information (ESI) that includes any of the proposed initial search terms included in this paragraph and relates to any of the topics in this ' Schedule,. including the following sources: (a) any e-mail that was exchanged with' any 'e-mail address that you have had at any time, whether currently existing locally or externally; or (b) any documents or files existing on any computer to which you have had access at any time; or (c) any Treo, Blackberry, cell phone, or other portable electronic device that would contain ESI; or (d)

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 9

any removable electronic medium that you have in your possession, custody or control; or (e) any DenTek computer that you have access to.

**Response:** See the General Statements and Objections.

Very truly yours,

JOHN PAUL FULCO, P.C.

By: _____
John Paul Fulco

JPF:mla

127590