# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 AUG 15 A 10: 15

KELLY KAPLAN, )
)
        Petitioner, )
)
v. )
)
MEDTECH PRODUCTS INC., )
)
        Respondent. )
)

Civil Action No.: _____ [1]
(Newark)

NOTICE OF MOTION TO QUASH
SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE, that upon the annexed exhibit and the accompanying Memorandum of Law in Support of Petitioner Kelly Kaplan's ("Ms. Kaplan") Motion to Quash the Subpoena Duces Tecum ("Subpoena") dated July 23, 2007 and served by Respondent Medtech Products Inc. on July 27, 2007[2], Ms. Kaplan will move this Court at the Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, on September 10, 2007, or as soon thereafter as the Court shall determine, for an Order quashing the Subpoena, with prejudice, together with such other and further relief as the Court deems just and reasonable.

Dated: August 14, 2007

                              SALON MARROW DYCKMAN
                              NEWMAN & BROUDY LLP

                              By: _____
                              Kathleen A. Donohue (KD-5283)
                              Attorneys for Petitioner Kelly Kaplan
                              2 University Plaza, Suite 210
                              Hackensack, New Jersey 07601
                              (201) 662-0656 (telephone)

---

[1] Related to action 07 CV 03304 (UA)(LMS) pending in the United States District Court for the Southern District of New York.

[2] The document production date was adjourned to August 10, 2007. Objections to document production were served on August 7, 2007 (see Exhibit "A" to accompanying Memorandum of Law). Date for testimony was adjourned sine die.

                                                                                                (201) 487-9054 (facsimile)

To:    Karl Geercken (KG 5897)
       Amy Manning (AM 0338)
       Alston & Bird LLP
       90 Park Avenue
       New York, New York 10016-1387
       (212) 210-9471 (telephone)
       (212) 210-9444 (facsimile)
       karl.geercken@alston.com
       amy.manning@alston.com

       W. Edward Ramage (TN BPR No. 16261)
       Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
       1800 Commerce Center, Suite 1000
       211 Commerce Street
       Nashville, TN 37201
       (615) 726-5771 (telephone)
       (615) 744-5771 (facsimile)
       eramage@bakerdonelson.com
       Admitted *Pro Hac Vice*

*Attorneys for Plaintiff, Medtech Products Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLY KAPLAN, <br><br> Petitioner, <br><br> v. <br><br> MEDTECH PRODUCTS INC., <br><br> Respondent. | Civil Action No.: _____[1] <br> (Newark) <br><br> PETITIONER KELLY KAPLAN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 45 (3)(A)(i)-(iii), Petitioner Kelly Kaplan ("Ms. Kaplan") hereby moves this Court to quash a certain Subpoena Duces Tecum ("Subpoena") dated July 23, 2007, served by Medtech Products Inc.("Medtech") on July 27, 2007[2], by its attorneys Alston & Bird LLP, both as to the production of documents and the giving of testimony, on the ground that Medtech currently has a motion for leave to file its amended complaint to add Ms. Kaplan as a party defendant pending in the United States District Court for the Southern District of New York in the action entitled Medtech Products Inc. v. Dentek Oral Care, Inc., (07 CV 03304) (UA) (LMS) ("Medtech Action") and on the ground that the Subpoena is unreasonable and oppressive in that it is unduly vague and lacks specificity and is not tailored in time, scope or application, thereby rendering it impossible of reasonable response, and that such production and deposition thus would serve to annoy, harass, embarrass, oppress and cause Ms. Kaplan undue burden and expense for no legitimate purpose.

---

[1] Related to action 07 CV 03304 (UA)(LMS) pending in the United States District Court for the Southern District of New York.

[2] The document production date was adjourned to August 10, 2007. Objections to document production were served on August 7, 2007 (see Exhibit "A" annexed hereto). Date for testimony was adjourned *sine die*.

