Docket in case # 07 cv 3302
Re: Order
Date: 4/1/08   LMS/USMJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MEDTECH PRODUCTS, INC.,                              :

       Plaintiff,                                  :        ORDER

       -against-                                  :        07 Civ. 3302 (KMK)(LMS)

DENTEK ORAL CARE, INC., et al.,                      :

       Defendant.                                  :

-----------------------------------------------------------------x

       On July 10, 2007, the undersigned issued an Order which was intended, in large part, to assist the Court and the parties in efficiently and effectively handling discovery disputes. See docket item #43. That Order states, in part, that a party raising an objection regarding discovery may bring such objection to the attention of the Court "by a letter brief limited to two (2) double spaced pages." An opposing party may respond through "a two (2) page double spaced answering letter brief." To my regret, the undersigned has not heretofore consistently enforced the page and spacing limitations in that Order; counsel are now cautioned that henceforth submissions in connection with discovery must be limited to two (2) pages, and must be double spaced. Any non-compliant submissions will be set aside and not considered.

       On March 27, 2008, two business days before the Court-imposed deadline of March 31, 2008, for the production by defendant DenTek of certain electronically stored information, counsel for defendant DenTek submitted to the Court by fax a two page, single spaced letter, seeking a 30 day extension of time for complete production of the relevant information, which defendant purports to be producing on a rolling basis. Today, March 31, the undersigned received plaintiff's response to this request, dated March 28, 2008, which was contained in a

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:

seven page, single spaced letter, and which had attached twelve separate exhibits. Shortly after receipt of the submission, my chambers received a telephone call from plaintiff's counsel, inquiring about the status of the matter. I refrain from comment on counsel's apparent belief that the Court will put all other business aside to attend to this case. Plaintiff in the March 28 submission opposes defendant DenTek's request for an extension of time and seeks permission to file a motion for sanctions. In accordance with the July 10, 2007, discovery Order, written replies are not permitted in connection with discovery disputes.

The requested extension is not extensive, and part of the time requested is based on personal commitments of counsel, rather than work to be expended on this discovery. Although the Court wonders why the large number of counsel in this case cannot attend to this matter timely (defendant DenTek has four counsel of record), I will not intrude on the internal decisions by counsel to assign various litigation tasks (including not inquiring why one of the eleven counsel of record for plaintiff did not attend to the July 10, 2007, Order in preparing the March 28 submission). In the larger context of this litigation, the requested extension is *de minimis*. Plaintiff's application to move for sanctions is premature. Any such request should await the completion of production.

**CONCLUSION**

Defendant DenTek's application for a 30 day extension to complete production of electronically stored information is granted. Plaintiff's application for permission to make a

motion for sanctions is denied without prejudice to renewing such an application at the appropriate time.

Dated: March 31, 2008
      White Plains, New York

SO ORDERED

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York