UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MEDTECH PRODUCTS, INC.,

                Plaintiff,                No. 07-CV-3302 (KMK)(LMS)

      -v-                           ECF Case

DENTEK ORAL CARE, INC., et al.,

                Defendants.

-------------------------------------------------------------x

OBJECTIONS BY DEFENDANTS RAY DUANE AND
CDS ASSOCIATES, INC. TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, DATED JUNE 2, 2008

GREENBERG FREEMAN LLP
24 West 40th Street, 17th Floor
New York, NY 10018
(646) 366-0881
*Attorneys for Defendants Ray Duane*
 *and CDS Associates, Inc.*

# TABLE OF CONTENTS

   Page

TABLE OF AUTHORITIES .................................................................................................... ii

I.    INTRODUCTION ...........................................................................................................1

II.   RELEVANT ALLEGATIONS AND PROCEEDINGS .................................................1

     A.    Relevant Allegations in the SAC ........................................................................1

     B.    Prior Proceedings ................................................................................................5

     C.    The Duane Defendants' Motion To Dismiss .....................................................6

     D.    The R&R ..............................................................................................................6

III.  ARGUMENT....................................................................................................................8

    Point I

    APPLICABLE STANDARD OF REVIEW FOR A
    MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ..........................8

    Point II

    THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THIS COURT
    DENY THE DUANE DEFENDANTS' MOTION TO DISMISS MEDTECH'S
    CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS SHOULD NOT
    BE ADOPTED.................................................................................................................9

    Point III

    THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THIS COURT
    DENY THE DUANE DEFENDANTS' MOTION TO DISMISS MEDTECH'S
    CLAIMS FOR BREACH OF CONTRACT SHOULD NOT BE ADOPTED

     A     The Duane Defendants Did Not Breach the Non-Compete and
           Non-Solicitation Clause Because It Did Not Apply Here. ...............................9

     B.    Any Claim for Breach of Contract Based on the Disclosure of Proprietary
           and Confidential Information Fails as a Matter of Law....................................13

Point IV

    IF THE COURT DISMISSES THE SAC, THE DUANE DEFENDANTS
    REQUEST LEAVE TO SEEK ATTORNEYS' FEES AND COSTS..........................14

IV.    CONCLUSION................................................................................................14

# TABLE OF AUTHORITIES

Page

## CASES

Boss v. Advanstar Communications, Inc., 911 F. Supp. 109, 112 (S.D.N.Y. 1995)........12

Darby Trading Inc. v. Shell Intern. Trading and Shipping Co. Ltd., No. 07-CV-0400
  (KMK)(GAY), 2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) ........................................ 6

First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994).....................11

5-Star Management, Inc. v. Rogers, 940 F. Supp. 512 (E.D.N.Y. 1996) .........................11

G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233 (S.D.N.Y. 2001)...................11

Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999) ......................................... 3

## I. INTRODUCTION

Defendants Ray Duane ("Duane") and CDS Associates, Inc. ("CDS" and collectively, the "Duane Defendants"), submit these objections to the Report and Recommendation of Magistrate Judge Lisa M. Smith, dated June 2, 2008 ("R&R") which granted in part and denied in part the Duane Defendants' motion to dismiss the claims against them in the Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff Medtech Products, Inc. ("MedTech") has alleged that the Duane Defendants misappropriate Medtech's trade secrets, violated certain written agreements between the parties, and tortiously interfered with other existing and potential contracts between Medtech and others. The Duane Defendants moved to dismiss all claims. The R&R recommends denying the motion as to Medtech's claim for misappropriation of trade secrets, denying the motion as to all but one of the breach of contract claims, and granting the motion to dismiss Medtech's tort claims. For the reasons set forth below, the Duane Defendants respectfully object to those portions of the R&R by which the Magistrate Judge has recommended against dismissing the SAC in its entirety.

## II. RELEVANT ALLEGATIONS AND PROCEEDINGS

A.  Relevant Allegations in the SAC.[1]

Since 1997, Medtech and its predecessor-in-interest, Dental Concepts LLC ("Dental Concepts"), has manufactured and sold an over-the-counter dental protector

---

[1] Rather than repeat the same arguments as the other defendants, the Duane Defendants incorporate by reference the objections to the R&R by co-defendants DenTek Oral Care, Inc. ("DenTek") and Kelly M. Kaplan ("Kaplan") relating to Medtech's claims that allege defendants misappropriated trade secrets and/or divulged confidential information. Accordingly, the recitation of factual allegations relate only to those objections being raised exclusively by the Duane Defendants.

under the name NIGHTGUARD designed to treat a condition known as bruxism, or nighttime tooth grinding. (SAC ¶¶ 22-23.)

