**12/21/2007  Hearing Transcript**

```
 1          UNITED STATES DISTRICT COURT
 1          SOUTHERN DISTRICT OF NEW YORK
 2          ---------------------------------------x
        2   MEDTECH PRODUCTS, INC.,
 3
        3                   Plaintiff,
 4
        4           v.                       07 Civ. 3302(KMK)(LMS)
 5
        5
 6          RANIR, LLC and CVS PHARMACY, INC.,
        6
 7                          Defendants.
        7   ---------------------------------------x
 8          MEDTECH PRODUCTS, INC.,
        8                   Plaintiff,
 9                  v.
10          DENTEK ORAL CARE, INC.,
11                          Defendant.
       11   ---------------------------------------x
12          MEDTECH PRODUCTS, INC.,
       12                   Plaintiff,
13                  v.
14          POWER PRODUCTS, INC., d/b/a SPLINTEK,
15                          Defendant.
       15   ---------------------------------------x
16
17
18                                           United States Courthouse
       18                                    White Plains, N.Y.
19                                           December 21, 2007
       19
20
21
22          Before:
       22              THE HONORABLE LISA MARGARET SMITH,
23
       23                                    Magistrate Judge
24
25
```

1

**12/21/2007 Hearing Transcript**

1  When you're talking about your own discovery requests,
2  those are discovery requests directed to DenTek.
3            MR. GEERCKEN: Correct.
4            THE COURT: Okay. Go ahead.
5            MR. GEERCKEN: Correct. Thank you, your Honor.
6            The information we're seeking is directly relevant to
7  the case to find out which of the information Ms. Kaplan passed
8  on or DenTek may have used, Mr. Duane may have passed on
9  relating to this regulatory strategy with regard to the 510K
10 filing. It's targeted discovery directed toward this aspect of
11 our trade secrets claim, and we think that there's -- this
12 falls right within the between spot of what is relevant and
13 discoverable in order to prosecute our claims here.
14           DenTek's defense that we've heard of so far seems to
15 be a little bit of procedural gamesmanship. DenTek is saying,
16 Medtech, you're in the wrong place; go to D.C. and try and
17 litigate this in D.C., where Hogan & Hartson is; this Court
18 shouldn't deal with this issue here. We submit that DenTek is
19 wrong. We requested, as I've indicated before, the same type
20 of information from DenTek. Moreover, the case law is clear.
21 Documents in the possession of a party's current or former
22 counsel are deemed to be in that party's possession, custody or
23 control. That's the MTB Bank case that we cited in our letter.
24 There's also the Malletier v. Dooney & Bourke case that says
25 much the same thing, your Honor.

1    of facts.

2            And I think the appropriate way to proceed is to
3    require Medtech to identify the limited discovery that it needs
4    in order to be able to further identify the trade secrets upon
5    which it relies and that that specification of those trade
6    secrets should then be produced promptly so that the remaining
7    motions, the motions to dismiss and the motion for a
8    preliminary injunction, can then be considered.  But I think
9    they can't be considered until the specification of trade
10   secrets has been made.

11           Medtech has said that it needs more discovery.  It
12   doesn't need full discovery.  And so what we need here is an
13   identification of the limited discovery needed by Medtech in
14   order to specify the trade secrets, because, without that
15   specification, it may very well be impossible to go forward, at
16   least as to some of the causes of action.

17           Mr. Geercken, can you help me here?  What should we be
18   moving forward with?  What should I be permitting in terms of
19   that limited discovery?  And it is going to be limited?

20           MR. GEERCKEN:  One moment, your Honor.

21           THE COURT:  Sure.

22           (Pause)

23           MR. GEERCKEN:  Your Honor, plaintiffs would like the
24   opportunity to confer and caucus about that and, if possible,
25   within a few days, provide our adversary and the Court, if the

1  Court would like, the limited discovery that we think would be
2  necessary.
3          THE COURT:  All right.  I won't put you on the spot so
4  close to Christmas.  That would not be nice.
5          MR. GEERCKEN:  Thank you, your Honor, thank you.
6          THE COURT:  In the spirit of the season.
7          What I think I need from plaintiffs is for you to
8  provide not only an outline of the discovery that is needed,
9  making it as concise and limited as possible and focused on the
10 issue of trade secrets, but also a time line for seeking and
11 obtaining production of that, along with a proposal of when the
12 more specific identification and designation of the trade
13 secrets upon which you're relying both for your preliminary
14 injunction motion and for the proposed amended -- I'm sorry,
15 the second amended complaint, when those things are going to be
16 designated.  I think that, in addition to the categories of
17 discovery, a time line for that discovery is necessary.
18         I'm going to stay the motions -- consideration of the
19 motions pending this part of the process.  I know it's time
20 consuming, and I hate to delay the case any more than
21 necessary, but I think that, procedurally, it's important for
22 us to move in that direction.
23         I'm also aware that Mr. Duane is trying to run a
24 parallel track and is a bit behind the eight ball because of
25 not having counsel yet for C.D.S. Associates, and this may