```
        82emedtctp
1       UNITED STATES DISTRICT COURT
1       SOUTHERN DISTRICT OF NEW YORK
2       ------------------------------------x
    2   MEDTECH PRODUCTS, INC.,
3
    3              Plaintiff,
4
    4         v.                              07 Civ. 3302(KMK)(LMS)
5
    5
6       RANIR, LLC and CVS PHARMACY, INC.,
    6
7                  Defendants.
    7   ------------------------------------x
8       MEDTECH PRODUCTS, INC.,
    8              Plaintiff,
9             v.
10      DENTEK ORAL CARE, INC.,
11                 Defendant.
    11  ------------------------------------x
12      MEDTECH PRODUCTS, INC.,
    12             Plaintiff,
13            v.
14      POWER PRODUCTS, INC., d/b/a SPLINTEK,
15                 Defendant.
    15  ------------------------------------x
16
17
18                                          United States Courthouse
    18                                      White Plains, N.Y.
19                                          February 14, 2008
    19
20
21
22      Before:
    22             THE HONORABLE LISA MARGARET SMITH,
23
    23                                      Magistrate Judge
24
25      *Proceedings recorded via electronic recording device.
```

1

1  list trade secrets which it considers to be "merely
2  illustrative" on page five.  I won't go through them in detail,
3  your Honor, but they all suffer from the same lack of
4  specificity and particularity that will jeopardize the scope of
5  relevance in discovery as well as the trade secret claims at
6  issue in this case.
7         MR. HELTON:  If I could just reply briefly, your
8  Honor.
9         MR. CHENG:  Thank you, your Honor.
10        THE COURT:  Yes, Mr. Helton, go ahead.
11        MR. HELTON:  As Mr. Cheng pointed out, we did identify
12 many paragraphs in our February 8th letter which are taken from
13 the complaint which we filed -- the second amended complaint
14 which we filed in this case and which discuss our trade
15 secrets.  I have here a two-page list where I just made some
16 notations.  And I won't repeat all of the paragraphs, but I
17 will say that we have probably -- we have a second amended
18 complaint that is 68 pages in length.  The first 48 pages are
19 factual issues.  It is in those 48 pages that we describe the
20 trade secrets that we have in this case.  And we have done the
21 best that we could, based upon the knowledge that we have,
22 without any discovery, to plead the trade secrets that we think
23 are involved, again, without discovery, in this lawsuit.  No
24 amount of discovery is going to illuminate those provisions of
25 the complaint as far as the motion to dismiss is concerned.