UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MEDTECH PRODUCTS, INC.,

        Plaintiff,                       No. 07-CV-3302 (KMK)(LMS)

    -v-                             ECF Case

DENTEK ORAL CARE, INC., et al.,

        Defendants.

------------------------------------------------------------x


RESPONSE BY DEFENDANTS RAY DUANE AND CDS ASSOCIATES,
INC. TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE
<u>JUDGE'S REPORT AND RECOMMENDATION, DATED JUNE 2, 2008</u>


                                      GREENBERG FREEMAN LLP
                                      24 West 40th Street, 17th Floor
                                      New York, NY  10018
                                      (646) 366-0881
                                      *Attorneys for Defendants Ray Duane*
                                        *and CDS Associates, Inc.*

## I. INTRODUCTION

Defendants Ray Duane ("Duane") and CDS Associates, Inc. ("CDS" and collectively, the "Duane Defendants"), submit this response to the objections filed by plaintiff Medtech Products, Inc. ("MedTech") as to the Report and Recommendation of Magistrate Judge Lisa M. Smith, dated June 2, 2008 ("R&R"), which granted in part and denied in part the Duane Defendants' motion to dismiss the claims against them in the Second Amended Complaint ("SAC").[1]

## II. ARGUMENT

### THIS COURT SHOULD ADOPT THE MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS MEDTECH'S CLAIMS FOR TORTIOUS INTERFERENCE WITH CONTRACT, BREACH OF THE PROPRIETARY INFORMATION AND INVENTIONS AGREEMENT AND CIVIL CONSPIRACY

The Duane Defendants adopt the arguments contained in the briefs submitted by all defendants to Magistrate Judge Smith on the motion to dismiss, as well as the responses to Medtech's objections ("Medtech Obj.") filed by defendants DenTek Oral Care, Inc. ("DenTek") and Kelly M. Kaplan ("Kaplan") as to why this Court should adopt the Magistrate Judge's recommendation to dismiss Medtech's claims against Duane for tortious interference with contract, for breach of the Proprietary Information and Inventions Agreement (the "PII Agreement"), and for civil conspiracy against both Duane Defendants. Below are additional reasons, unique to the Duane Defendants, why this Court should adopt the R&R's recommendation to dismiss the claims against them for tortious interference and breach of the PII Agreement.

---

[1] Capitalized terms not defined herein shall have the same meaning as in Medtech's objections.

   A.   Medtech Has Failed To Allege That Duane Intentionally Induced Kaplan To Breach Her Contract with Medtech.

Medtech objects to the R&R's recommendation that this Court dismiss its claim against Duane for tortious interference with contract, which alleges that Duane intentionally induced Kaplan to breach the confidentiality provision in the PII Agreement and her General Release. (Medtech Obj. at 2-5.) Medtech's objection is unfounded.

The elements of a claim for tortious interference with contract, which Medtech does not contest, are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff." Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 94 (1993).[2] Medtech has objected to the R&R on the ground that, as to the third element, the Magistrate Judge incorrectly held that Medtech was required to allege that Duane used "wrongful means" to procure a breach of contract, and that, in fact, Medtech need only allege that Duane employed "improper means." (Medtech Obj. at 4.) For the second time, however, Medtech has missed the point and failed to address Duane's argument.[3] Separate from the question of the type and nature of the conduct that Medtech is required to allege, the third element of a claim for tortious interference with contract also "requires the plaintiff to establish that but for the allegedly tortious conduct of the defendant, the third party would not have

---

[2] Medtech cites to the formulation contained in the unpublished decision in Cerveceria Modelo, S.A. De C.V. v. USPA Accessories LLC, No. 07 Civ. 7998(HB), 2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008) (cited in Medtech Obj. at 2, 4), which is substantively the same.

[3] In its opposition brief submitted to the Magistrate Judge, Medtech's failed to respond to Duane's argument that the claim for tortious interference should be dismissed for failing to allege "intentional inducement" to procure a breach of contract. (See R&R at 28 n.8.) Although the Magistrate Judge sought to excuse this omission by observing that Medtech had incorporated the arguments in its brief in opposition to the motions by DenTek and Kaplan (id.), that brief did not respond to Duane's argument or, for that matter, even mention Duane with regard to the claim for tortious interference.

