IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS INC.,<br>　　　　Plaintiff,<br>　v.<br>RANIR, LLC AND CVS PHARMACY, INC.,<br>　　　　Defendants.<br><br>MEDTECH PRODUCTS INC.,<br>　　　　Plaintiff,<br>　v.<br>DENTEK ORAL CARE, INC.,<br>KELLY M. KAPLAN,<br>RAY DAUNE, AND<br>C.D.S. ASSOCIATES, INC.<br>　　　　Defendants.<br><br>MEDTECH PRODUCTS INC.,<br>　　　　Plaintiff,<br>　v.<br>POWER PRODUCTS, INC.,<br>　d/b/a/ SPLINTEK,<br>　　　　Defendant. | Civil Action No. 07 CV 3302 (KMK)(LMS) |

**MEDTECH'S RESPONSE TO DENTEK'S MOTION FOR
ENTRY OF A PROTECTIVE ORDER AND ORDER
<u>COMPELLING DISCLOSURE OF ALLEGED TRADE SECRETS</u>**

Medtech Products Inc. ("Medtech") submits this Response to DenTek Oral Care, Inc.'s ("DenTek") request for a protective order. In its Motion for (A) Partial Dismissal of the Second Amended Complaint and (B) Entry of a Protective Order and Order Compelling Disclosure of Alleged Trade Secrets ("DenTek's Motion for a Protective Order"), DenTek urges the Court to deny any discovery in this case until Medtech

1

describes *all* of its trade secrets with particularity.[1] (*See* DenTek's Mem. in Support of Motion for a Protective Order at p. 29.) DenTek claims its request is pursuant to a "universal rule" under which "courts require a plaintiff asserting such claims to identify with particularity the trade secrets that form the basis of its claims before it will allowed to proceed" with discovery, going so far as to allege that this rule is followed by every case "of which DenTek is aware . . . ." (DenTek's Motion for a Protective Order, p. 30, n. 15.) DenTek has made this request before any discovery has been propounded by Medtech on DenTek specifically relating to the trade secret claims.

The cases that DenTek relies upon in support of the alleged "universal rule," however, set forth no such standard. The only rule for which these cases stand is the rather modest proposition that a plaintiff may need to clarify the relevance of discovery requests for confidential information. The normal discovery process in this case will allow both parties the opportunity to define the scope of the issues in the case through ordinary procedures.

## I.  The Motion For A Protective Order Is Premature Because Medtech Has Met Its Standard Of Pleading.

DenTek's focus on the specificity of Medtech's trade secrets claims is misplaced at this early point in the case. Medtech's trade secret claims can survive a motion to dismiss without being "particularly specific in describing the allegedly appropriated information" as long as they are described sufficiently "to put [defendant] on notice as to the nature of the claim." *Lawson Prods., Inc. v. Chromate Indus. Corp.*, 158 F. Supp. 2d 860, 864 (N.D. Ill. 2001). By definition, Medtech has met this low standard of specificity

---

[1] Because the Motion for a Protective Order is entirely distinct from DenTek's Motion to Dismiss, Medtech is separately responding to it. Medtech responds to DenTek's Motion to Dismiss in its brief filed contemporaneously with this document. (*See generally* Medtech's Response to DenTek's Motion to Dismiss.) In that brief, Medtech discusses the factual and procedural background in more detail.

for each trade secret claim that survives the motion to dismiss. (*See* Medtech's Response to DenTek's Motion to Dismiss.)

Medtech is not resisting reasonable disclosure of its trade secrets in this case. Once an adequate protective order ensuring that its proprietary information remains confidential is entered, Medtech anticipates providing DenTek additional detail concerning the relevant trade secrets. Many such secrets are listed in Medtech's Second Amended Complaint.[2] However, Medtech would submit that its discovery should not be limited to trade secrets identified in the Complaint. Medtech's claim is that two high-level employees of Dental Concepts LLC ("Dental Concepts"), the predecessor company to Medtech, had access to, essentially, everything at Dental Concepts. Therefore, Medtech would object to any discovery limitation on what information Ray Duane and Kelly Kaplan acquired at Dental Concepts and shared with DenTek. Until Medtech has time to fully explore the issues in this case, it will not know what information was ultimately acquired and used by DenTek.

## II.    DenTek's Motion Nonetheless Fails Because The Law It Cites Only Requires Disclosure Of The Trade Secrets That Are At Issue During Discovery.

