IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS INC., <br> Plaintiff, <br> v. <br> RANIR, LLC AND CVS PHARMACY, INC., <br> Defendants. <br> ——————————————————————— <br> MEDTECH PRODUCTS INC., <br> Plaintiff, <br> v. <br> DENTEK ORAL CARE, INC., <br> KELLY M. KAPLAN, <br> RAY DAUNE, AND <br> C.D.S. ASSOCIATES, INC. <br> Defendants. <br> ——————————————————————— <br> MEDTECH PRODUCTS INC., <br> Plaintiff, <br> v. <br> POWER PRODUCTS, INC., <br> d/b/a/ SPLINTEK, <br> Defendant. | Civil Action No. 07 CV 3302 (KMK)(LMS) |

**PLAINTIFF MEDTECH PRODUCTS INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE DENTEK ORAL CARE, INC.'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR (A) PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT AND (B) ENTRY OF A PROTECTIVE ORDER AND ORDER COMPELLING DISCLOSURE OF ALLEGED TRADE SECRETS**

Plaintiff Medtech Products Inc. ("Medtech") respectfully submits this Reply Memorandum of Law in Support of its Motion to Strike. Because the Court did not hear oral argument on the Motion to Strike at the hearing on December 21, 2007, Medtech submits its Reply to this Motion.

1

Upon review of the Response to the Motion to Strike filed by DenTek, it is apparent that the rationale set forth by DenTek supporting its use of the improperly referenced exhibits in its Motion to Dismiss does little more than clarify the fact that those exhibits were referenced for improper purposes. Therefore, there is no reply needed from Medtech for the majority of the arguments found in DenTek's Response. However, in an attempt to cure the untimely nature of the internet website exhibits referenced in its Motion to Dismiss, most of which were accessed and printed only a few weeks ago but were presented to this Court as evidence of what information was publicly available over a year ago, DenTek compounds its authentication problem by filing the Declaration of Greg Sieczkiewicz, an attorney with counsel for DenTek (the "Sieczkiewicz Declaration"). The apparent purpose of the Sieczkiewicz Declaration is to prove that the website exhibits improperly referenced in DenTek's Motion to Dismiss existed in the same form at the time period relevant to this litigation, and to support this argument the Sieczkiewicz Declaration attaches exhibits from the "Wayback Machine" that were accessed and printed by Attorney Sieczkiewicz on December 17, 2007.

It is well-settled that documents from the "Wayback Machine" are inadmissible without some form of verification as to their authenticity. *See, e.g., Novak v. Tucows, Inc.*, No. 06-CV-1909, 2007 WL 922306, *5 (E.D.N.Y. Mar. 26, 2007) ("As [the plaintiff] proffers neither testimony nor sworn statements attesting to the authenticity of the contested [Wayback Machine] web page exhibits by any employee of the companies hosting the sites from which plaintiff printed the pages, such exhibits cannot be authenticated as required under the Rules of Evidence."). In fact, this very issue was addressed by District Judge Karas only a few months ago, and exhibits consisting of printouts from the "Wayback Machine" were found to have "fatal problems of authentication . . . ." *Chamilia, LLC v. Pandora Jewelry, LLC,* No. 04-CV-6017,

2

2007 WL 2781246, *6, n.4 (S.D.N.Y. Sept. 24, 2007). As such, DenTek's reliance on the Sieczkiewicz Declaration and accompanying exhibits does nothing to remedy the improper nature of the exhibits referenced in DenTek's Motion to Dismiss, and accordingly Medtech's Motion to Strike should be granted.

Dated: January 2, 2008

    New York, New York

                                                     Respectfully submitted,

                                                     ALSTON & BIRD LLP

                                                     By: _____
                                                     Karl Geercken (KG 5897)
                                                     Amy Manning (AM 0338)
                                                   90 Park Avenue
                                                   New York, New York 10016-1387
                                                   (212) 210-9471 (phone)
                                                   (212) 210-9444 (facsimile)
                                                   karl.geercken@alston.com
                                                   amy.manning@alston.com

                                                   Todd R. David, GA BPR No. 206526
                                                   ALSTON & BIRD LLP
                                                   One Atlantic Center
                                                   1201 West Peachtree Street
                                                   Atlanta, Georgia 30309-3424
                                                   todd.david@alston.com

                                                   W. Edward Ramage, TN BPR No. 16261
                                                   BAKER, DONELSON, BEARMAN,
                                                      CALDWELL & BERKOWITZ, P.C.
                                                   Commerce Center, Suite 1000
                                                   211 Commerce Street
                                                   Nashville, Tennessee 37201
                                                   (615) 726-5600
                                                   eramage@bakerdonelson.com

                                                   Micheline Kelly Johnson, TN BPR No. 13847
                                                   Clinton P. Sanko, TN BPR No. 23354
                                                   BAKER, DONELSON, BEARMAN,

        CALDWELL & BERKOWITZ, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee  37450-1800
(423) 756-2010
mjohnson@bakerdonelson.com
csanko@bakerdonelson.com

*Attorneys for Plaintiff*
*Medtech Products Inc.*

Case 7:07-cv-03302-KMK-LMS   Document 163-6   Filed 07/07/2008   Page 4 of 6

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing PLAINTIFF MEDTECH PRODUCTS INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE DENTEK ORAL CARE, INC.'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR (A) PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT AND (B) ENTRY OF A PROTECTIVE ORDER AND ORDER COMPELLING DISCLOSURE OF ALLEGED TRADE SECRETS  was served this 2nd day of January, 2008, by emailing and mailing a copy of the same in a postage-paid first-class envelope addressed as follows:

James Holman Shalek
Alan Federbush
Theodore Kevin Cheng
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
jshalek@proskauer.com
afederbush@proskauer.com
tcheng@proskauer.com

Gregory James Sieczkiewicz
Proskauer Rose LLP
One International Place
Boston, MA 02110
gsieczkiewicz@proskauer.com

*Attorneys for Consolidated and Counter Claimant DenTek Oral Care, Inc.*

John Paul Fulco
Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue, 6th Floor
New York, New York 10017
jfulco@salonmarrow.com

*Attorneys for Consolidated Defendant Kelly M. Kaplan*

Raymond H. Duane
7741 Broadwing Drive
N. Las Vegas, NV 89084
cdsfix@aol.com

- 2 -

C.D.S. Associates, Inc.
7741 Broadwing Drive
N. Las Vegas, NV 89084
cdsfix@aol.com

*Consolidated Defendants*

_____
David Eklund