UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS, INC.,<br><br>        Plaintiff,<br>  v.<br><br>RANIR, LLC, et al.,<br><br>        Defendants. | 07 Civ. 3302 (KMK) (LMS)<br><br>ECF Case |

MEDTECH PRODUCTS, INC.,

        Plaintiff,
  v.

DENTEK ORAL CARE, INC., et al.

        Defendants.

MEDTECH PRODUCTS, INC.,

        Plaintiff,
  v.

POWER PRODUCTS, INC.,

        Defendant.

**DEFENDANT DENTEK ORAL CARE, INC.'S RESPONSE TO
PLAINTIFF MEDTECH'S OBJECTIONS TO THE REPORT & RECOMMENDATION
<u>OF MAGISTRATE JUDGE SMITH DATED JUNE 2, 2008</u>**

               PROSKAUER ROSE LLP
               James H. Shalek
               Alan Federbush
               Theodore K. Cheng
               1585 Broadway
               New York, NY 10036-8299
               (212) 969-3000

# **TABLE OF CONTENTS**

Page

ARGUMENT ..................................................................................................................................1

I.   The Report & Recommendation Properly Recommends Dismissal of the Count
     for Tortious Interference With Contractual Relations ........................................................1

     A.   There Are No Allegations in the SAC of the Second Element - Actual
          Knowledge of the Contracts ...................................................................................2

     B.   The Third Element Also Has Not Been Adequately Plead ....................................4

II.  The Report & Recommendation Properly Recommends Dismissal of the Count
     for Civil Conspiracy ...........................................................................................................5

III. Leave To Amend The SAC Should Not Be Granted If Medtech's Objections Are
     Overruled ............................................................................................................................7

CONCLUSION ............................................................................................................................11

Defendant DenTek Oral Care, Inc. ("DenTek") respectfully submits this response to Plaintiff Medtech Products, Inc.'s Objections To Magistrate Judge's Report and Recommendation Regarding Defendants' Motions To Dismiss ("Medtech's Objections").

In the June 2, 2008 Report and Recommendation ("R&R"), among other things, Magistrate Judge Smith recommended dismissal of Medtech's counts against DenTek in the Second Amended Complaint ("SAC") for tortious interference with contractual relations (Count X), civil conspiracy (Count XII), and tortious interference with advantageous business relationship (Count XIV). Medtech objects only to the first two of those recommendations.[1]

## ARGUMENT

### I. THE REPORT & RECOMMENDATION PROPERLY RECOMMENDS DISMISSAL OF THE COUNT FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

Count X of Medtech's SAC alleges that DenTek tortiously interfered with five agreements Dental Concepts had with defendants Ray Duane ("Duane"), C.D.S. Associates, Inc. ("CDS"), and Kelly Kaplan ("Kaplan") – namely, Duane/CDS' Consulting Agreement (SAC, Ex. A), Duane/CDS' and Kaplan's respective Proprietary Information and Inventions Agreements ("PIIA") (SAC, Exs. C and D), and Duane and Kaplan's respective General Releases (SAC, Exs. G and H). SAC ¶ 257.

The parties agree that the elements of a claim for tortious interference include:

(1) the existence of a valid contract;[2]

---

[1] Accordingly, DenTek further requests that the Court adopt the unopposed recommendation in the R&R to dismiss Count XIV.

[2] A tortious interference claim cannot survive based on Duane or Kaplan's PIIA's. As properly noted in the R&R, "the confidentiality provisions of the PIIAs are superseded by the General Releases." R&R at 21. The General Releases – executed by Duane and Kaplan in connection with Medtech's acquisition of Dental Concepts – each contain a merger and integration clause, providing: "The parties hereto acknowledge that this Release constitutes a full, final, and

1

(2) knowledge of that contract;

(3) intentional procurement of a breach of that contract without justification;

(4) actual breach of the contract; and

(5) resulting damage.

*See* DenTek's Motion To Dismiss (Dkt. #109) at 22; Medtech's Objections (Dkt. #159) at 2; *see also* R&R at 25 (*citing Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006)).

