IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RANIR, LLC AND CVS PHARMACY, INC.,<br><br>　　　　　Defendants.<br><br>MEDTECH PRODUCTS, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DENTEK ORAL CARE, INC., KELLY M. KAPLAN, RAY DUANE, and CDS ASSOCIATES, INC.,<br><br>　　　　　Defendants.<br><br>MEDTECH PRODUCTS, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>POWER PRODUCTS, INC.,<br><br>　　　　　Defendant. | Case No. 07-CV-3302 (KMK)(LMS) |

**OPPOSITION TO MOTION TO INTERVENE OF HOGAN & HARTSON, LLP, HOWARD M. HOLSTEIN, AND JEFFREY K. SHAPIRO**

　　　　Medtech Products, Inc. ("Medtech") hereby opposes the Motion of Hogan & Hartson, LLP, Howard M. Holstein, and Jeffrey K. Shapiro (collectively referred to herein as "Hogan & Hartson") to intervene in this action for the purpose of accessing documents memorializing the terms of settlement agreed to by Medtech and defendant DenTek Oral Care, Inc. ("DenTek").

LEGAL02/31764919v2

I.       **INTRODUCTION**

Hogan & Hartson's Motion to Intervene fails for numerous reasons. As a preliminary matter, Hogan & Hartson has failed to demonstrate that it has standing to intervene in this case.

Even if standing existed, Hogan & Hartson's Motion should be denied because it does not meet the standards set forth under Federal Rule of Civil Procedure 24 for permissive intervention for three reasons.

First, the Motion is untimely under the Second Circuit's *D'Amato* test, which sets forth criteria to be considered in determining the timeliness of a motion to intervene. *See D'Amato v. Deutsche Bank,* 236 F.3d 78, 84 (2d Cir. 2001). Second, the Motion fails to assert a claim or defense that shares a common question of law or fact with the main action, which is required for permissive intervention under Rule 24(b)(1)(B). *See* Fed. R. Civ. P. 24(b)(1)(B). Third, the Motion should be denied because grant of the Motion will prejudice the parties to the instant litigation. *See* Fed. R. Civ. P. 24(b)(3). Medtech and DenTek have negotiated the terms of their settlement upon an agreement that the settlement terms would remain confidential. The parties have a legitimate interest in keeping the terms of their settlement confidential.

Further, there is no basis to grant Hogan & Hartson's Motion because there is no public right of access to the settlement documents in this case. The Second Circuit has spoken directly to the issue of whether the public right of access to court documents applies to confidential settlement agreements. In *Gambale v. Deutsche Bank,* 377 F.3d 133 (2d Cir. 2004), the Second Circuit held that there is no public right of access to settlement documents entered into on a confidential basis between parties such as MedTech and DenTek. *Id.* at 143.

For all of these reasons, Hogan & Hartson's Motion to Intervene should be denied.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. HOGAN & HARTSON HAS FAILED TO MAKE ANY SHOWING THAT IT HAS STANDING TO INTERVENE.

Hogan & Hartson has failed to show that it has standing to intervene in this case. As discussed below, Hogan & Hartson has no "claim or defense" to assert in this case, as required to intervene under Rule 24(b)(1)(B). At most, Hogan & Hartson has a substantive *interest* or curiosity in the outcome of this case, "but an interest in the outcome of litigation is not itself a 'claim or defense' especially where, as here, the interest is premised on issues and legal questions not actually presented or decided by the Court." *Stauffer v. Brooks Brothers, Inc.,* 2009 WL 1675397 at *4 (S.D.N.Y. 2009), *citing U.S. v. City of New York,* 198 F.3d 360, 367-68 (2d Cir. 1999). *See also Weller v. Actors' Equity Association,* 93 F.R.D. 329, 330 (S.D.N.Y. 1981).

Because it fails to make the required showing of standing, Hogan & Hartson's Motion to Intervene should be denied.

### B. HOGAN & HARTSON'S MOTION FAILS TO MEET THE STANDARDS FOR PERMISSIVE INTERVENTION UNDER FED. R. CIV. P. 24(B).

Under Rule 24(b), permissive intervention may be granted "on *timely* motion" to anyone who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b) (emphasis added). Rule 24(b)(3) then requires the Court to consider the prejudicial effect that intervention would have on the original parties to the litigation. *See* Fed. R. Civ. P. 24(b)(3).

Hogan & Hartson's Motion to Intervene should be denied on three grounds under Rule 24(b). First, the Motion is untimely. Hogan & Hartson has been on notice of its asserted interest in this case for approximately 19 months. Permitting Hogan & Hartson to intervene at this late

stage of the litigation would prejudice the parties' rights to settle the matter confidentially and avoid the further expense of litigation.