## II. DISCUSSION AND CITATION OF AUTHORITY

### A. Medtech's Motion to Amend Its Complaint to Add Ms. Kaplan as a Defendant is Pending

The Medtech Action was commenced against Dentek Oral Care, Inc. ("Dentek") by service of Summons and Complaint on or about April 26, 2007. Dentek filed its Answer and Counterclaim on or about May 30, 2007. A Scheduling Conference was held before District Judge Charles L. Brieant on May 31, 2007 and the Scheduling Order provided for the parties to join additional parties and amend their respective pleadings on or before June 15, 2007.[3]

Ms. Kaplan was the Vice President of Marketing of Dental Concepts LLC, Medtech's predecessor-in-interest and currently acts as a consultant to Dentek. Medtech's motion to amend its complaint was dated June 6, 2007 and Dentek opposed the same on or about July 20, 2007.[4]

Subsequently, and while a decision on the motion to amend its complaint to add Ms. Kaplan is pending, Medtech served the Subpoena dated July 23, 2007 on Ms. Kaplan on Friday, July 27, 2007 at approximately 5:00 p.m. as she was leaving for vacation.

The Subpoena demanded production of forty-seven (47) categories of documents on or before August 1, 2007, three (3) business days after she was served, and demanded that she appear for deposition on the following week on August 8, 2007.

### B. The Subpoena is Medtech's Attempt to Improperly Obtain Pre-Action Discovery

**No Rule 27(a) Application Was Ever Made By Medtech.**

Seeking document discovery and testimony from Ms. Kaplan by way of Subpoena during the pendency of Medtech's motion for leave to add Ms. Kaplan as a party defendant is an attempt

---

[3] The Medtech Action was originally assigned to Judge Charles L. Brieant. However, according to the federal docket in the Medtech Action (07 CV 3304) the matter is now assigned to Magistrate Judge Lisa M. Smith for all purposes.

[4] It appears from the federal court docket that no reply papers were filed or served by Medtech and the motion to amend Medtech's Complaint was fully briefed as of July 20, 2007.

to obtain pre-action discovery to the prejudice of Ms. Kaplan. Medtech's Proposed Amended Complaint does not identify the alleged "confidential and/or proprietary information" allegedly provided by Ms. Kaplan to DenTek. Therefore, the Subpoena is nothing more than a pre-action fishing expedition by which Medtech hopes to be able to determine whether it indeed has a claim.

Fed.R.Civ.P. 27 controls the application procedure to obtain pre-action discovery or discovery pending appeal.[5] "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Williams v. Moody, No. 98 CV 1211, 1999 U.S. Dist. LEXIS 7320 at *3 (E.D. Pa. May 18, 1999). Rule 27 is not to be used by a petitioner to determine whether a cause of action exists or to ascertain evidence/discovery. Petition of Chester Co. Elec., Inc., 208 F.R.D. 545, 547 (E.D. Pa. 2002) ("[t]he Court of Appeals for the Third Circuit has decisively rejected the attempt to use Rule 27(a) as a mechanism to draft a complaint or conduct pre-trial discovery."); Canal Barge Co. v. Gulfstream Trading, Ltd., 1999 U.S. Dist. LEXIS 20118 at *8 (E.D. La. Dec. 22, 1999) ("Rule 27(a) is not a discovery device.")(internal quotations omitted); Petition of Gary Construction, Inc., 96 F.R.D. 432, 433 (D. Colo. 1983) ("Rule 27(a) proceedings are not intended as a means of discovery to ascertain facts for use in framing a complaint."); In re Loretta M. Wharton, No. M-88-0535, 1988 U.S. Dist. LEXIS 13980 at *4 (E.D. Pa. Dec. 9, 1988) (denying a pre-action petition seeking custodian of art collection to appear for deposition and make art collection available for appraisal on grounds that "Rule 27 was not meant to enable prospective litigant to discover facts upon which to frame a complaint."); In re Wolfson, 453 F. Supp. 1087, 1096 (S.D.N.Y. 1978); Petition of Johanson Glove Co., 7 F.R.D. 156, 157 (E.D.N.Y. 1945) ("Rule 27 gives to a litigant

---

[5] Rule 27(a) governs pre-action discovery and Rule 27(b) governs discovery on appeal. The standards under each subpart are substantially identical.

privilege to perpetuate testimony. As a basis for that privilege the litigant must not only show that he has a cause of action, but that he is presently unable to commence that action, not because he is worried about the phraseology of the complaint, but because there is some obstacle beyond his control that prevents him from bringing it.").