In 1999, Dental Concepts hired the Duane Defendants as consultants.[2] In Medtech's own words, Duane "was an executive sales consultant" who was "considered to be a critical hire for the management to grow Dental Concepts going forward." (SAC ¶ 27.) From the moment the Duane Defendants were retained, management repeatedly stressed its "strategic goal" of "rapidly build[ing] the value of the company and sell[ing] it to a strategic acquirer within three to five years." (SAC ¶ 30.)

At the time they were hired, the Duane Defendants signed a consulting agreement with Dental Concepts (the "Consulting Agreement") setting forth the parties' rights and obligations. (SAC ¶¶ 31-36.) As relevant to this action, the Consulting Agreement contained a non-compete and non-solicitation clause that provides as follows:

> (b) The Consultant [*i.e.*, CDS] and Duane agree that, commencing as of the date hereof and during the period of the Consultant's engagement by the Company [*i.e.*, Dental Concepts] (whether under this Agreement or otherwise) and for a period of twenty-four (24) months from and after the date of termination of such engagement, <u>if such engagement is terminated by the Consultant or is terminated by the Company for Just Cause</u>, neither the Consultant nor Duane shall, without the prior written approval of the Board of Managers of the Company, directly or indirectly, through any other person or entity, whether for itself or himself or as agent on behalf of any other person or entity, and whether as employee, consultant, principal, lender, partner, officer, director, stockholder or otherwise:
>
> >  (i) solicit, raid, entice or induce, or cause, any person who presently is, or any time during the Consultant's engagement by the Company shall be or shall have been, an employee of the Company or any of its Affiliates at any time during the twelve (12) months preceding such solicitation, raid, enticement, inducement or causation, to become employed or retained by any other person or entity; or

---

[2] Duane, at all relevant times, was the sole active employee of CDS, and, thus, all services provided by CDS were provided by Duane personally.

(ii) initiate communications with, solicit, entice, or induce any client, customer or account who presently is, or at any time during the period of the Consultant's engagement by the Company shall be or shall have been, a client, customer, supplier or account of the Company or Dental Concepts, Inc. (the "Predecessor") at any time during the twenty-four (24) months preceding such communication, solicitation, enticement or inducement, to terminate or reduce any contractual, business or other relationship with the Company;

(iii) sell any product or provide any service which is competitive with any of the businesses, products or services of the Predecessor and/or the Company engaged in or marketed during the period of the Consultant's engagement with the Company or during the 24-month period prior thereto (the "Activities'), or promote, market, sell, become or acquire an interest in, or associate in a business relationship with, or aid or assist, any other person or other entity whatsoever who is engaged in any line of business competitive with any of the Activities;

(iv) become an employee, consultant, agent, principal, lender, partner, officer, director, stockholder of, or otherwise provide services to or on behalf of, any other person or entity who is engaged in any line of business competitive with any of the Activities engaged in during the period of the Consultant's engagement with the Company or during the 24-month period prior thereto, or

(v) promote, market, assist or participate in the development, sale, marketing or licensing of any product or service competitive with any of those marketed by the Predecessor and/or the Company during the period of the Consultant's engagement with the Company or the 24-month period prior thereto;

(Freeman Dec., Exh. A at pp. 5-6, ¶ 7(b) (emphasis added).)[3] Thus, pursuant to the highlighted language quoted above, the non-compete and non-solicitation clause is inapplicable unless the Consulting Agreement was terminated voluntarily by the CDS or was terminated by Dental Concepts for "Just Cause." (Id.)