2

breached her contract." Michele Pommier Models, Inc. v. Men Women N.Y. Model Mgmt., 14 F. Supp. 2d 331, 335 (S.D.N.Y. 1998) (citing Sharma v. Skaarup Ship Management Corp., 916 F.2d 820, 828 (2d Cir. 1990) ("Intentional procurement of a breach is an essential element of the tort of interference with contractual relations. A plaintiff must allege that there would not have been a breach but for the activities of defendants [internal quotes omitted]"); accord Mina Investment Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 251 (S.D.N.Y. 1999) (cited in Medtech Obj. at 5). Medtech's has failed to allege that, but for Duane's actions, Kaplan would not have disclosed confidential information to DenTek.

The only allegations in the SAC that describe Duane's conduct vis-à-vis Kaplan's employment with DenTek state as follows:

> 133. In or around mid-October, Duane personally . . . called and solicited Kaplan to work as a "project leader" on the development of DenTek's dental protector. Duane was personally responsible for recruiting Kaplan to DenTek: (a) Duane suggested Kaplan to DenTek; (b) Duane informed DenTek of the ways to best induce Kaplan to work for DenTek; and (c) Duane called Kaplan and personally recommended DenTek to her.
>
> * * *
>
> 156. Not later than late-October or early-November, DenTek and Duane were successful in recruiting Kaplan. At that time, Kaplan took over the project and continued to work on bringing DenTek's product to the market.

(SAC ¶¶ 133, 156.) No where does Medtech allege that Duane induced, encouraged or even asked Kaplan to divulge any allegedly confidential and proprietary information to DenTek after she was hired. Medtech merely contends that Duane recruited Kaplan to work for DenTek, which, as observed by the Magistrate Judge (R&R at 28), Kaplan was free to do since none of the contracts she signed with Dental Concepts precluded her from working for a competitor. Assuming, for the sake of argument, that Kaplan actually

3

did divulge secret information to DenTek after she began her employment, the SAC does not allege that Duane's actions in recruiting Kaplan caused that to happen.

B.  The Confidentiality Provisions in the Consulting Agreement and the PII Agreement Were Superseded by the General Release.

Medtech also objects to the Magistrate Judge's recommendation (R&R at 18-21) that this Court dismiss the claim against Duane for breach of the confidentiality provisions in the Consulting Agreement and the PII Agreement because it was superseded by the General Release executed by Duane following the acquisition of Dental Concepts by Prestige. (Medtech Obj. 9-12.)  This Court should reject Medtech's argument and adopt the Magistrate Judge's recommendation.

As stated in the R&R (at 19-20), under New York law, "a subsequent contract regarding the same subject matter supersedes the prior contract." Independent Energy Corp. v. Trigen Energy Corp., 944 F. Supp. 1184, 1195-96 (S.D.N.Y. 1996) (applying New York law) (citing Bauman v. Millbrook Care Ltd. Partnership, 850 F. Supp. 1227, 1236 (S.D.N.Y. 1994); accord, CreditSights, Inc. v. Ciasullo, No. 05 CV 9345 (DAB), 2007 WL 943352 at *6 (S.D.N.Y. Mar. 29, 2007). Even where two contracts do not cover entirely the same subject matter, inconsistent provisions in a later contract that cover the same subject matter as those in an earlier contract supersede the specific terms of the earlier contract. CreditSights, 2007 WL 943352 at *6 (citing Kreiss v. McCown De Leeuw & Co., 37 F. Supp. 2d 294 (S.D.N.Y. 1999)).

As the Magistrate Judge explained, the confidentiality provisions of the Consulting Agreement, the PII Agreement and the General Release all covered the same subject matter. (R&R at 20-21.)  Based on the foregoing, the Duane cannot be found to have breached the confidentiality provisions in the Consulting Agreement and PII

4

Agreement as a matter of law because they were no longer in force and effect when the Duane Defendants purportedly took the actions alleged in the SAC. See CreditSights, 2007 WL 943352 at *6 (to state a claim for breach of contract, the plaintiff must allege the existence of a valid contract).

## IV. CONCLUSION

For the foregoing reasons, as well as those stated in the responses filed by DenTek and Kaplan, this Court should adopt the Magistrate Judge's recommendation to dismiss the claims against the Duane Defendants for tortious interference with contract, breach of the PII Agreement, and civil conspiracy pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: New York, New York
       July 3, 2008

Respectfully submitted,

GREENBERG FREEMAN LLP

By:   /s/ *Michael A. Freeman*
      Michael A. Freeman (MAF-9600)
      24 West 40th Street, 17th Floor
      New York, NY  10018
      (646) 366-0881
      *Attorneys for Defendants Ray Duane
        and CDS Associates, Inc.*

5