Even if DenTek's Motion for a Protective Order were timely, it nonetheless fails to demonstrate good cause for a protective order because it misstates the law. Although DenTek's Motion is not specific, apparently it seeks a protective order pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*. A party seeking a protective order under Rule 26(c) bears the burden of showing good cause. *See, e.g., Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). "More than broad allegations of harm unsubstantiated by specific

---

[2] Of course, no trade secrets should be revealed until a point in time after this Court has entered a protective order.

examples or articulated reasoning, good cause requires the moving party to ***demonstrate that disclosure will work a clearly defined and very serious injury.***" *Infosint S.A. v. H. Lundbeck A.S.*, No. 06-CIV-2869-LAKRLE, 2007 WL 1467784, at *2 (S.D.N.Y. May 16, 2007) (internal citations and quotations omitted) (emphasis added). DenTek has not shown such specific harm, and its motion should be denied on at least this ground.

    A.    **DenTek fails to establish good cause because there is no "universal rule" that holds discovery in abeyance pending description of the trade secrets at issue.**

The *Federal Rules of Civil Procedure* contain liberal discovery procedures that entitle litigants to discovery of all relevant information so that they may narrow the issues for trial. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 911 (M.D. Fla. 2007). Rule 26 tempers the generally liberal discovery in some limited circumstances, such as when the requested information is alleged to be confidential, in which case the court must balance the interests of both parties. *See* Fed. R. Civ. P. 26(c). "The competing interests to be evaluated . . . are one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse by competitors." *Medimmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762 (D. Md. 2003). DenTek essentially attempts to show good cause for its request by arguing that courts uniformly balance the equities in a trade secret case by holding discovery in abeyance until a plaintiff specifically defines its trade secrets.

The cases cited by DenTek do not establish such a uniform rule. Rather, in the three cases chiefly relied upon by DenTek, the courts waited until after extensive discovery was conducted before imposing the requirement on the plaintiff that DenTek seeks in this case. *See Xerox Corp. v. Int'l Bus. Machs. Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974) (requiring specification of the trade secrets only after "nearly a year of

4

pre-trial discovery"); *Microwave Research Corp. v. Sanders Assocs. Inc.*, 110 F.R.D. 669, 673 (D. Mass. 1986) (requiring specification of the trade secrets only after defendant produced 3,600 pages of discovery); *Struthers Sci. and Int'l Corp. v. Gen. Foods Corp.*, 51 F.R.D. 149, 154 (D. Del. 1970) (requiring specification of the trade secrets only after "extensive discovery" already had been conducted).[3] These three cases alone completely vitiate DenTek's alleged "universal rule" because, contrary to DenTek's claims, all three allowed discovery prior to requiring disclosure.

The four cases cited by DenTek that did require early clarification of the trade secrets also are distinguishable on the facts. In *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33–34 (Del. Ch. Ct. 1986), **the parties conducted significant pre-filing discovery**. Moreover, the defendant corporation obtained the trade secret *directly* from the plaintiff (indicating that the plaintiff knew exactly what trade secrets were at issue). *Id.* In this case, DenTek received the trade secrets indirectly – from the two former-employees of Medtech. As these two employees had access to all Medtech's trade secrets, it is simply impossible to know precisely what they took and shared until some discovery is conducted.

Similarly, in *Porous Media Corp. v. Midland Brake, Inc.*, 187 F.R.D. 598, 600 (D. Minn. 1999), the court required specification of the trade secrets at issue as a part of its pretrial scheduling order. *Id.* Although the *Porous Media* court reasoned that "[o]rdering the listing of trade secrets at the outset of the litigation is a common requirement," the cases cited by that court do not support this proposition. *See id.* The court cites

---

[3] There is some overlap with DenTek's request for a protective order, and the claim in its Motion to Dismiss that this Court should apply some heightened standard as to the specificity of the Complaint. (*See* Medtech's Response to DenTek's Motion to Dismiss.) For that request, DenTek relies on several of the same cases.

*Computer Econ., Inc. v. Gartner Group*, 50 F. Supp. 2d 980 (S.D. Cal. 1999), which merely stands for the proposition that Cal. Civ. Pro. Code § 2019(d) does not conflict with Federal Rule of Civil Procedure 26.[4]

The remaining two cases on which the *Porous Media* court relied apply a substantive rule unique to California trade secret law and thus are inapplicable.[5] *See Imax Corp. v. Cinema Tech. Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998); *Del Monte Fresh Produce Co. v, Dole Food Co.*, 148 F. Supp. 2d 1322, 1323–24 (S.D. Fla. 2001). Thus, none of these cases require specific disclosure of the trade secrets at issue.