    A.    <u>There Are No Allegations in the SAC of the Second Element - Actual Knowledge of the Contracts</u>

The second element requires that DenTek have had "actual knowledge of a specific contract." *Int'l Minerals and Res., Inc. v. Pappas*, No. 87 Civ. 3988 (PKL), 1992 WL 354504, at *3 (S.D.N.Y. Nov. 17, 1992). "To avoid dismissal of a tortious interference with contract claim a plaintiff must support his claim with more than mere speculation." *Burrowes v. Combs*, 25 A.D.3d 370, 373 (1st Dept. 2006). Speculation is all Medtech's SAC contains in its averments, to wit:

> DenTek knew or should have known of the valid contracts between Duane and Dental Concepts/Medtech and Kaplan and Dental Concepts/Medtech.
>
> DenTek is a sophisticated entity well aware of the industry practice of securing confidentiality agreements, as evidenced by its own conduct with Duane, Kaplan and the Tufts Doctors.

SAC ¶¶ 258-259. These averments cannot make out a claim of tortious interference. *See Sedona Corp. v. Ladenburg Thalmann & Co.*, 2005 U.S. Dist. LEXIS 16382, at *61 (S.D.N.Y. Aug. 8, 2005) (allegations that defendant "knew or should have known" of contract are "plainly

---

complete settlement of their differences and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between or among them." SAC, Ex. G at 3-4, ¶ 10; *id.*, Ex. H at 3-4, ¶ 10.

2

insufficient to address the most basic elements of the tortious interference with contract cause of action").

The cases relied upon by Medtech in this regard are inapposite. In *Rahl v. Bande*, 328 B.R. 387 (S.D.N.Y. 2005), the elements of the alleged count included a "knew or ought to have known" standard. Such is not the case for a claim of tortious interference, which requires that the defendant have actual knowledge. *Int'l Minerals*, *supra.* Moreover, in *Rahl*, this Court noted that "conclusory allegations that fail to give notice of the basic events and circumstances are insufficient as a matter of law." *Rahl*, 328 B.R. at 417.[3] In *Rahl*, the Court denied the motion to dismiss, noting that this was not the case, as "plaintiff has sufficiently alleged facts concerning the various D&O defendants' knowledge … to survive a motion to dismiss." *Id.* at 418 n.14. For example, the plaintiff alleged that the defendant "served as a director and officer of Limited at the time of the illegal transaction. As he was responsible for Limited's corporate direction, he is liable for causing Limited to issue the illegal dividend." *Id.* at 421.

In contrast, as the Magistrate stated in the R&R, "there are no allegations in the Amended Complaint that Duane or Kaplan told DenTek about the Consulting Agreement, PIIAs, or General Releases, that DenTek saw copies of the contracts, or any other allegations stating that DenTek was otherwise informed of the contracts." R&R at 26-27. There are only the conclusory allegations that DenTek "knew or should have known" of the contracts in question. *See* SAC ¶¶ 258-59. In fact, the SAC makes plain that DenTek was unaware of any obligations between Dental Concepts and Duane/CDS. *See, e.g.*, SAC ¶ 113 ("when asked [by DenTek] whether he was subject to any non-competition covenants with Dental Concepts or Medtech,

---

[3] *See also Starr v. Time Warner, Inc.*, No. 07 Civ. 5871 (DC), 2007 WL 4144627, at *2 (S.D.N.Y. Nov. 21, 2007) ("In any event, 'bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations' and will not defeat a motion to dismiss.")

3

Duane responded that he was not"); *id.* ¶ 116 ("Duane allegedly failed to inform Fox that he could not work on the [DenTek] project, given that he was bound by the terms of a non-competition covenant.") *See* R&R at 27.  Medtech has taken discovery prior to filing the SAC, including Duane's deposition, and still cannot allege that DenTek knew of the contracts with which they purportedly interfered.  Because of the omission of this element alone, Medtech's claim for tortious interference with contractual relations fails as a matter of law.

    B.    <u>The Third Element Also Has Not Been Adequately Plead</u>

Medtech cites *Cerveceria Modelo, S.A. De C.V. v. USPA Accessories LLC*, No. 07 Civ 7998 (HB), 2008 WL 1710910, at *4 (S.D.N.Y. Apr. 10, 2008) for the proposition that it "is under no obligation to plead 'wrongful means'" as an element of its tortious interference with contract claim.  This ignores, however, the precedent of <u>this</u> Court to the contrary, and, oddly enough, relied upon by Medtech – *Darby Trading Inc. v. Shell Int'l Trading and Shipping Co. Ltd.*, No. 07-CV-0400 (KMK), 2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) (Karas, J.) – which concludes just the opposite.  In discussing a tortious interference with contract claim, this Court held: "as with Plaintiff's previous tortious interference claim [with business relations], Plaintiff has failed to properly allege 'wrongful means,' a necessary element of the claim." *Id.* at *16. *See also Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 359 (S.D.N.Y. 2001) ("Under New York law, a tortious interference with contract claim must plead that a defendant used 'wrongful means' to induce the third party to breach the contract.")