Second, although Hogan & Hartson does not specify which standard under Rule 24(b) applies to its Motion, it does not cite to any federal statute granting it the conditional right to intervene. Thus, it appears that Hogan & Hartson seeks intervention on the grounds that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Hogan & Hartson fails to assert a claim or defense that shares a common question of law or fact in common with the instant litigation, as required under Rule 24(b)(1)(B). *See* Fed. R. Civ. P. 24(b)(1)(B). Thus, it should not be permitted to intervene.

Third, a grant of Hogan & Hartson's Motion would be prejudicial to the rights of the original parties to this litigation, who have negotiated the terms of their settlement in reliance upon the expectation that those terms would remain confidential. Therefore, under Rule 24(b)(3), the Motion should be denied. *See* Fed. R. Civ. P. 24(b)(3).

### 1. HOGAN & HARTSON'S MOTION TO INTERVENE IS UNTIMELY AND SHOULD BE DENIED.

Hogan & Hartson's Motion to Intervene should be denied because it is not timely. *See* Fed. R. Civ. P. 24(b). The determination of the timeliness of a motion to intervene is within the discretion of the district court, "evaluated against the totality of the circumstances before the court." *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. and Markets,* 847 F.2d 1038, 1043-44 (2d Cir. 1988) (citations omitted). Circumstances to be considered in assessing whether a motion to intervene is timely include (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay in bringing the motion; (3) prejudice to the applicant if the motion is denied; and (4)

any unusual circumstances militating for or against a finding of timeliness.  *See D'Amato v. Deutsche Bank,* 236 F.3d 78, 84 (2d Cir. 2001).  These factors are addressed in turn below.

> **a.     Hogan & Hartson has had notice of its asserted interest for approximately 19 months.**  Contrary to Hogan & Hartson's assertions, the date that it learned that dispute between Medtech and DenTek had tentatively settled is not the proper date by which to determine whether its Motion to Intervene is timely.  Rather, the governing case law makes clear that the "length of [the proposed intervenor's] *notice of his interest in the action*" is the timeframe that the court should consider in determining whether the Motion to Intervene is timely.  *See D'Amato, supra,* 236 F.3d at 84 (emphasis added).  By this standard, Hogan & Hartson's Motion to Intervene should clearly be denied.

Hogan & Hartson has had notice of its interest in this case for at least 19 months.  Prestige first filed its Complaint against Hogan & Hartson in the Supreme Court of the State of New York, County of Westchester, Commercial Division on July 16, 2008.  After the case was dismissed on *forum non conveniens* grounds in January 2009, Prestige filed its Complaint in D.C. Superior Court on February 17, 2009 (hereinafter referred to as the "D.C. Litigation").  The claims for relief are substantively the same between the Complaint filed in New York on July 16, 2008 and the Complaint later filed in D.C. Superior Court.

Thus, as of July 2008, Hogan & Hartson was aware of the facts and damages theories underlying Prestige's claims against it, and was put on notice of any interest it wished to assert in this litigation, which was already pending.  *See U.S. v. Yonkers Board of Education,* 801 F.2d 592, 597 (2d Cir. 1986) (any interest the proposed intervenor had in the action began to gestate when its asserted interest became generally known).  There is no doubt that Hogan & Hartson was well aware of the pendency of this litigation at the time Prestige filed its malpractice action

in July 2008, because Hogan & Hartson was served with a subpoena in this action in October 2007. *See, e.g.,* Docket Entry dated 12/21/07.

It is also clear that Hogan & Hartson has been following this case closely and, thus, it cannot claim to be surprised by the settlement. In its Motion, Hogan & Hartson acknowledges that it has been reviewing the court's docket in this case; indeed, Hogan & Hartson states that it learned of the settlement between Medtech and DenTek on January 20, 2010, upon a review of the court's docket. *See* Motion, p. 3. Because it was reviewing the docket regularly, Hogan & Hartson must have been aware that the parties were involved in settlement discussions overseen by the Court since August 2009 (*See, e.g.,* Docket entries dated August 7, 2009, August 17, 2009, and September 16, 2009). Yet it never moved to intervene. Rather, Hogan & Hartson waited on the sidelines while Medtech and DenTek invested more and more time and resources into the litigation and in trying to resolve it.

In light of its delay in moving to intervene after clearly being on notice of its asserted interest in this litigation for at least 19 months, Hogan & Hartson's Motion to Intervene should be denied. *See D'Amato, supra,* at 84 and *U.S. v. State of New York, supra,* 820 F.2d at 557.