Medtech's concern in serving this Subpoena was not the preservation of information/data likely to disappear or be destroyed, but rather as a second opportunity to seek discovery from Ms. Kaplan should its motion to amend its complaint be granted.

"In order to prevail on a Rule 27 petition, petitioners must satisfy three elements. First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed." In the Matter of the Petition of Giuseppe Allegretti, 229 F.R.D. 93 (S.D.N.Y. 2005); see also, Chester Co. Elec., Inc., 208 F.R.D. at 546-47, *supra*.

Medtech never sought permission from the court to take pre-action discovery of Ms. Kaplan. Medtech has not sought the court's permission to make a Rule 27 application because it can not state in good faith that they needed the documents in the Subpoena and Ms. Kaplan's deposition for any other reason than to amend their complaint (in the event their motion to amend is denied).

Moreover, Medtech cannot make the argument that the documents sought by the Subpoena have a likelihood of being lost, concealed or destroyed. Most, if not all of the forty-

seven (47) categories of documents sought by Medtech are items that can be sought from Dentek, who is already a party to the Medtech Action and subject to a Scheduling Order entered into on May 31, 2007. If there are additional items Medtech believes only Ms. Kaplan can produce, it will have an opportunity to seek them from her in the course of discovery, whether as a party or non-party (depending on the outcome of Medtech's motion to amend its complaint). Additionally, there is no concern that Ms. Kaplan will not be available for deposition in the future as she is not ill nor has plans to leave the United States. In point of fact, Medtech never made a Rule 27 application to the Court for pre-action discovery because it knew since a motion would have been denied.

In Williams v. Moody, No. 98 CV 1211, 1999 U.S. Dist. LEXIS 7320 at *3 (E.D. Pa. May 18, 1999) the court granted defendant's motion to quash where, pending an appeal, plaintiff served subpoenas on two non-parties and failed to make a Rule 27 application which failed to show that the information sought by plaintiff had a likelihood of being lost or destroyed in the interim.

The plaintiff in Williams, as Medtech here, tried to evade the requirements of the Federal Rules to obtain discovery. Id. After his complaint was dismissed for improper service and lack of personal jurisdiction, the plaintiff in Williams ignored the need to make an application under Rule 27 and served subpoenas on non-parties. Id. The subpoenas in Williams did not, as mandated by Rule 27, seek "depositions of witnesses to perpetuate their testimony for use in the event of proceedings in the district court." Id. Rather, the subpoenas served by the plaintiff in Williams were used as a substitute for discovery. Similarly, in this instance, the Subpoena is not being used to secure or preserve information that could be lost or destroyed. Rather, Medtech is

using the Subpoena to conduct discovery to determine if a cause of action exists as against Ms. Kaplan.

### III. CONCLUSION

For the foregoing reasons, non-party Kelly Kaplan respectfully requests that the Court enter an order quashing the Subpoena Duces Tecum in its entirety.

Dated: August 10, 2007

                                SALON MARROW DYCKMAN
                                NEWMAN & BROUDY LLP

                                By: _____
                                Kathleen A. Donohue (KD-5283)
                                Attorneys for Kelly Kaplan
                                2 University Plaza, Suite 210
                                Hackensack, New Jersey 07601
                                (201) 662-0656 (telephone)
                                (201) 487-9054 (facsimile)

To:    Karl Geercken (KG 5897)
        Amy Manning (AM 0338)
        Alston & Bird LLP
        90 Park Avenue
        New York, New York 10016-1387
        (212) 210-9471 (telephone)
        (212) 210-9444 (facsimile)
        karl.geercken@alston.com
        amy.manning@alston.com

        W. Edward Ramage (TN BPR No. 16261)
        Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
        1800 Commerce Center, Suite 1000
        211 Commerce Street
        Nashville, TN 37201
        (615) 726-5771 (telephone)
        (615) 744-5771 (facsimile)
        eramage@bakerdonelson.com
        Admitted *Pro Hac Vice*