The circumstances under which the Consulting Agreement could be terminated is governed by ¶ 6, which provides, in relevant part, as follows:

---

[3] References to the exhibits that accompanied the Duane Defendants' motion to dismiss, which were appended to the Declaration of Michael A. Freeman, Esq., shall appear as "(Freeman Dec. Exh. __.)" All the exhibits relied upon by the Duane Defendants are appended to the SAC and, therefore, are properly before the Court on the motion to dismiss. Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

     (a) Notwithstanding anything contained herein, the Company's engagement of the Consultant under this Agreement and the Consultant's right to any and all compensation to which the Consultant would otherwise be entitled shall terminate upon the earliest occurrence of the following events:

     * * *

     (vi) <u>at the option of the Company, upon sale of the Company or of substantially all its assets or business to a person or entity which is not immediately prior thereto an Affiliate of the Company</u>.

     (b)     "Just Cause" for purposes hereof shall mean:

     (i)     the commission by the Consultant, Duane of any other employee, agent or affiliate of the Consultant of a felony, or of theft, embezzlement, obtaining funds or property under false pretenses or any similar act of material misconduct with respect to the property of the Company or any of its Affiliates or any of their respective employees or any of the Company's customers or suppliers, or should any representation made to the Company by the Consultant or Duane be false or inaccurate in any material respect;

     (ii)     the commission by the Consultant, Duane of any other employee, agent or affiliate of the Consultant of a material at of malfeasance, dishonesty or breach of trust against the Company or any of the Company's manufacturers, customers, or suppliers, including a breach by the Consultant, Duane or any other employee, agent or affiliate of the Consultant of any of its covenants or obligations under Section 10 of this Agreement [involving breach of warranties and representations];

     (iii)     the Consultant's or Duane's repeated failure to successfully fulfill its duties or his duties or obligations under the Agreement or its or his breach of any of the material obligations and covenants of this Agreement; or

     (iv)     the termination of cessation of Duane's full-time employment with the Consultant, or its intentional failure of Duane to be available to perform the services contemplated by this Agreement for any reason.

(Freeman Dec., Exh. A at pp. 3-4, ¶ 6 (a), (b), emphasis added.)

Attached to and incorporated in the Consulting Agreement as an exhibit was a document entitled Proprietary Information and Inventions Agreement (the PII Agreement"), which, as the name implies, required the Duane Defendants to maintain the

confidentiality of any proprietary information (as defined in the PII Agreement) received from Dental Concepts. (SAC ¶¶ 42-46; Freeman Dec., Exh. A at Exhibit A.)

In November 2005, a company known as Prestige Brands Holdings, Inc. ("Prestige") acquired Dental Concepts for approximately $31 million. (SAC ¶ 71.)[4] After the acquisition, the Duane Defendants continued "consulting for Medtech through and including February 2006." (SAC ¶ 87.) Medtech alleges that Prestige offered the Duane Defendants "continued employment in a sales position," but they declined. (SAC ¶ 88.) The SAC does not allege that Prestige offered to extend the Consulting Agreement.

The SAC alleges that, in July 2006, DenTek Oral Care, Inc. ("DenTek") recruited Duane to work on a project to create, market and sell a competing bruxism device (SAC ¶¶ 110-116), and that in August 2006, Duane and DenTek executed an agreement covering Duane's role on this project (SAC ¶ 120). Medtech alleges that Duane's agreement to work for DenTek violated the non-compete and non-solicitation clause in the Consulting Agreement, (SAC ¶¶ 116, 120, 229-238), and that the Duane Defendants subsequently disclosed Medtech's confidential information and trade secrets to DenTek.

B.   Prior Proceedings

Before Duane was named as a party, he was subpoenaed by Medtech as a third-party witness and, on August 3, 2007, Duane gave a deposition that lasted for approximately seven hours. Following Duane's deposition, Medtech amended its complaint to add the Duane Defendants as party defendants.

---

[4] Prestige later integrated Dental Concepts into Medtech. (SAC ¶ 67.)

C.  The Duane Defendants' Motion To Dismiss

The Duane Defendants' moved to dismiss the SAC in its entirety. As relevant to these objections, the Duane Defendants argued that Medtech's claim for breach of the non-compete and non-solicitation clause in the Consulting Agreement should be dismissed because this clause applies only if the agreement "is terminated by [CDS] or is terminated by [Dental Concepts] Just Cause," neither of which occurred here. Rather, the SAC alleges that the Duane Defendants were terminated by Dental Concepts when it did not continue the Consulting Agreement after the company had been sold, and that, as a result, the non-compete and non-solicitation clause does not apply. (Mov. Br. at 9-10; see also Reply Br. at 2-3.)[5]

D.  The R&R

As relevant to these objections, the R&R recommends that the Duane Defendants' motion to dismiss Medtech's claim for breach of the non-compete and non-solicitation clause in the Consulting Agreement be denied.