In the present case, Medtech needs and is entitled to discovery to establish what portion, if not all, of its confidential proprietary information has been disclosed to DenTek. Without an opportunity to conduct discovery, Medtech will be left to guess—something that would be inequitable under any standard. Litigants are not required to prove their case before discovery. *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996) ("A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence"). The

---

[4] The remaining cases cited by the *Porous Media* court discuss only the standards required to obtain injunctive relief or to obtain a favorable verdict at trial, each of which requires the plaintiff to carry some burden of proof. *See generally AMP, Inc. v. Fleischhacker*, 823F.2d 1199 (7th Cir.1987) (ruling on appeal from final judgment); *Litton Sys., Inc. v. Sundstrand Corp.*, 750 F.2d 952 (Fed. Cir. 1984) (denying motion for preliminary injunction); *Int'l Bus. Mach., Corp. v. Seagate Tech., Inc.*, 941 F. Supp. 98, 100 (D. Minn. 1992) (dissolving preliminary injunction); *Electro-Craft Corp. v. Controlled Motion, Inc.*, 332 N.W.2d 890 (Minn. 1983) (reversing final judgment of trade secret misappropriation).

[5] California's statutorily adopted version of the Uniform Trade Secret Act explicitly predicates discovery on disclosure of the trade secrets at issue "with reasonable particularity." Cal. Civ. Pro. Code § 2019(d), *replaced by* Cal. Civ. Pro. Code § 2019.210. No other state has a similar statutory provision. *See generally Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980 (S.D. Cal. 1999) (characterizing the statute as being a substantive issue unique to California trade secret law). Both cases cited by DenTek applied this provision and thus do not control the present situation. In *Imax Corp.*, the court explicitly applied California law and thus, by implication, applied Cal. Civ. Pro. Code § 2019(d). *See generally Imax Corp.*, 152 F.3d 1161. In *Del Monte*, the court was faced with a potential conflict between California and Florida trade secret law. *Del Monte Fresh Produce Co.*, 148 F. Supp. 2d at 1324. Rather than resolve the conflict without briefing from the parties, the court reconciled the statute with Florida law. *Id.* Thus, neither case controls outside this narrow context.

balance of the other cases cited by DenTek bear no relation to the present case. They discuss burdens of proof at various stages of litigation, not burdens for obtaining discovery. *IDX Sys. Corp. v. EPIC Sys. Corp.*, 285 F.3d 581, 583–84 (7th Cir. 2002) (ruling on propriety of summary judgment); *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992) (ruling on propriety of judgment notwithstanding the verdict); *Analog Devices v. Michalski*, 579 S.E.2d 449, 453–54 (N.C. Ct. App. 2003) (discussing standard for a preliminary injunction in trade secret cases); *Cambridge Internet Solutions, Inc. v. Avicon Group*, No. 99-1841, 1999 WL 959673, at *1 (Mass. Super. Ct. Sept. 21, 1999) (discussing standard for motion to dismiss in Massachusetts state courts). In light of the aforementioned cases permitting extensive discovery, DenTek cannot reasonably claim that a "uniform rule" requires delineation of the trade secrets at the outset of discovery. *See Xerox Corp.*, 64 F.R.D. at 371; *Microwave Research Corp.*, 110 F.R.D. at 673; *Struthers Sci. and Int'l Corp.*, 51 F.R.D. at 154.

**B.     Medtech should not be required to exhaustively describe its trade secrets with specificity until it has conducted sufficient discovery to determine which trade secrets are actually at issue.**

Contrary to DenTek's contentions, Medtech should not be foreclosed from engaging in reasonable discovery calculated to determine exactly which trade secrets are at issue. *C.f. Xerox Corp.*, 64 F.R.D. at 371 ("Thus, *after nearly a year of pre-trial discovery*, Xerox should be able to identify in detail the trade secrets and confidential information alleged to have been misappropriated by IBM").[6] The precedent cited by

---

[6] DenTek quotes the same sentence to support the exact opposite contention, but omits "*Thus, after nearly a year of pre-trial discovery*." (DenTek's Mot. For A Protective Order p. 31).

7

DenTek establishes only that trade secrets actually at issue should be specified *at some point during discovery.* *See id.* (requiring specification after one year of discovery); *Microwave Research Corp.*, 110 F.R.D. at 673; *Struthers Sci. and Int'l Corp.*, 51 F.R.D. at 154 (requiring specification after 3,600 pages of discovery were produced); *Struthers Sci. and Int'l Corp.*, 51 F.R.D. at 154 (requiring specification of which trade secrets were disclosed to the defendant by the plaintiff only after extensive pre-trial discovery); *Engelhard Corp.*, 505 A.2d at 30–34 (requiring specification of trade secrets only after informal discovery between parties).