Medtech does not dispute that the allegations of the SAC referenced in the R&R do not adequately set out the third element of a tortious interference with contract claim, nor do Medtech's Objections direct this Court to any specific averments in the SAC that do.

Therefore, this Court should overrule Medtech's objection and adopt the R&R's recommendation to dismiss the tortious interference with contractual relations claim.

4

## II.     THE REPORT & RECOMMENDATION PROPERLY RECOMMENDS DISMISSAL OF THE COUNT FOR CIVIL CONSPIRACY[4]

In order to state a claim for conspiracy, there must be allegations of an independent actionable tort.[5]  *See, e.g.*, *Agron v. Douglas W. Dunham, Esq. & Assocs.*, No. 02 Civ. 10071, 2004 WL 691682, at *6 (S.D.N.Y. Mar. 31, 2004); *Antonios A. Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc.*, 100 F. Supp. 2d 178, 187-88 (S.D.N.Y. 2000).  In addition to properly alleging an underlying tort, to set out a claim for civil conspiracy, Medtech must allege "a corrupt agreement between two or more parties, an overt act, intentional participation in the furtherance of the conspiracy, and a causal connection to the claimed damages." *Donini Int'l, S.P.A. v. Satec (U.S.A.) LLC*, No. 03 Civ. 9471 (CSH), 2004 U.S. Dist. LEXIS 13148, at *8-9 (S.D.N.Y. July 12, 2004).  Though not subject to the more stringent pleading requirements of Fed. R. Civ. P. 9(b), "the complaint must allege some factual basis for a finding of a conscious agreement among the defendants." *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.4 (2d Cir. 1990); *accord Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir. 1981) ("a bare conclusory allegation of conspiracy does not state a cause of action"); *Donini*, 2004 U.S. Dist. LEXIS at *9 ("Conclusory claims of conspiracy that are not pleaded with sufficient factual grounding should be dismissed.")  Specifically, "to survive a motion to dismiss, a complaint must contain more than general allegations in support of the conspiracy.  Rather, it must allege

---

[4] The civil conspiracy count was asserted against all defendants.  Thus, in addition to the response set forth herein, DenTek incorporates by reference any responses by co-defendants Duane and Kaplan to Medtech's objection to the R&R relating to the civil conspiracy count.

[5] The R&R recommends a finding that the SAC states a claim against each of the defendants for the underlying tort of trade secret misappropriation.  R&R at 23.  Thus, as an initial matter, if the Court sustains DenTek's objection to the independent recommendation in the R&R upholding the count for trade secret misappropriation (*see* Dkt. #158, at pp. 5-18), the recommendation to dismiss the civil conspiracy count should be adopted as a matter of law for this reason alone.

5

the specific times, facts, and circumstances of the alleged conspiracy." *Brownstone Inv. Group, LLC v. Levey*, 468 F. Supp. 2d 654, 661 (S.D.N.Y. 2007).

In its objections, Medtech states that the SAC sufficiently sets out that there was a "plan hatched among DenTek, Duane, and Kaplan to utilize Medtech's trade secrets in order to improperly manufacture and market a competing dental protector." Medtech's Objections at 8. However, it is evident that the SAC contains no allegations relating to the first part -- a "plan" among the defendants to "utilize Medtech's trade secrets" -- but rather, only allegations that DenTek took steps to "market a competing dental protector." An agreement to bring a competing product to market (and any steps taken in furtherance of such an agreement) is not a tortious act and cannot support a claim of civil conspiracy. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 n.21 (1986) ("conduct that is as consistent with permissible competition as with illegal conspiracy does not, without more, support even an inference of conspiracy.") Accordingly, to survive dismissal, the SAC must provide sufficient allegations of a "conscious agreement among the defendants" to use Medtech's trade secrets. *Hecht*, supra; *see also Grove Press, Donini, Brownstone*.