      **b.**  **The existing parties will be prejudiced as a result of Hogan & Hartson's delay in filing their Motion to Intervene.** The existing parties to this litigation will be prejudiced as a result of Hogan & Hartson's delay in moving to intervene because the parties negotiated the terms of their settlement over many months with the clear understanding and expectation that the terms would remain confidential. The parties' ability to settle this litigation confidentially is a key component of their agreement. This is particularly the case because of the nature of the claims asserted in this litigation. This case is primarily an intellectual property dispute, in which Medtech has asserted patent, copyright and related claims against DenTek.

- 7 -

The parties clearly have an interest in keeping issues relating to their intellectual property interests confidential.

Hogan & Hartson's late entry into this case is particularly prejudicial in light of the significant time that the original parties to this litigation have expended on negotiating the settlement over the past several months. Had the parties known at an earlier stage in the litigation that Hogan & Hartson intended to intervene, this knowledge very well may have shaped the settlement discussions and led to a different outcome. Because Hogan & Hartson never moved to intervene at an earlier stage, the parties spent approximately five months negotiating a settlement in reliance upon the expectation that their settlement would be held confidential.

A grant of Hogan & Hartson's untimely Motion would be unfair and prejudicial to the parties because it will compromise their legitimate business interests in confidentiality, which was a key component of their settlement agreement. Because the original parties will be prejudiced in this way, Hogan & Hartson's Motion should be denied. *See New York News, Inc. v. Kheel,* 972 F.2d 482 (2d Cir. 1992) (affirming district court's denial of permissive intervention, because intervention after the parties had agreed to settle would unduly prejudice the rights of the original parties); *see also New York News, Inc. v. Newspaper and Mail Deliverers' Union of New York,* 139 F.R.D 291 (S.D.N.Y. 1991) (permissive intervention denied where intervention would likely delay settlement of the matter, thereby prejudicing the original parties).

      **c.**  **Hogan & Hartson will not be prejudiced if its Motion is denied.**

Hogan & Hartson will not be prejudiced by a denial of its Motion to Intervene. Hogan &

Hartson is not a party to this litigation and has no legal interests implicated in the intellectual property claims that are at issue in this case.

In addition, Medtech's parent company, Prestige, and Hogan & Hartson are actively involved in the D.C. Litigation. This ongoing legal dispute clearly demonstrates Hogan & Hartson's ability to protect its legal interests in another forum, without being granted leave to intervene in this case. *See U.S. Football League v. National Football League,* 110 F.R.D. 521, 524 (S.D.N.Y. 1986) (denying a motion to intervene where the proposed intervenor was protecting its legal interests in another forum); *see also New York News, Inc. v. Newspaper and Mail Deliverers' Union of New York,* 139 F.R.D 291 (S.D.N.Y. 1991).

### 2. HOGAN & HARTSON'S MOTION DOES NOT ASSERT A CLAIM OR DEFENSE THAT SHARES A COMMON QUESTION OF LAW OR FACT TO ASSERT IN THIS CASE.

Under Rule 24(b)(1)(B), permissive intervention may be granted if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Hogan & Hartson has no "claim or defense" to assert in this case, as required to intervene under Rule 24(b)(1)(B). At most, Hogan & Hartson has an *interest* in the outcome of this case, "but an interest in the outcome of litigation is not itself a 'claim or defense' especially where, as here, the interest is premised on issues and legal questions not actually presented or decided by the Court." *See Stauffer, supra,* 2009 WL 1675397 at *4; *see also Weller, supra,* 93 F.R.D. at 330.

The facts giving rise to the Amended Complaint in this suit relate to intellectual property allegedly taken by the defendants in this action. *See* Amended Complaint paras. 22-179. The claims asserted against DenTek include patent infringement, copyright infringement, unfair competition, and related claims. *See* Claims I, II, III, IV, V, VI, X, XII, XIII, and XIV.

- 8 -

In the D.C. litigation, the facts giving rise to the Complaint relate to Hogan & Hartson's representation of DenTek in a manner adverse to its existing client, Prestige. The claims asserted are legal malpractice claims, including claims for breach of its ethical duties and responsibilities under the D.C. Rules of Professional Conduct, breach of fiduciary duties, and breach of the engagement letter that Hogan & Hartson entered into with Prestige Brands. *See* Complaint, attached as Exhibit A.