# Exhibit A

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

ATTORNEYS AT LAW

JOHN PAUL FULCO, PC
Partner

jfulco@salonmarrow.com

direct dial (646) 843-1917
direct fax (646) 843-1918

292 MADISON AVENUE, 6TH FLOOR

NEW YORK, NY 10017

Telephone  (212) 661-7100

Facsimile   (212) 661-3339

2 University Plaza, Suite 210
Hackensack, NJ 07601
Telephone (201) 662-0656
Facsimile (201)487-9054

257 Lyons Plains Road
Weston, CT 06883
Telephone (203) 227-0023
Facsimile (646) 843-1910

800 Corporate Drive, Suite 208
Ft. Lauderdale, FL 33334
Telephone (954) 491-0099
Facsimile (954)491-1544

August 7, 2007

**VIA FACSIMILE**
**(212) 210-9444**

Karl Geercken, Esq.
Alston & Bird LLP
90 Park Avenue
New York, New York 10016-1387

    Re:   Medtech Products Inc. v. Ranir, LLC et al.
           Case No.: 07 CV 03302-UA-LMS
           Our File No.: 12965.002

Dear Mr. Geercken:

      We are counsel for third-party Kelly Kaplan ("Ms. Kaplan") and are in receipt of your client, Medtech Products Inc.'s ("Medtech") Subpoena Duces Tecum ("Subponea") dated July 23, 2007 and served on Ms. Kaplan at approximately 5:00 p.m. on July 27, 2007. We are aware of Medtech's motion for leave to file an amended complaint against DenTek Oral Care, Inc. ("DenTek") to add Ms. Kaplan as a party defendant to Medtech Products v. DenTek Oral Care, Inc., (07 CV 0334), currently pending in the Southern District of New York.

      Seeking document discovery and testimony from Ms. Kaplan by way of Subpoena during the pendency of Medtech's motion for leave to add Ms. Kaplan as a party defendant is an attempt to obtain pre-action discovery to the prejudice of Ms. Kaplan. Moreover, the vast scope of the Subpoena, coupled with the vague allegations of the proposed amended complaint which does not even attempt to identify the alleged "confidential and/or proprietary information" allegedly provided by Ms. Kaplan to DenTek makes it clear that the Subpoena is nothing more than a pre-action fishing expedition by which Medtech hopes to be able to determine whether it indeed has

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 2

a claim. Accordingly, demand is hereby made that Medtech withdraw its Subpoena forthwith, in default of which we will seek appropriate relief.

In the interim, third-party Ms. Kaplan, through her attorneys Salon Marrow Dyckman Newman & Broudy LLP, in addition to the aforesaid statements and objections, responds to the Subpoena as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1. By responding to any request contained in the Subpoena, Ms. Kaplan does not concede the materiality of the subject to which it refers. Ms. Kaplan's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or subsequent proceeding.

2. Ms. Kaplan objects to these requests for documents contained in the Subpoena to the extent that they demand documents and/or information which are protected by the attorney-client and/or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objection to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Ms. Kaplan's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are overly broad, oppressive, and unduly burdensome.

5. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are vague and ambiguous.

6. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are improper.

7. Ms. Kaplan further objects to these requests for documents within the Subpoena to the extent they are not limited in time.

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 3

8.　Ms. Kaplan further objects to these requests within the Subpoena to the extent that they call for information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.　Ms. Kaplan also objects to the Definitions and Instructions to the extent that they invoke obligations beyond what is required under the Federal Rules of Civil Procedure.

10.　Ms. Kaplan reserves the right to supplement her responses to each request, if and when additional information becomes available to Ms. Kaplan's counsel. Ms. Kaplan also reserves the right to object to the future disclosure of any such information.

## DOCUMENTS TO BE PRODUCED

1.　Produce all documents and things concerning DenTek Oral Care, Inc.

**Response:**　See the General Statements and Objections.

2.　Produce all documents concerning or evidencing your communications with DenTek that preceded you having any employment relationship or other formal association with DenTek; This request includes, but is not limited to, all correspondence, presentations (including Powerpoints, notes, handouts), notes of meetings, telephone records, negotiation documents, and draft contracts.