Summarizing the parties' respective arguments, the Magistrate Judge characterized the Duane Defendants' argument as advocating an interpretation of the Consulting Agreement under which it was "terminated automatically upon the sale of [Dental Concepts] . . . " while describing Medtech's rejoinder as asserting that "the Consulting Agreement was terminated by Duane and CDS opting to decline further employment after the sale of [Dental Concepts], thereby triggering the non-compete and non-solicitation clause." (R&R 14-15.)

---

[5] Citations to the Duane Defendants' moving brief in support of their motion to dismiss shall appear as "Mov. Br. at __"), and citations to their reply brief shall appear as "(Reply Br. at __.)"

The Magistrate Judge's analysis began by observing that the question of whether the non-compete and non-solicitation clause applies is an issue of contract interpretation, which is generally a question of law for the Court unless the relevant provision is ambiguous. (R&R at 16.) The Magistrate Judge concluded that "the Consulting Agreement is unambiguous with regard to the non-compete and non-solicitation clause." (R&R at 16.) The R&R further stated that "[b]ecause the [SAC] alleges that Duane and CDS ended the employment relationship by declining further employment from Prestige [SAC ¶ 88] . . . the non-compete and non-solicitation clause applied under the circumstances of Duane and CDS's termination from Dental Concept." The Magistrate Judge observed that the Consulting Agreement provides that it "shall terminate . . . *at the option of the [Dental Concepts]*, upon the sale of the Company," and that "[t]here is no allegation in the Amended Complaint that Dental Concepts exercised the option to terminate the Consulting Agreement at the time of the sale." (R&R at 17, emphasis in original.)

The Magistrate Judge also rejected the Duane Defendants' contention that offering Duane Defendants a "sales position" within the company was not the equivalent of continuing the Consulting Agreement. (Reply Br. 2-4.) In reaching this result, the Magistrate Judge relied upon language in the Consulting Agreement which states that CDS was retained as a consultant "to direct and supervise sales of [Dental Concept's] products," which the Magistrate Judge found to be evidence "indicating that Duane and CDS were not hired exclusively to grow the company so that it could be sold." (R&R at 18.)

## III. <u>LEGAL ARGUMENT</u>

### <u>Point I</u>

APPLICABLE STANDARD OF REVIEW FOR A
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

"Where a party submits timely objections to a report and recommendation, . . . the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review." <u>Darby Trading Inc. v. Shell Intern. Trading and Shipping Co. Ltd.</u>, No. 07-CV-0400 (KMK)(GAY), 2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) (Karas, J.) (citing 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3)).

### <u>Point II</u>

THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THIS COURT DENY
THE DUANE DEFENDANTS' MOTION TO DISMISS MEDTECH'S CLAIM
FOR MISAPPROPRIATION OF TRADE SECRETS SHOULD NOT BE ADOPTED

The Duane Defendants adopt and incorporate by reference the arguments contained in Dentek and Kaplan's respective objections to the R&R as to why this Court should not adopt the Magistrate Judge's recommendation to deny the Duane Defendants' motion to dismiss Medtech's claim for misappropriation of trade secrets.

8

### Point III

THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THIS COURT DENY THE DUANE DEFENDANTS' MOTION TO DISMISS MEDTECH'S CLAIMS FOR BREACH OF CONTRACT SHOULD NOT BE ADOPTED

A.   The Duane Defendants Did Not Breach the Non-Compete and Non-Solicitation Clause Because It Did Not Apply Here.

The Duane Defendants respectfully submit that the Magistrate Judge's conclusion that Medtech has stated a claim against the Duane Defendants for breach of the Consulting Agreement is incorrect, and this Court should not adopt that recommendation.

The Duane Defendants agree with the Magistrate Judge's conclusion that the non-compete and non-solicitation clause in the Consulting Agreement is unambiguous and, therefore, the applicability of that provision can be interpreted as a matter of law. (R&R at 16.) As relevant here, the Consulting Agreement unambiguously provides that the non-competition and non-solicitation clause is not applicable in all circumstances upon the termination or expiration of the Consulting Agreement, but only where Medtech terminated the Consulting Agreement "for cause," which has not been alleged, or if it was terminated voluntarily by the Duane Defendants. (Freeman Dec., Exh, A. at ¶ 6.)