The Court should permit Medtech to conduct discovery before requiring it to describe its trade secrets in detail so that it can determine which trade secrets actually are at issue. This is reasonable because, although Medtech certainly knows what information it considers to be trade secrets, it may not know which trade secrets *actually* are at issue until at least some discovery has been conducted. This is precisely the purpose of liberal discovery rules. *See Swierkiewicz*, 534 U.S. at 506 (noting that liberal discovery serves the purpose of narrowing issues for trial). To the extent that the relevance of certain discovery requests may not be clear or that the requested information may itself be a trade secret, the court has remedies available that are less drastic than a blanket protective order holding Medtech's discovery in abeyance. *See Microwave Research Corp.*, 110 F.R.D. at 672 (reviewing a number of procedures for balancing the competing interests in a trade secret case).[7]

---

[7] *See also Infosint S.A.*, 2007 WL 1467784 at *5–6 (preventing individuals involved in "competitive decision making" for either party from accessing highly confidential information requested during discovery); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488, 1494 (7th. Cir. 1983) *rev'd on other grounds*, 470 U.S. 373 (noting that district courts may limit initial discovery to "non-sensitive" information necessary to overcome summary judgment before permitting discovery of sensitive information).

8

Full disclosure of the trade secrets at issue would not advance the policy of liberal discovery practices. As stated by the court in *Englehard*, "the purpose of the [trade secret disclosure] requirement is to clarify the issues involved in the dispute so as to assure that there will be no disclosure of an adversary litigant's trade secrets beyond what is necessary for the prosecution of the litigation." *Engelhard Corp.*, 505 A.2d at 33. At this point, Medtech only knows what it has disclosed to its former employees and consultants. It does not know the extent to which this information actually has been passed onto DenTek or the other defendants. Thus disclosure of all its trade secrets will not intelligibly narrow the issues for trial. *Contra Struthers Sci. and Int'l Corp.*, 51 F.R.D. at 154 (plaintiff corporation knew exactly which trade secrets were disclosed to defendant); *Engelhard Corp.*, 505 A.2d at 30–34 (same); *Xerox Corp.*, 64 F.R.D. at 371 (plaintiff had the benefit of one year of discovery to learn which trade secrets were at issue).

DenTek asserts that permitting discovery at this point will irreparably harm it by permitting a competitor to have unfettered access to confidential information that will never be used at trial. However, requiring full disclosure of Medtech's trade secrets at this point could have the same effect by communicating trade secrets that will ultimately be irrelevant at trial. To the extent that it is still uncertain how many of Medtech's trade secrets DenTek possesses, full disclosure of all potentially relevant trade secrets could "fill in the blanks" for DenTek regarding trade secrets to which it may not already be privy. Thus, from an equitable standpoint, DenTek should not be entitled to full disclosure of the trade secrets until Medtech is reasonably certain they are actually at issue.

## **CONCLUSION**

For the foregoing reasons, Medtech respectfully requests that DenTek's Motion for a Protective Order pursuant to *Federal Rule of Civil Procedure* 26(c) be denied.

Dated: December 7, 2007.

New York, New York

                                       Respectfully submitted,

                                       ALSTON & BIRD LLP

                                       By: _____
Karl Geercken (KG 5897)
Amy Manning (AM 0338)
90 Park Avenue
New York, New York 10016-1387
(212) 210-9471 (phone)
(212) 210-9444 (facsimile)
karl.geercken@alston.com
amy.manning@alston.com

Todd R. David, GA BPR No. 206526
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com

W. Edward Ramage, TN BPR No. 16261
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5600
eramage@bakerdonelson.com

>Micheline Kelly Johnson, TN BPR No. 13847
>Clinton P. Sanko, TN BPR No. 23354
>BAKER, DONELSON, BEARMAN,
>　CALDWELL & BERKOWITZ, P.C.
>1800 Republic Centre
>633 Chestnut Street
>Chattanooga, Tennessee  37450-1800
>(423) 756-2010
>mjohnson@bakerdonelson.com
>csanko@bakerdonelson.com
>
>*Attorneys for Plaintiff*
>*Medtech Products Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing MEDTECH'S RESPONSE TO DENTEK'S MOTION FOR ENTRY OF A PROTECTIVE ORDER AND ORDER COMPELLING DISCLOSURE OF ALLEGED TRADE SECRETS was served this 7th day of December by emailing and mailing a copy of the same in a postage-paid first-class envelope addressed as follows:

James Holman Shalek
Alan Federbush
Theodore Kevin Cheng
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
jshalek@proskauer.com
afederbush@proskauer.com
tcheng@proskauer.com


Gregory James Sieczkiewicz
Proskauer Rose LLP
One International Place
Boston, MA 02110
gsieczkiewicz@proskauer.com


*Attorneys for Consolidated and Counter Claimant DenTek Oral Care, Inc.*


John Paul Fulco
Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue, 6th Floor
New York, New York 10017
jfulco@salonmarrow.com


*Attorneys for Consolidated Defendant Kelly M. Kaplan*

- 2 -

Raymond H. Duane
7741 Broadwing Drive
N. Las Vegas, NV 89084
cdsfix@aol.com

C.D.S. Associates, Inc.
7741 Broadwing Drive
N. Las Vegas, NV 89084
cdsfix@aol.com

*Consolidated Defendants*

_____
Victoria Ford

- 2 -