In support of its objection, Medtech points to five paragraphs from the SAC (¶¶ 120, 128, 130, 163, and 270) that supposedly set out relevant allegations of an agreement among the defendants. *See* Medtech's Objections at 6. But none of these allege any "specific times, facts, [or] circumstances" of an agreement between the defendants to use Medtech's trade secrets. *See Brownstone*, 468 F. Supp. 2d at 661. SAC ¶ 120 states nothing more than the fact that DenTek hired Duane to assist in developing a competing product. SAC ¶¶ 128, 163 aver that DenTek got its product to market quickly. SAC ¶ 130 avers that the defendants called upon various vendors to develop its nightguard, and SAC ¶ 270 is nothing but a conclusory statement, devoid of any

6

facts, stating that, "upon information and belief," there was a conspiracy. None of these five paragraphs allege facts of an agreement amongst the defendants to use Medtech's trade secrets. Indeed, "there are no allegations in the [SAC] that the Defendants specifically agreed to use the trade secrets that Duane and Kaplan [allegedly] gleaned from their employment with Medtech in order to produce DenTek's competing product." R&R at 24. Put simply, there are no allegations in the SAC of a "plan" to use Medtech's trade secrets. Thus, Medtech's claim of civil conspiracy must fail as a matter of law. Accordingly, Medtech's objection to the recommendation to dismiss the count for civil conspiracy should be overruled.

### III.   LEAVE TO AMEND THE SAC SHOULD NOT BE GRANTED IF MEDTECH'S OBJECTIONS ARE OVERRULED

The R&R, quite understandably, makes no recommendation as to whether Medtech should be granted leave to amend those counts of the SAC that are dismissed because, in opposing defendants' Rule 12(b)(6) motion, Medtech never requested such relief. Having made such a request for the first time informally in its objections to the R&R, the request for leave to amend has been waived.[6] "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate… Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)(citations omitted); *accord Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d

---

[6] It is within the Court's discretion to deny leave to amend "when leave is requested informally in a brief filed in opposition to a motion to dismiss." *Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006).

7

985, 990 (1st Cir. 1988) ("The rule [72(b)] does not permit a litigant to present new initiatives to the district judge."); *see also Odom v. Kerns*, No. 99-CV-10668 (KMK), 2008 U.S. Dist. LEXIS 47336, at *16 (S.D.N.Y. June 17, 2008)(Karas, J.) ("A party may not, however, introduce an entirely new basis for summary judgment by means of objections to a report and recommendation."); *Hightower v. Kelly*, 657 F. Supp. 516, 518 (S.D.N.Y. 1987) ("The Court has serious doubts as to whether a petitioner may properly raise new grounds for a writ of habeas corpus for the first time in objections to a Magistrate's Report.")

However, even if Medtech has not waived its right to request leave to amend its SAC, such leave should be denied. Where amendment would be futile, denial of leave to amend is proper. *Joblove*, 466 F.3d at 220; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Also, leave to amend may be denied "where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." *Priestley v. American Airlines, Inc.*, No. 89 Civ. 8265 (JMC), 1991 U.S. Dist. LEXIS 4804, at *3 (S.D.N.Y. Apr. 12, 1991); *Turkenitz v. Metromotion, Inc.*, No. 97 Civ. 2513, 1997 U.S. Dist. LEXIS 19762, at *25 (S.D.N.Y. Dec. 11, 1997); *Whelan v. Bank United*, No. 97 Civ. 0479, 1999 U.S. Dist. LEXIS 6374, at *5 (S.D.N.Y. May 5, 1999); *cf. Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) ("district court may consider that the moving party failed to take advantage of earlier opportunities to amend.")

As set forth in greater detail in DenTek's objections to the R&R (Dkt. #158, at 2), in June, 2007, Medtech moved for leave to file a First Amended Complaint ("FAC") alleging, among other things, that DenTek conspired with Kaplan to misappropriate unspecified trade secrets from Medtech, and that DenTek tortiously interfered with Kaplan's General Release agreement. (Dkt. #23, Ex. 1, Part 1, at 29-30.) At a hearing before Magistrate Judge Smith on

8

July 9, 2007, Medtech sought limited discovery to support its newly added claims. After the Court granted its request, Medtech took significant discovery, including the depositions of Ray Duane and two of the Tufts doctors, as well as receiving documents from all of them. Shortly thereafter, Medtech moved for leave to file the SAC, retaining the claims in the FAC, and adding Duane and CDS as parties. Having taken the discovery they sought and twice amending the Complaint, Medtech was in a position to know, or at least should have known, the facts upon which the claims alleged in the SAC were based.[7] Having failed to adequately allege them on multiple occasions, Medtech should not be allowed yet a further attempt. To the extent that Medtech is seeking leave to amend to circumvent dismissal of its claims, such a request is improper. *Turkenitz*, 1997 U.S. Dist. LEXIS at \*25 ("Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss … particularly when the new claim could have been raised earlier.")