Hogan & Hartson has not asserted a claim or defense in this action, and there are no questions of law or fact in common between this action and the DC litigation. Consequently, Hogan & Hartson's Motion should be denied. *See H.K. Ferguson Co., v. Nickel Processing Corp.,* 33 F.R.D. 268, 275 (S.D.N.Y. 1963) (where proposed intervenor's claim related to a separate legal dispute, the court found there was no question of law or fact in common to allow permissive intervention); *Weller, supra,* 93 F.R.D. at 330; *U.S. v. City of New York,* 198 F.3d 360, 367-68 (2d Cir. 1999) (denying permissive intervention where "the claimed interests of the proposed intervenors, although broadly related to the subject matter of this action, are extraneous to the issues before the court.").

### 3. GRANT OF HOGAN & HARTSON'S MOTION WILL PREJUDICE THE ORIGINAL PARTIES' RIGHTS.

Under Rule 24(b)(3), in considering a motion for permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24(b)(3).

The prejudice to the original parties that will result from a grant of Hogan & Hartson's Motion is addressed on pages 6-7 of this filing, as this issue is also a factor in the *D'Amato* test established by the Second Circuit for determining timeliness of a motion to intervene. Thus, Medtech hereby incorporates by reference the discussion of prejudice to the parties contained

in Section II.B.1.b of this filing.

### C. HOGAN & HARTSON HAS NO PUBLIC RIGHT OF ACCESS TO THE SETTLEMENT DOCUMENTS.

It its Motion to Intervene, Hogan & Hartson asserts that it has a public right of access to the settlement documents in this case. The Second Circuit's ruling in *Gambale v. Deutsche Bank,* 377 F.3d 133 (2d. Cir 2004), however, makes clear that there is no public right of access to confidential settlement documents such as those at issue here.

In *Gambale,* the plaintiff brought an employment action against Deutsche Bank. *Id.* at 135. The parties eventually settled the litigation and the amount of the settlement was disclosed in a hearing before the district court judge. *Id.* at 143. The transcript of the hearing reflected that the parties requested confidential treatment of the settlement. *Id.* The settlement agreement itself was entered into on a confidential basis between the parties and was not part of the court record. *Id.*

In deciding whether the transcript of the hearing at which the settlement amount was discussed should be publicly disclosed, the Second Circuit spoke directly to the issue of whether the right access to court documents applies to confidential settlement agreements. *Id.* The Second Circuit ruled that there is no public right of access to settlement documents entered into on a confidential basis between the parties, when such documents are not part of the court record, even if the amount of the settlement is discussed with the court and reduced to transcript form and filed with the court. *Id.* The Second Circuit observed that

> [T]here may well be valid reasons in this and other cases terminated by settlement for maintaining the amount of settlement in confidence when the settlement itself was conditioned on confidentiality and when the settlement documents were not filed with the court and were not the basis for the court's adjudication. If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage.

*Id.*

The cases cited by Hogan & Hartson in support of its argument for access to the settlement documents are inapposite. The cases relied upon by Hogan & Hartson discuss the public right of access to documents produced in discovery that are subject to a protective order (such as *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775 (1st Cir. 1988), and *AT&T Corp. v. Sprint Corp.,* 407 F.3d 560 (2d Cir. 2005)), and judicial documents upon which the court decided motions for summary judgment (such as *The Diversified Group, Inc. v. Daugerdas,* 217 F.R.D. 152 (S.D.N.Y. 2003), *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 110 (2d Cir. 2006)). These cases have no applicability to Hogan & Hartson's request to intervene for purposes of accessing the confidential settlement documents in this case.

### III.  CONCLUSION

For the reasons set forth herein, Medtech respectfully submits that the Court should deny Hogan & Hartson's Motion to Intervene in this case.

Dated: February 26, 2010
       New York, New York

                             Respectfully submitted,

                             ALSTON & BIRD, LLP

                             By: ___/s/ Karl Geercken____
                             Karl Geercken (KG 5897)
                             Victoria Ford Spataro (VF 5701)
                             90 Park Avenue
                             New York, NY 10016-1387
                             (212) 210-9471 (phone)
                             (212) 210-9444 (facsimile)
                             karl.geercken@alston.com
                             victoria.spataro@alston.com

                             Thomas O. Helton (TN BPR No. 1929)

LEGAL02/31764919v2

- 12 -

        Micheline Kelly Johnson (TN BPR No. 13847)
        Clinton P. Sanko (TN BPR No. 23354)
        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, P.C.
        1800 Republic Centre
        633 Chestnut Street
        Chattanooga, Tennessee 37450-1800
        (423) 756-2010
        thelton@bakerdonelson.com
        mjohnson@bakerdonelson.com
        csanko@bakerdonelson.com

        *Attorneys for Plaintiff*
        *Medtech Products Inc.*

LEGAL02/31764919v2