**Response:**　See the General Statements and Objections.

3.　Produce documents sufficient to determine the date of the first contact you had with DenTek after July 1, 2005.

**Response:**　See the General Statements and Objections.

4.　Produce documents sufficient to determine your first date of employment or association with DenTek (for instance, your first pay stub evidencing the pay period).

**Response:**　See the General Statements and Objections.

5.　Produce all documents referencing DenTek that precede your employment relationship or other association with DenTek.

**Response:**　See the General Statements and Objections.

6.　Produce all documents and things concerning your relationship with DenTek, whether as a consultant, contractor, agent, employee, or otherwise.

127590

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 4

      Response:    See the General Statements and Objections.

    7.    Produce all documents evidencing any descriptions concerning your position with DenTek.

      Response:    See the General Statements and Objections.

    8.    Produce all documents concerning DehTek's description of your affiliation, including such descriptions in communications, advertising, and tradeshow applications.

      Response:    See the General Statements and Objections.

    9.    Produce all documents constituting, relating or referring to any interest that you own or have in DenTek. This request includes, but is not limited to, any profitability incentives, stock ownership, stock options, royalties, or other ownership or compensation incentives that inure to you in anyway from DenTek.

      Response:    See the General Statements and Objections.

    10.    Produce all employee handbooks, policy manuals, memoranda, or other documents containing any corporate policies which you received from DenTek.

      Response:    See the General Statements and Objections.

    11.    Produce any resume or curriculum vitae that you have in your possession that references Dental Concepts LLC ("Dental Concepts") or DenTek.

      Response:    See the General Statements and Objections.

    12.    Produce all documents concerning any contracts or agreements that you have with DenTek.

      Response:    See the General Statements and Objections.

    13.    Produce all documents concerning any assignment or duties that you have performed at any time for DenTek.

      Response:    See the General Statements and Objections.

    14.    Produce all documents concerning communications in which you make any statements concerning dental protectors.

      Response:    See the General Statements and Objections.

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 5

    15.    Produce rill documents concerning any compensation you have received or are receiving from DenTek.

    **Response:**    See the General Statements and Objections.

    16.    Produce all documents concerning communications regarding dental protectors that are manufactured by DenTek.

    **Response:**    See the General Statements and Objections.

    17.    Produce documents sufficient to determine the status of the research and development of the DenTek dental protector as of your first date of employment.

    **Response:**    See the General Statements and Objections.

    18.    Produce all documents and things concerning DenTek's advertising, intended advertising, promotion, and/or intended promotion of DenTek's dental protector.

    **Response:**    See the General Statements and Objections.

    19.    Produce all documents and things concerning any contracts or agreements with any third party concerning any advertising, promotion, or marketing of the DenTek's dental protector.

    **Response:**    See the General Statements and Objections.

    20.    Produce all documents concerning any communications between you and any other person regarding the subjeat matter of the above-captioned litigation.

    **Response:**    See the General Statements and Objections.

    21.    Produce all documents relating to the drafting of the DenTek At-Home Fitting Instructions, including all drafts thereof.

    **Response:**    See the General Statements and Objections.

    22.    Produce all documents relating to the retaining of any third party hired by DenTek to provide any service relating to the drafting of the At-Home Fitting Instructions.

    **Response:**    See the General Statements and Objections.

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 6

23. Produce all documents and things, including, but not limited to all sketches, drawings and specifications, concerning the conception, design, construction and manufacture of DenTek's dental protector.

**Response:** See the General Statements and Objections.

24. Produce all documents concerning Dental Concepts, Medtech and/or Prestige Brands Inc. ("Prestige Brands").

**Response:** See the General Statements and Objections.

25. Produce all documents concerning the General Release that you entered into with Dental Concepts.

**Response:** See the General Statements and Objections.

26. Produce all documents concerning any contract that you had with Dental Concepts and/or Medtech. This request includes, but is not limited, the contract that provided you would be paid a transaction bonus in the event of sale of Dental Concepts.