The Duane Defendants respectfully submit that the Magistrate Judge misunderstood their position when Her Honor described the Duane Defendants as contending that "the Consulting Agreement terminated automatically upon the sale of [Dental Concepts]." (R&R at 14; see also R&R at 17.) The Duane Defendants have never urged this Court to find that the Consulting Agreement "terminated automatically" upon a sale of the company, and those words appear no where in any brief filed by the Duane Defendants. Rather, Medtech's claim for breach of the non-compete and non-solicitation clause in the Consulting Agreement should be dismissed because the

9

allegations of the SAC do not allege either: (1) that the Duane Defendants were terminated for cause; or (2) that the Duane Defendants voluntarily terminated the Consulting Agreement, the only two circumstances under which the non-compete and non-solicitation clause would apply.

The only two paragraphs of the 67-page SAC that describe how Duane Defendants' consulting engagement ended are paragraphs 87 and 88, which allege as follows:

> 87. CDS and Duane continued consulting for Medtech through and including February 2006. Duane stayed on board until Dental Concepts was completely transitioned into Medtech.
>
> 88. CDS and Duane declined continued employment in a sales position that was offered by Prestige.

(SAC ¶¶ 87-88.) Based on these allegations, the Magistrate Judge recommended that the Duane Defendants' motion to dismiss the breach of contract claim be denied because the SAC "alleges that Duane and CDS ended the employment relationship by declining further employment from Prestige," which triggered the non-compete and non-solicitation clause. (R&R at 17.)[6] In further support of this conclusion, the Magistrate Judge relied in part on another paragraph in the Consulting Agreement stating that CDS was retained as a consultant "to direct and supervise sales of [Dental Concept's] products," which Her Honor found to "indicat[e] that Duane and CDS were not hired exclusively to grow the company so that it could be sold." (R&R at 18.) It is respectfully

---

[6] In making this statement, the Magistrate Judge presumably did not intend to make a final determination that that non-compete and non-solicitation clause applies as a matter of law, but simply hold that Medtech's complaint, accepting the allegations as true, contain allegations sufficient to survive a motion to dismiss. Assuming *arguendo* that Your Honor agrees with the Magistrate Judge's conclusion, the Duane Defendants respectfully request that Your Honor clarify that the Duane Defendants are not precluded from proving facts through discovery to show that the non-complete and non-solicitation clause does not apply because of the circumstances under which the Consulting Agreement was terminated.

submitted that the Magistrate Judge's conclusion is not supported by the allegations in the SAC or the exhibits attached thereto.

Even under the permissive pleading standards that govern a motion to dismiss for failure to state claim, a court may not "draw inferences from facts not pleaded in the [c]omplaint." G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233, 264 (S.D.N.Y. 2001) ("It is inconsistent with the standards for resolving a motion to dismiss to have this Court draw inferences from facts not pleaded in the Complaint."); 5-Star Management, Inc. v. Rogers, 940 F. Supp. 512, 519 (E.D.N.Y. 1996) (an omission of fact regarding a pivotal element of a pleader's claim justifies the court to assume the non-existence of the operative fact, citing O'Brien v. DiGrazia, 544 F.2d 543, 546 n.3 (1st Cir. 1976)); see also First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) ("unwarranted deduction of fact" need not be accepted as true). The Consulting Agreement unambiguously provides that the non-complete and non-solicitation clause apply only if the Duane Defendants were terminated for cause or if they voluntarily terminated the Consulting Agreement. The SAC does not allege that either of these occurred. Nonetheless, the Magistrate Judge inferred that it was the Duane Defendants who terminated the Consulting Agreement when they "declined continued employment in a sales position." (R&R at 17, citing SAC ¶ 88.) The Duane Defendants respectfully submit that this inference is not justified for several reasons. First, Medtech does not alleges anywhere in the SAC that the Duane Defendants terminated the Consulting Agreement. Indeed, paragraphs 87 and 88 of the SAC, which describe the termination of the consulting engagement, do not even mention the Consulting Agreement. Second, the SAC alleges that Prestige offered "employment" to the Duane Defendants, not that