Moreover, the only suggestion of what facts Medtech can add to its pleading comes in connection with Medtech's objection to dismissal of the tortious interference count (Count X). Medtech states, without elaboration, that it would "incorporate documents it has obtained from DenTek through discovery that relate to DenTek's possession of, or access to, certain confidential documents from Dental Concepts." Medtech's Objections at 4. Accordingly, leave to amend can still be denied for at least two additional reasons. First, Medtech, though averring that it has documents that would now support additional allegations, did not submit them or a proposed revised Complaint to the Court for review. *See Richardson Greenshields Sec. Inc. v. Mui-Hin Lau*, 113 F.R.D. 608, 610 (S.D.N.Y. 1986) ("A proposed amendment or new pleading

---

[7] Plainly, the statement in Medtech's Objections that "the allegations in the SAC were made at a time when virtually no discovery had taken place" is a misrepresentation. Medtech's Objections at 7.

9

should be submitted with the motion.")  Second, even still, Medtech does not state that it has facts or documents supporting a contention that DenTek was aware of any of the agreements between Duane or Kaplan and Dental Concepts with which they purportedly interfered.  Thus, any attempt at amendment would be futile.

     Further, Medtech does not claim to now have any additional facts at its command in support of its tortious interference or civil conspiracy counts.  It simply seeks to have the Court sanction its continued fishing expedition, stating: "if this Court should hold that any of Medtech's claims should be dismissed, that dismissal should be without prejudice and with leave for Medtech to amend its pleadings upon discovery of additional information supporting any dismissed claim."  Medtech's Objections at 1.  Medtech's request is a blatant abuse of the legal system.  *Richard Greenshields Sec.*, 113 F.R.D. at 611 ("The discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made – not to discover whether a claim exists.")  Defendants should not be required to respond to a moving target while Medtech speculates that there was some illicit plan between defendants to misappropriate their purported, though still unidentified, trade secrets.  *In re Terrorist Attacks on September 11, 2001*, 471 F. Supp. 2d 444, 448 (S.D.N.Y. 2007) (denying reconsideration of refusal to allow leave to amend where plaintiff could "offer no facts, only speculation and conjecture, in support of their allegation that Saudi American Bank knew or had any reason to know such an arrangement existed between Bin Laden and Sudan at the time.")  Otherwise, no motion to dismiss could ever be granted.

**CONCLUSION**

For the foregoing reasons, DenTek respectfully requests that the Court overrule Medtech's objections to the R&R and deny Medtech leave to amend the SAC.

Dated: July 7, 2008　　　　　　　　　　Respectfully submitted,
　　　　New York, New York　　　　　　PROSKAUER ROSE LLP


By:＿＿＿＿s/ Alan Federbush＿＿＿＿＿
Alan Federbush (afederbush@proskauer.com)

James H. Shalek (JShalek@proskauer.com)
Theodore K. Cheng (TCheng@proskauer.com)
1585 Broadway
New York, NY 10036-8299
(212) 969-3000

*Attorneys for Defendant DenTek Oral Care, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on July 7, 2008, I caused a true and correct copy of **DEFENDANT DENTEK ORAL CARE, INC.'S RESPONSE TO MEDTECH'S OBJECTIONS TO THE REPORT & RECOMMENDATION OF MAGISTRATE JUDGE SMITH DATED JUNE 2, 2008** to be served upon the following parties by use of the Court's ECF system:

*Attorneys for Plaintiff Medtech Products, Inc.:*

    Karl Geercken
    ALSTON & BIRD LLP
    90 Park Avenue
    New York, NY 10016

    AND

    Thomas O. Helton
    BAKER, DONELSON, BEARMAN
      CALDWELL & BERKOWITZ, P.C.
    1800 Republic Centre
    633 Chestnut Street
    Chattanooga, TN  37450-1800

*Attorney for Defendant Kelly Kaplan:*

    John P. Fulco
    Salon Marrow Dyckman Newman & Broudy LLP
    292 Madison Avenue
    New York, NY 10017

*Attorney for Defendants Ray Duane and CDS Associates:*

    Michael A. Freeman
    Greenberg Freeman LLP
    24 West 40th Street - 17th Floor
    New York, NY 10018

                                                    s/ Alan Federbush