**Response:** See the General Statements and Objections.

27. Produce all documents concerning communications which describe your role at Dental Concepts.

**Response:** See the General Statements and Objections.

28. Produce all documents concerning Raymond Duane. This request includes, but is not limited to, any communications concerning DenTek, Dental Concepts, Prestige, Medtech or dental protectors.

**Response:** See the General Statements and Objections.

29. Produce all documents concerning Richard Riordan.

**Response:** See the General Statements and Objections.

30. Produce all documents concerning Michael Lesser.

**Response:** See the General Statements and Objections.

31. Produce all documents concerning Frank Lesniak.

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 7

**Response:** See the General Statements and Objections.

32. Produce all documents concerning and things concerning DenTek's use of the mark "NIGHTGUARD," "NIGHTGUARD," or any variant thereof.

**Response:** See the General Statements and Objections.

33. Produce all documents and things concerning communications received from or sent to the United States Food and Drug Administration related to any dental protector.

**Response:** See the General Statements and Objections.

34. Produce all documents and things prepared by any person affiliated in any way with Dental Concepts and/or DenTek.

**Response:** See the General Statements and Objections.

35. Produce all documents and things concerning Medtech's NIGHTGUARD™ brand dental protector.

**Response:** See the General Statements and Objections.

36. Produce all documents and things concerning Medtech's patent (U.S. Patent No. 6,830,051).

**Response:** See the General Statements and Objections.

37. Produce all documents and things you have received from, sent to, or that concern any person who was an employee or officer at any time of Dental Concepts, DenTek and/or Prestige Brands, including, but not limited to Raymond Duane, Richard Riordan and Mike Lesser.

**Response:** See the General Statements and Objections.

38. Produce documents sufficient to identify any vendor, manufacturer, packager, advertising agency, or other third party contractor that (a) you knew of from your employment at Dental Concepts and (b) you contacted in your capacity at DenTek.

**Response:** See the General Statements and Objections.

39. Produce all documents relating to Seth Natter and Natter & Natter.

**Response:** See the General Statements and Objections.

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 8

    40.    Produce all documents relating to Lawrence Saffran and Stelray Plastics Products, Inc.

    **Response:**    See the General Statements and Objections.

    41.    Produce all documents concerning Tufts University School of Dental Medicine, Dental Ideas, Noshir Mehta, Ayman Abousliala, and Gerard Kugel.

    **Response:**    See the General Statements and Objections.

    42.    Produce all documents and things you have received from, set to, or that concern any faculty advisors or consultants at any academic institution or university relating to dental guards.

    **Response:**    See the General Statements and Objections.

    43.    Produce all documents and things regarding the 2007 NACDS Marketplace Conference that you attended, including, but not limited to, your association with DenTek.

    **Response:**    See the General Statements and Objections.

    44.    Produce all documents and information concerning or relating to Dental Concepts that you provided to DenTek at any time.

    **Response:**    See the General Statements and Objections.

    45.    Produce documents sufficient to identify any e-mail address that you have used or owned since July 1, 2005.

    **Response:**    See the General Statements and Objections.

    46.    Produce documents sufficient to identify the telephone numbers that since September 2005 were your (a) primary home telephone number and (b) primary cell telephone number.

    **Response:**    See the General Statements and Objections.

    47.    Produce any electronically stored information (ESI) that includes any of the proposed initial search terms included in this paragraph and relates to any of the topics in this ' Schedule,. including the following sources: (a) any e-mail that was exchanged with' any 'e-mail address that you have had at any time, whether currently existing locally or externally; or (b) any documents or files existing on any computer to which you have had access at any time; or (c) any Treo, Blackberry, cell phone, or other portable electronic device that would contain ESI; or (d)

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Karl Geercken, Esq.
August 7, 2007
Page 9

any removable electronic medium that you have in your possession, custody or control; or (e) any DenTek computer that you have access to.

**Response:**   See the General Statements and Objections.

Very truly yours,

JOHN PAUL FULCO, P.C.

By: _____
   John Paul Fulco

JPF:mla

127590