11

Prestige offered to extend the Consulting Agreement. (SAC ¶ 88.) The Consulting Agreement expressly provides that the Duane Defendants were to be treated "independent contractor[s]," not as employees (Freeman Dec. Exh. A at ¶ 4(a).) Thus, by its terms, an offer of employment is inconsistent with the Consulting Agreement, and cannot be considered an extension of that agreement. Third, the SAC does not allege that the "sales position" offered to the Duane Defendants was comparable to the position they held under the Consulting Agreement, notwithstanding the language in the Consulting Agreement indicating that the Duane Defendants were hired "to direct and supervise sales . . . ." (Freeman Dec. Exh. A at ¶ 2(a).) Medtech may not invoke the non-compete and non-solicitation clause simply by offering the Duane Defendants an inferior job it knew they would reject. See Boss v. Advanstar Communications, Inc., 911 F. Supp. 109, 112 (S.D.N.Y. 1995) (under employee benefit plan entitling workers to severance when company is sold unless an "employee is offered continued employment," severance is due to employee unless the terms of employment offered, "taken as a whole, were reasonably comparable" to those of employment held immediately prior to the sale). Here, the allegations of the SAC neither state nor infer that the "sales position" offered was comparable to the position the Duane Defendants held prior to the sale of Dental Concepts. The SAC describes Duane as an "executive" with "substantial access to confidential and proprietary information" (SAC ¶ 9), a member of Dental Concepts "core management team" and a "'difference' maker" that the company considered to be a "critical hire for the management to grow Dental Concepts going forward." (SAC ¶ 27.) Medtech has not alleged that the "sales position" Prestige had offered provided

comparable responsibility or remuneration, and, in the absence of such allegations, this Court should not infer that it did.

In sum, given the unambiguous circumstances under which the non-compete and non-solicitation clause does and does not apply, Medtech could have expressly alleged that the Duane Defendants voluntarily terminated the Consulting Agreement, which would have ended the inquiry on the motion to dismiss. Medtech did not allege voluntary termination, however, and the law proscribes inferring such facts. Accordingly, contrary to the Magistrate Judge's recommendation, Medtech's claim for breach of the Consulting Agreement should be dismissed.

B.  Any Claim for Breach of Contract Based on the Disclosure of Proprietary and Confidential Information Fails as a Matter of Law.

The Magistrate Judge separately recommended that this Court deny the Duane Defendants' motion to dismiss Medtech's claims for breach of the Consulting Agreement and the PII Agreement on the ground that Medtech has failed to allege that the Duane Defendants divulged and confidential information or trade secrets. (R&R at 21.) If this Court does not adopt the Magistrate Judge's recommendation and concludes that Medtech has not adequately alleged that the Duane Defendants misappropriate any confidential information or trade secrets (see page 8, above), this Court should dismiss the breach of contract claims on the ground that Medtech has failed to allege a breach of the Consulting Agreement or the PII Agreement.

**Point IV**

IF THE COURT DISMISSES THE SAC, THE DUANE DEFENDANTS
REQUEST LEAVE TO SEEK ATTORNEYS' FEES AND COSTS

As part of their motion to dismiss the SAC in its entirety, the Duane Defendants sought leave to seek their reasonable attorneys' fees and litigation costs pursuant to ¶ 6 of the "General Release" executed by Duane following the sale of Dental Concepts. (Mov. Br. at 15.) Because the Magistrate Judge did not recommend granting the motion in its entirety, the Magistrate Judge did not address this branch of the motion. If this Court determines that the SAC should be dismissed in its entirety, the Duane Defendants respectfully request leave to submit a motion to recover their costs and attorneys' fees.

**IV. CONCLUSION**

For the foregoing reasons, this Court should not adopt the Magistrate Judge's recommendation to deny the Duane Defendants' motion to dismiss Medtech's claims for misappropriation of trade secrets, for breach of the Consulting Agreement, and for breach of the PII Agreement, and, instead, dismiss those causes of action pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: New York, New York
       June 18, 2008

                                    Respectfully submitted,

                                    GREENBERG FREEMAN LLP

                                    By: __/s/ *Michael A. Freeman*__
                                        Michael A. Freeman (MAF-9600)
                                        24 West 40th Street, 17th Floor
                                        New York, NY 10018
                                        (646) 366-0881
                                        *Attorneys for Defendants Ray Duane*
                                         *and CDS Associates, Inc.*